IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA LONGORIA and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased,<br>　　　Plaintiffs, | §§§§§§§§ | |
| VS. | §§§ | CIVIL ACTION NO. B-01-062<br>(JURY REQUESTED) |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10,<br>　　　Defendants. | §§§§ | |

## DEFENDANT CITY OF BROWNSVILLE'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW the City of Brownsville, one of the Defendants herein, and files this its Original Answer and would respectfully show unto the Court the following:

### I.

### ORIGINAL ANSWER

1. Defendant denies each and all of Plaintiffs' allegations except to the extent expressly admitted herein.

2. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 1.1 and 1.2 of Plaintiffs' Original Complaint.

1

3. Defendant agrees with and admits to the allegations set forth in paragraphs 1.3 and 1.4 of Plaintiffs' Original Complaint.

4. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of Paragraph 1.5 of Plaintiffs' Original Complaint. Defendant denies the allegations made in the second sentence of Paragraph 1.5 of Plaintiffs' Original Complaint.

5. Defendant agrees with and admits to the jurisdiction and venue facts alleged in paragraphs 2.1, 3.1, and 3.2 of Plaintiffs' Original Complaint.

6. Defendant denies the allegations set forth at Paragraph 4.1 of Plaintiffs' Original Complaint. In particular, Defendant denies that Juan Longoria was beaten or choked to death.

7. Defendant agrees with and admits to the allegations set forth at Paragraph 4.2 of Plaintiffs' Original Complaint to the extent, and only to the extent, that Plaintiffs allege that they do not yet possess knowledge of all the relevant facts. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments made in Paragraph 4.2 of Plaintiffs' Original Complaint.

8. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 4.3 through 4.13 of Plaintiffs' Original Complaint.

9. Defendant agrees with and admits to the allegations set forth at Paragraph 4.14 of Plaintiffs' Original Complaint.

10. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in Paragraph 4.15 of Plaintiffs'

2

Original Complaint.

11. Defendant denies the allegations set forth at Paragraphs 4.16 through 4.26 of Plaintiffs' Original Complaint.

12. Defendant agrees with and admits to the allegations set forth at Paragraph 4.27 of Plaintiffs' Original Complaint.

13. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 4.28 and 4.29 of Plaintiffs' Original Complaint.

14. Defendant denies the allegations set forth at Paragraph 4.30 to the extent that Plaintiffs allege that any of Defendant's police officers used excessive force against Juan Longoria causing him injuries. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments made in Paragraph 4.30 of Plaintiffs' Original Complaint.

15. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 4.31 through 4.37 of Plaintiffs' Original Complaint.

16. Defendant denies the allegations set forth at paragraphs 4.38, 4.39, and 4.40 of Plaintiffs' Original Complaint.

17. After a good faith inquiry into the facts, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 4.41 through 4.44 of Plaintiffs' Original Complaint.

18. Defendant denies the allegations set forth at paragraphs 5.1 through 7.6 of Plaintiffs'

3

Original Complaint, denies that Plaintiffs' claims have any merit, and denies that Plaintiffs are in any way entitled to the relief sought as to this Defendant.

19. Defendant agrees that Plaintiffs have demanded trial by jury in Paragraph 8.1 of their Original Complaint.

## II.

## AFFIRMATIVE DEFENSES

20. Defendant is entitled to sovereign immunity and has not waived its right to sovereign immunity.

21. In the alternative, Plaintiff cannot recover directly or indirectly from Defendant because the Texas Tort Claims Act and the laws of the State of Texas do not allow any state law claims, and this Defendant's sovereign immunity has not been waived.

22. In the alternative, Defendant hereby invokes the statutory limits on liability and damages set forth in the Texas Tort Claims Act, chapter 101 of the Texas Civil Practice and Remedies Code, including those set forth at sections 101.023, 101.024, 101.025, and 101.026 of the Texas Civil Practice and Remedies Code.

23. In the alternative, Defendant would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth at sections 101.051, 101.055, 101.056, 101.057, 101.062, 101.101, and 101.106 of the Texas Civil Practice and Remedies Code.

24. In the alternative, Defendant would further assert that any state law claims are expressly barred by sections 101.051, 101.055, 101.056, 101.057, 101.062, 101.101, and 101.106 of the Texas Civil Practice and Remedies Code.

25. In the alternative, Defendant would further assert that Plaintiff's claims for punitive or exemplary damages are expressly barred by section 101.024 of the Texas Civil Practice and Remedies Code and are not available against Defendant under 42 U.S.C. § 1983.

26. In the alternative, Defendant would further assert that it is not liable because its employees, agents, or representatives are entitled to official immunity.

## III.
## RESERVATIONS

27. Without waiving the foregoing denials and affirmative defenses, but still insisting upon the same for further answer if any need be necessary, and as separate defenses, Defendant reserves the right to file any and all cross-actions, third-party actions, counter-claims, motions, and discovery as they may deem proper. Defendant hereby requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, the City of Brownsville, prays that upon final trial and hearing hereof, Plaintiffs take nothing by their suit, that Defendant recover all costs incurred herein, and that Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on May 1, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
BROWNSVILLE, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
George C. Kraehe
State Bar No. 00792631
USDC Adm. No. 19355

Attorneys for Defendant City of Brownsville

## CERTIFICATE OF SERVICE

I, hereby certify that on May 1, 2001, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as hereinbelow noted:

Michael R. Cowen
765 E. 7th Street, Suite A
Brownsville, Texas 78520

Richard Burst
Assistant District Attorney
964 E. Harrison Street
Brownsville, Texas 78520

_____
George C. Kraehe