IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA LONGORIA and MARIA | ) | |
| IDALIA GUTIERREZ, Individually and | ) | |
| on behalf of the Estate of JUAN | ) | |
| LONGORIA, Deceased, | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. B-01-062 |
| v. | ) | |
| | ) | |
| CAMERON COUNTY, TEXAS | ) | |
| THE CITY OF BROWNSVILLE, | ) | |
| TEXAS, and JOHN DOES 1-10, | ) | |
|     Defendants. | ) | |

## CAMERON COUNTY'S ORIGINAL ANSWER

For its answer County states:

1.    County denies Plaintiffs' allegations except those expressly admitted herein.

2.    County admits Paragraphs 1.3, 2.1, 3.1, 3.2, 4.14, 4.27, 4.29, 4.32, and 8.1.

3.    With regard to Paragraphs 4.33, 4.34 and 4.35 County admits that what is stated in the averment is what was stated in the preliminary autopsy findings.

4.    County denies Paragraphs 4.30, 4.31, 4.38, 4.40, 4.41, 5.1, 5.4, 5.5, 5.6, 5.7, 5.8, 7.1, 7.2, 7.3, 7.4, 7.5, and 7.6.

5.    County is without knowledge or information sufficient to form a belief as to the truth of Paragraphs 1.1, 1.2, 4.2, 4.3, 4.4, 4.5, 4.6, 4.7, 4.8, 4.9, 4.10, 4.11, 4.12, 4.13, 4.15, 4.16, 4.17, 4.18, 4.19, 4.20, 4.21, 4.23, 4.24, 4.25, 4.26, 4.28, 4.36, 4.39, 4.42, 4.43, 4.44, 5.2, 5.3, 6.1, 6.2, and 6.3.

6.    County denies Paragraph 4.22 and objects to the introduction of evidence of other

1

incidents of police brutality in the trial on the merits

7.     County admits so much of Paragraph 4.37 that states he was alone in the cell, but limited to the time after he was placed in the single cell.  County is without knowledge or information sufficient to form a belief as to the truth of the balance of 4.37.

8.     County denies so much of Paragraph 1.5 that states that Cameron County Sheriff's Department John Does beat and choked Juan Longoria.  County is without knowledge or information sufficient to form a belief as to the truth of the balance of Paragraph 1.5.

9.     County admits so much of Paragraph 4.1 that states this case arises out of the death of Juan Longoria.  County is without knowledge or information sufficient to form a belief as to the truth of the beating or choking of Juan Longoria.

10.     The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983 and any allegedly improper actions of individual Defendant or others not named cannot be vicariously attributed to Cameron County, Texas.

11.     County at all times acted in a legislative capacity with respect to any actions it took in connection with the operations of the Cameron County Sheriff's Department and as such Defendant, Cameron County, Texas is entitled to a protection from liability under the doctrine of legislative immunity.

11.     Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of Cameron County.

12.     Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

2

CHMPDF - www.fesite.com

13.   Plaintiff cannot recover directly or indirectly from this Defendant Cameron County because the Texas Tort Claims Act does not allow Plaintiff's claims and thus, County's sovereign immunity has not been waived.

14.   In the alternative, should it be determined that the Texas Tort Claims Act does apply to Plaintiff's claims, County invokes all defenses under the Texas Tort Claims Act, including, but not limited to, the statutory limit on damages, individual immunities, and non liable for intentional torts.

15.   County employees engaged in no conduct which would violate clearly established statutory or constitutional rights, and, therefore, are protected from individual liability under the doctrine of qualified immunity.

16.   At all times mentioned in the Complaint the individual County employees were acting in their official capacity. Their alleged actions, if any, were discretionary and made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority. Defendant is not liable because of the official immunity of its employees.

17.   Plaintiff cannot recover punitive damages against Defendant Cameron County, Texas, under any cause of action alleged in Plaintiff's Original Petition.

18.   Plaintiff's claims occurring two years prior to the filing of Plaintiff's Original Petition are barred by the Texas two year statute of limitations.

WHEREFORE, having fully answered Plaintiff's Complaint, County prays Plaintiff take nothing thereby and that County recover its costs and attorney's fees, and that County recover such other relief to which it may be entitled.

3

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas  78520
Telephone: (956) 550-1345
Facsimile:  (956) 550-1348

BY:

Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst, do hereby certify that on this ____ of May, 2001, a true and correct copy of the foregoing Answer has been mailed to:

Michael R. Cowen
765 E. 7th Street, Suite A
Brownsville, Texas 78520

George C. Kraehe
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3503 Boca Chica Blvd.
Brownsville, Texas 78521

Richard O. Burst

4