

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | } } } } } | CIVIL ACTION NO. B-01-062 |
| VS. | } } | |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, XAVIER LEE HERNANDEZ, and JOHN DOES 1-10 | } } } } | JURY DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Maria Longoria and Maria Idalia Gutierrez, Individually and on behalf of the Estate of Juan Longoria, Deceased bring this lawsuit against Cameron County, Texas, the City of Brownsville, Xavier Lee Hernandez, and John Does 1-10. This lawsuit arises out of the beating, choking, and death of Juan Longoria at the hands of the Brownsville Police Department and/or Cameron County Sheriff's Department.

### PARTIES

1.1  Plaintiff Maria Longoria is an individual residing in Cameron County, Texas. She is the mother of Juan Longoria, Deceased.

1.2  Plaintiff Maria Idalia Gutierrez is an individual residing in Cameron County, Texas. She is the daughter of Juan Longoria, Deceased. She brings this action both on her own behalf and on behalf of the Estate of Juan Longoria, Deceased.

1.3  Defendant Cameron County, Texas ("Cameron County" hereinafter) is a political subdivision of the State of Texas. It may be served by serving the County Judge, Hon. Gilberto Hinojosa, at 1713 Boca Chica Boulevard, Brownsville, Texas

78520.

1.4   Defendant The City of Brownsville, Texas ("Brownsville" hereinafter) is a political subdivision of the State of Texas. It may be served by serving the City Secretary, Sarah M. Reed, at City Hall.

1.5   John Does 1-10 are, upon information and belief, individuals residing in Cameron County, Texas. They are unknown police officers employed by the Brownsville Police Department and the Cameron County Sheriff's Department who beat and choked Juan Longoria.

1.6   Defendant Xavier Lee Hernandez is an individual residing in Cameron County, Texas. He may be served at his residence, 5663 Boca Chica Boulevard, Brownsville, Texas 78521, or at his place of employment, the Cameron County, Jail.

## JURISDICTION

2.1   This Court possesses Federal Question jurisdiction because Plaintiff is bringing claims under 42 U.S.C. § 1983.

## VENUE

3.1   Venue is proper in the Southern District of Texas because the acts giving rise to Plaintiff's cause of action occurred in the Southern District of Texas.

3.2   Venue is proper in the Southern District of Texas because Defendants Cameron County and Brownsville are located in the Southern District of Texas.

## FACTS

4.1   This case arises out of the beating, choking, and death of Juan Longoria, which occurred on or about April 10-11, 2001.

4.2 Plaintiffs do not yet possess knowledge of all of the relevant facts giving rise to this lawsuit. Defendants have given conflicting versions of the facts to Plaintiffs, their family, and the media. Plaintiffs believe that they will only learn the whole truth of what happened to Juan Longoria through the discovery process in this lawsuit.

4.3 Plaintiffs are pleading in the alternative, as permitted by the Federal Rules of Civil Procedure, as to who actually caused the death of Juan Longoria. In their initial investigation, Plaintiffs have received conflicting information: some evidence seems to indicate that Juan Longoria died as a result of being choked by a Brownsville police officer, and other information indicates that he was choked to death by an employee of the Cameron County Sheriff's Department. Plaintiffs hope to learn more facts regarding who killed Juan Longoria during discovery and will seek leave to amend this Complaint when more facts are discovered.

4.4 On April 10, 2001, Juan Longoria was an individual residing in Brownsville, Texas.

4.5 Juan Longoria had a loving family, including his mother, Maria Longoria, his daughter, Maria Idalia Gutierrez, and his brother.

4.6 On April 10, 2001, Juan Longoria went to a Circle K store in Brownsville, Texas.

4.7 Upon information and belief, and based upon the preliminary autopsy findings, Juan Longoria was not under the effects of alcohol or drugs at the time.

4.8 For reasons currently unknown to Plaintiffs (but which will hopefully be discovered), Juan Longoria locked himself in an office in the Circle K.

4.9 The office did not have a "Do Not Enter" or "Employees Only" sign, or any other

sign that would indicate that the public could not enter the office.

4.10  Upon information and belief, Juan Longoria locked himself in the office because he believed that someone was going to kill or injure him.

4.11  An employee of the Circle K store called the Brownsville Police Department, complaining that Juan Longoria would not leave the office.

4.12  Juan Longoria was not injured, bruised, or bleeding when the John Does 1-3, unknown officers of the Brownsville Police Department, arrived at the Circle K.

4.13  Upon information and belief, when the police officers arrived, Juan Longoria thought they were there to help him. He opened the door.

4.14  The police officers proceeded to arrest Juan Longoria.

4.15  Upon information and belief, Juan Longoria was confused when the police officers began to arrest him. As a result, he may not have been cooperative.

4.16  The police officers, acting under color of law, beat Juan Longoria, injuring him.

4.17  This beating was unnecessary, excessive, and unwarranted.

4.18  This beating was the direct result of inadequate training and supervision of Brownsville police officers, which was so deficient that it amounted to conscious and deliberate indifference of the rights of the citizens of Brownsville.

4.19  The inadequate training and supervision referenced in paragraph 4.18 constituted a policy, practice, and/or custom of Brownsville.

4.20  This beating was also the direct result of a culture of violence within the Brownsville Police Department.

4.21  This culture of violence is evidenced by numerous other incidents of police brutality during the last 10 years.

4.22 Pursuant to Federal Rule of Evidence 404(b), Plaintiffs hereby give notice that they intend to offer evidence of these other incidents of police brutality in evidence in the trial of this case.

4.23 After arresting Juan Longoria, the unknown Brownsville Police Department officers roughly placed him in the back of a police car.

4.24 After they placed Juan Longoria in the police car, one of the officers consciously and deliberately, or in the alternative, negligently, slammed the car door on his leg, further injuring him.

4.25 This slamming of the car door on Juan Longoria's leg was also the result of the inadequate training and supervision, as well as the culture of violence, referenced in paragraphs 4.18 to 4.22 above.

4.26 Juan Longoria was arrested for burglary; however, the facts presented to the Brownsville Police Department and John Does 1-3 in no way justified burglary charges. Burglary requires both an unlawful entry (which was not present in this case), and an intent to commit a burglary, theft, or assault. There was no evidence of such intent.

4.27 Juan Longoria was eventually taken to the Cameron County jail.

4.28 Due to Defendants' conflicting stories given to the media and to Plaintiffs and their family, Plaintiffs are unable to plead the events that took place between the time the Brownsville Police Department arrested Juan Longoria and the time that he was placed in the Cameron County jail.

4.29 Juan Longoria was placed in a single cell in the Cameron County jail.

4.30 Juan Longoria was improperly classified; based on the psychological symptoms

that, upon information and belief, he was exhibiting, as well as the injuries that the Brownsville Police Department and John Does 1-3 inflicted upon him, he should have been placed in the infirmary or hospitalized.

4.31  This improper classification was, upon information and belief, the result of the lack of training and/or supervision of the Cameron County Sheriff Department personnel who decided to detain Juan Longoria in a single cell. This lack of training and/or supervision constituted conscious and deliberate indifference, which resulted in harm to Juan Longoria.

4.32  Upon information and belief, at approximately 12:15 a.m. on April 12, 2001, Juan Longoria was found dead in his single cell in the Cameron County jail.

4.33  According to the preliminary autopsy findings, Juan Longoria had 2 recent fractures of the left side of the hyoid bone, which is in the neck.

4.34  According to the preliminary autopsy findings, Juan Longoria's body "had evidence of extremity bruising and neck trauma - the latter suggesting a choke-hold at the time he died."

4.35  According to the preliminary autopsy findings, the "[m]anner of death is probably homicide, most likely asphyxia from a choke hold."

4.36  Juan Longoria's death, and the fracture to his hyoid bone, was not self-inflicted.

4.37  He was alone in the cell, so no other detainee or inmate could have injured or killed him.

4.38  Based on the preliminary autopsy findings, there are only two possible ways that Juan Longoria could have been killed: (a) an employee of the Cameron County Sheriff's Department could have entered his cell, put him in a choke hold, and

killed him; or (b) one or more officers of the Brownsville Police Department could have placed him in a choke hold, broken his hyoid bone, and he died from the effects of the hyoid fracture while in the Cameron County Jail.

4.39   If Juan Longoria was killed by one or more officers of the Brownsville Police Department choking him, such conduct was the result of the city's failure to adequately train and supervise the officers, as well as the culture of violence present in the Brownsville Police Department.

4.40   If Juan Longoria was killed as a result of injuries inflicted upon him by one or more officers of the Brownsville Police Department, the Cameron County Sheriff's Department, and/or one or more of its employees, was consciously and deliberately indifferent to Juan Longoria's medical needs by allowing him to suffocate in his cell rather than having him treated for his injuries.

4.41   If Juan Longoria was killed by an employee of the Cameron County Sheriff's Department, such conduct was the result of the failure of Cameron County to adequately train or supervise its employees. This training and supervision was so deficient that it amounted to conscious and deliberate indifference of the rights of the citizens of Cameron County.

4.42   The death of Juan Longoria has caused his family, including Plaintiffs, to suffer great grief and mental anguish.

4.43   Juan Longoria experienced great conscious pain and suffering while he was killed.

4.44   The Longoria family has filed this lawsuit because they believe that the Federal Courts offer the only forum in which they can discover the truth about what happened to Juan Longoria, and in which they can hold those responsible for his

killing accountable.

4.45   Upon information and belief, based upon the investigation conducted thus far, Plaintiffs allege that Defendant Xavier Lee Hernandez killed Juan Longoria by putting him in a chokehold.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983

5.1   The conduct of Defendants, as set forth above, violated Juan Longoria's civil and constitutional rights.

5.2   Defendant City of Brownsville and/or one or more unknown employees of the City of Brownsville violated Juan Longoria's civil rights by arresting him for, and charging him with, burglary, when there was no basis for charging him with burglary.

5.3   Defendant City of Brownsville and/or one or more unknown employees of the City of Brownsville violated Juan Longoria's civil rights by using excessive and unnecessary force in beating him, and in slamming the car door on his legs.

5.4   Employees of either the City of Brownsville or Cameron County (including Defendant Xavier Lee Hernandez) violated Juan Longoria's civil rights by choking him, resulting in his death.

5.5   Pleading in the alternative, if Juan Longoria died as a result of injuries to his hyoid bone inflicted upon him by one or more employees of the City of Brownsville, one or more unknown employees of Cameron County and/or Cameron County violated his civil rights by failing to properly monitor him and to provide proper and timely medical care. This failure proximately caused his

death.

5.6  Each of the above-described civil rights violations were the direct result of policies, customs, or practices of Defendants, as detailed in the Facts section of this Complaint.

5.7  Each of the above-described civil rights violations proximately caused damages and/or death to Juan Longoria and to Plaintiffs.

5.8  Defendants, and their employees, are not entitled to qualified immunity for the above-described civil rights violations. The actions giving rise to these violations were in bad faith, and violated Juan Trevino's clearly established Constitutional rights, including the Fourth Amendment, the Eight Amendment, Due Process and the right to be free from excessive force.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

6.1  One or more employees of Defendant Brownsville were negligent in slamming the door of the patrol car onto Juan Trevino's leg. As a direct and proximate result of this negligence, Juan Trevino suffered damages.

6.2  Under the Texas Tort Claims Act, Defendant Brownsville is liable for this negligence.

6.3  Plaintiffs have delivered notice to Defendant Brownsville as required by the Texas Tort Claims Act.

## DAMAGES

7.1  As a direct and proximate result of Defendants' tortious and illegal conduct, as set forth above, Juan Longoria suffered conscious pain, suffering, and mental anguish

prior to his death. His estate also incurred funeral expenses. Therefore, Plaintiff Maria Idalia Gutierrez, on behalf of the Estate of Juan Longoria, seeks to recover for these items of damage.

7.2   As a direct and proximate result of the death of Juan Trevino, which was brought about by the tortious and illegal conduct of one or more Defendants, Plaintiffs have suffered damages, including loss of parental captainship, instruction, and guidance, as well as mental pain and suffering.

7.3   Plaintiffs also seek to recovery attorney's fees and expert fees under 42 U.S.C. §1988.

7.4   Plaintiffs also seek to recover prejudgment interest, post judgment interest, and costs of court.

7.5   Plaintiffs also seek to recover exemplary and punitive damages.

7.6   Plaintiffs seek actual damages in the amount of $5,000,000.00, and exemplary damages in the amount of $5,000,000.00.

## JURY DEMAND

8.1   Plaintiffs demand a jury trial.

RESPECTFULLY SUBMITTED,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674

By: _____
    Michael R. Cowen
    S.D. Tex. ID No. 19967
    Texas Bar No. 00795306

John Ventura
S.D. Tex. ID No. 1646
Texas Bar No. 20545700
Contrad Bodden
S.D. Tex. ID No. 21003
Texas Bar No. 00796220
LAW OFFICES OF
JOHN VENTURA, P.C.
62 E. Price Road
Brownsville, Texas 78521
Telephone (956) 546-9398
Facsimile (956) 542-1478

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

On this 22nd day of January, 2002, a true and correct copy of the above and foregoing document was went to opposing counsel as indicated below:

| | |
|---|---|
| Ms. Eileen Leeds<br>WILLETTE & GUERRA, L.L.P.<br>International Plaza, Suite 460<br>3505 Boca Chica Blvd.<br>Brownsville, Texas 78521 | **Via Fax No. 541-1893<br>and Regular U.S. Mail** |
| Mr. Richard Burst<br>Civil Legal Department<br>Commissioners' Court<br>964 E. Harrison<br>Brownsville, Texas 78520 | **Via Fax No. 550-1348<br>and Regular U.S. Mail** |

_____
Michael R. Cowen