25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA ALEXANDRA LONGORIA and | ) | |
| MARIA IDALIA GUTIERREZ, | ) | |
| INDIVIDUALLY AND ON BEHALF OF | ) | |
| THE ESTATE OF JUAN LONGORIA, | ) | |
| DECEASED | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. B-01-062 |
| | ) | |
| CAMERON COUNTY, TEXAS, | ) | A JURY IS DEMANDED |
| THE CITY OF BROWNSVILLE, TEXAS, | ) | |
| AND JOHN DOES 1-10 | ) | |

CAMERON COUNTY'S FIRST AMENDED ORIGINAL ANSWER

For its answer to Plaintiffs' First Amended Complaint, County states:

1.    County denies Plaintiffs' allegations except those expressly admitted herein.

2.    County admits Paragraphs 1.3, 2.1, 3.1, 3.2, 4.14, 4.27, 4.29, and 8.1.

3.    With regard to Paragraphs 4.33, 4.34 and 4.35 County admits that what is stated in the averment contains fragments of the referenced document. The County denies the entire findings in that document. It denies that such findings are supported by evidence or meet the standard of admission under Federal Rules of Evidence 702 or 703.

4.    County denies Paragraphs 4.30, 4.31, 4.38, 4.40, 4.41, 4.45, 5.1, 5.4, 5.5, 5.6, 5.7, 5.8, 7.1, 7.2, 7.3, 7.4, 7.5, and 7.6.

5.    County is without knowledge of information sufficient to form a belief as to the truth of Paragraphs 1.1, 1.2, 1.4, 1.5, 1.6, 4.2, 4.3, 4.4, 4.5, 4.6, 4.7, 4.8, 4.9, 4.10, 4.11, 4.12, 4.13, 4.14, 4.15, 4.16, 4.17, 4.18, 4.19, 4.20, 4.21, 4.23, 4.24, 4.25, 4.26, 4.28, 4.36, 4.39, 4.42, 4.43, 4.44, 5.2, 5.3, 6.1, and 6.3.

6.    County denies Paragraph 4.22 and objects to the introduction of evidence of other incidents of police brutality in the trial on the merits.

7.    County admits so much of Paragraph 3.2 as such alleges that Defendant Juan Longoria was found dead on April 12, 2001; the remainder is denied.

8.    County admits so much of Paragraph 4.37 that states he was alone in the cell, but limited to the time after he was placed in the single cell. County is without knowledge of information sufficient to form a belief as to the truth of the remainder of 4.37.

9.    County denies so much of Paragraph 1.5 that states that Cameron County Sheriff's Department "John Does" beat and choked Juan Longoria. County is without knowledge or information sufficient to form a belief as to the truth of the balance of Paragraph 1.5.

10.    County admits to much of Paragraph 4.1 that states that this case arises out of the death of Juan Longoria. County denies that it is responsible for or connected with any beating or choking of Juan Longoria. County is without knowledge or information sufficient to form a belief as to the truth of the beating or choking of Juan Longoria.

11.    The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983; and, any alleged improper actions of an individual Defendant [or others not named] cannot be vicariously attributed to Cameron County, Texas.

12.    County at all times acted in a legislative capacity with respect to the actions it undertook in connection with the operations of the Cameron County Sheriff's Department; and as such, Cameron County, Texas is entitled to a protection from liability under the doctrine of legislative immunity.

13.    Plaintiff's rights, privileges, and immunity secured under either the Constitution or laws of the United States, have not been violated by any action of Cameron County.

14.    Plaintiff cannot recover directly or indirectly from Cameron County upon any state law grounds because of the doctrine of Sovereign Immunity.

15.    Plaintiff cannot recover directly or indirectly from this Defendant because the Texas Tort Claims Act does not allow the Plaintiffs' claims. Thus, Cameron County's sovereign immunity has not been waived.

16.    In the alternative, should it be determined that the Texas Tort Claims Act does apply to Plaintiffs' claims, the County claims all exceptions to waiver and defense under that statute, including:

    a.    there is no waiver for exemplary damages; TEX. CIV. PRAC. & REM. CODE, §101.024;

    b.    damages are limited as provided in TEX. CIV. PRAC. & REM. CODE, §101.023;

    c.    there is no waiver for the failure to provide or the method of providing police protection; TEX. CIV. PRAC. & REM. CODE, §101.055(3);

    d.    there is no waiver for acts not required by law or for discretionary acts; TEX. CIV. PRAC. & REM. CODE, §101.056;

    e.    there is no waiver for acts that are intentional torts; TEX. CIV. PRAC. & REM. CODE, §101.057.

17.    County employees engaged in no conduct which would violate clearly established statutory or constitutional rights, and therefore, they are protected from individual liability under the doctrine of qualified immunity.

18.    At all times mentioned in the Plaintiffs' First Amended Complaint the individual County employees were acting in their official capacity. Their alleged actions, if any, were discretionary and made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority. Defendant is not liable because of the official immunity of its employees.

19.    Plaintiff cannot recover punitive damages against Defendant Cameron County, Texas, under any cause of action alleged in Plaintiffs' First Amended Complaint.

20.    In the alternative, Defendant would show that the injuries or death was proximately caused by pre-existing causes or conditions.

21.    In the alternative, any punitive damages must be limited or barred by TEX. CIV. PRAC. & REM. CODE, §§ 41.005, 41.007, §41.008.

22.    In the alternative, if any co-defendant is found legally responsible, Cameron County is entitled to contribution and/or a reduction in any award, as provided by TEX. CIV. PRAC. & REM. CODE, Chaps. 32 § 33.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Cameron County prays that the Plaintiffs take nothing thereby and that Cameron County recover its costs and attorney's fees, and that County recover such other relief to which it may be entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By_____
      **CRAIG H. VITTITOE**
      State Bar No. 20593900
      Fed. I.D. No. 18756
      **ROGER W. HUGHES**
      State Bar No. 10229500
      Federal ID No. 5950

ATTORNEYS FOR DEFENDANT
CAMERON COUNTY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the counsel of record on this the 16th day of May, 2002.

Mr. Michael R. Cowen                    CMRRR # 7001 2510 0004 2061 5079
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, TX 78520

Ms. Eileen Leeds                        CMRRR # 7001 2510 0004 2061 5086
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, TX 78521



_____
Craig H. Vittitoe