United States District Court
Southern District of Texas
FILED

JUN 1 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIA LONGORIA, and MARIA IDALIA :
GUTIERREZ, Individually and on behalf :
of the Estate of JUAN LONGORIA, :
Deceased :
 :
 :
VS. : CIVIL ACTION NO. B-01-062
 : **(JURY DEMANDED)**
 :
CAMERON COUNTY, TEXAS, THE :
CITY OF BROWNSVILLE, TEXAS :
XAVIER LEE HERNANDEZ, and :
JOHN DOES 1-10 :

## DEFENDANT, CAMERON COUNTY'S MOTION TO COMPEL MEDICAL AND MENTAL HEALTH RECORD AUTHORIZATION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Movant one of the Defendants in this cause, CAMERON COUNTY, TEXAS, filing this motion entitled *"Defendant's Motion to Compel Medical and Mental Health Record Authorization"* respectfully showing the Honorable Court as follows:

**I.**

This is a wrongful death action arising from the alleged beating, choking and the resulting death of Juan Longoria, occurring on or about April 10-11, 2001. The Plaintiffs plead that *"evidence seems to indicate that Juan Longoria died as result of being choked by a Brownsville Police officer and other information indicates that he was choked to death by an employee of the Cameron County Sheriff's Department..."*

The Plaintiffs bring state pendent causes of action and claims under 42 U.S.C. §1983. See paragraph 2.1 of <u>Plaintiffs' First Amended Complaint</u>.

The Plaintiffs specifically plead that while incarcerated in the Cameron County jail that the decedent was *"improperly classified; based on the psychological symptoms that, upon information and belief, he was exhibiting..."* Paragraph 4.30 <u>Plaintiffs' First Amended Complaint</u>.

The Plaintiffs seek damages for the decedent's conscious pain, suffering and mental anguish death. The estate of the deceased seeks the recovery of funeral expenses. Additionally, certain of the Plaintiffs seek the recovery of damages due to the *"loss of parental captainship, instruction and guidance, as well as mental pain and suffering..."* The Plaintiffs also seek the recovery of attorney's fees and expert fees under 42 U.S.C. §1988 together with pre-judgment and post judgment interest, exemplary and punitive damages. Paragraph 7.1-7.6, <u>Plaintiffs' First Amended Complaint</u>.

## II.

Previously, pursuant to written request dated May 17, 2002, served upon counsel for the Plaintiffs, Movant sought an authorization to secure the decedent's medical and healthcare records. Notwithstanding such request, the Plaintiffs failed to object to the request; and, failed or refused to provide the authorization. A true and correct copy of the written request and the authorization is attached marked as exhibit "A".

## III.

Rule 501, Federal Rules of Evidence, provides that "in a civil action proceeding, with respect to an element of a claim or a defense as to which State law supplies the rule of decision, the privilege of the witness or person shall be determined in accordance with State law".

Texas Rules of Evidence Rule 509 (pertaining to medical records) and Rule 510 (pertaining to mental health records), provide an exception *to confidentiality*, as follows:

> "As to a communication or record relevant to a issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense." 509(e)(4) and Rule 510(d)(5), Texas Rules of Evidence.

The decedent's physical condition and his mental health condition are directly at issue in this case. The Plaintiffs specifically seek damages for bodily injury and death. The Plaintiffs also specifically plead that the Plaintiff was improperly evaluated upon his incarceration in the Cameron County jail due to his *psychological symptoms* exhibited at the time. Accordingly, under the pleadings and the elements necessary of proof, the Plaintiff's physical and mental health condition are relevant to "a party's claim or defense". See Groves vs. Gabriel, 874 SW2d 660 (Tex. 1994); R.K. vs. Ramirez, 887 SW2d 836, (Tex. 1994).

## IV.
### Certificate of Conference

The parties through their counsel have conferred and are unable to resolve this discovery dispute.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Plaintiffs be ordered by the court to provide the written authorization, properly executed; and, that Movant receive such other and further relief that Movant may be lawfully entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By: _____
**CRAIG H. VITTITOE**
Federal Bar I.D. No. 18756
State Bar No. 20593900
ATTORNEYS FOR DEFENDANT,
CAMERON COUNTY, TEXAS

### CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorney of record, on this the ____ day of June, 2002:

Mr. Michael R. Cowen            **CM/RRR # 7001 2510 0004 2061 5505**
**MICHAEL R. COWEN, P.C.**
765 E. 7th Street, Suite A
Brownsville, TX 78520

Ms. Eileen Leeds                **REGULAR U.S. 1ST CLASS MAIL**
**WILLETTE, GUERRA & TREVIÑO, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78521

_____
Craig H. Vittitoe

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.
AFFILIATED WITH HILL GILSTRAP RIGGS
ADAMS & GRAHAM, L.L.P.

KAREN GONZALES, R.N.
KGonzales@adamsgraham.com

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL (956) 428-7495     FAX (956) 428-2954
adamsgraham.com

AFFILIATE OFFICES
AUSTIN
CHICAGO
DALLAS/FORT WORTH
LITTLE ROCK

May 17, 2002

Mr. Michael R. Cowen                                    VIA FASCIMILE NO. (956) 504-3674
MICHAEL R. COWEN, P.C.
765 Seventh Street, Suite A
Brownsville, Texas 78520

Re:   Maria Longoria, et al vs. Cameron County, Texas, et al

Dear Mr. Cowen:

In attempts to subpoena medical records regarding Juan Antonio Longoria, we were advised by the custodian of Tropical Texas Mental Health and Mental Retardation, Stacy Hernandez, that according to the type of services provided at their center, Senate Bill 975 provides that a request for records must be accompanied by an executed Authorization by the patient or his/her estate representative. We are not in possession of such an Authorization, but have enclosed same for execution at this time.

Please return the enclosed Authorization within the next five (5) business days or Request for Production will be served on your client for said records.

Sincerely,
ADAMS & GRAHAM, L.L.P.

KAREN GONZALES, RN
Nurse Paralegal to Roger W. Hughes &
Craig H. Vittitoe

ROGER W. HUGHES

RWH/kmg


EXHIBIT A

ADAMS & GRAHAM, L.L.P.
[kmg] c:\files\chv\c1212\Cowen01.wpd

### CONSENT FOR RELEASE OF CONFIDENTIAL INFORMATION

RE      : **JUAN ANTONIO LONGORIA**
DOB     : **10/07/59**
SS NO.  : **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**

1. _____ Representative of the Estate of JUAN ANTONIO LONGORIA, pursuant to the Medical Practice Act, article 4495b of the Texas Revised Civil Statutes and section 241.152 of the Health and Safety Code does hereby consent for the release of the following information and items to ADAMS & GRAHAM, L.L.P.

    a. Any and all medical records and reports concerning the identity, diagnosis, examination, evaluation, history, and treatment for any and all physical and/or mental injury and illness, including substance abuse, regarding JUAN ANTONIO LONGORIA.

    b. Any and all radiographic films of any and all parts of JUAN ANTONIO LONGORIA's body; and

    c. Any and all photographs of any and all parts of JUAN ANTONIO LONGORIA's body.

2. We understand and consent that the above-listed information and items may be obtained by subpoena and/or the use of this consent, or both, and that the information and items may be filed in the Court Records in the above-referenced cause.

3. We understand and consent that the information and items obtained pursuant to this consent may be reviewed by consulting experts and testifying experts retained by ADAMS & GRAHAM, L.L.P.

4. We further understand that part or all of the above-listed information and items may be offered and/or introduced into evidence during depositions or trial of the above-styled and numbered lawsuit subject to the rulings of the court as to admissibility.

5. This consent for release of the above-listed information and items extends to any physician, dentist, hospital, or other person or institution from whom or in which JUAN ANTONIO LONGORIA has received any dental or medical diagnosis, evaluation, examination, and/or treatment.

6. We understand that the information so released may contain information about mental or psychiatric counseling and treatment, and/or the testing or treatment of alcohol, drug or substance abuse and/or AIDS.

7. A PHOTOSTATIC COPY OF THIS AUTHORIZATION SHALL BE CONSIDERED AS VALID AS THE ORIGINAL AND IT SHALL BE EFFECTIVE UNTIL IT IS REVOKED BY NOTICE IN WRITING SIGNED BY ME OR A PERSON AUTHORIZED TO ACT ON MY BEHALF WHICH NOTICE IS ACTUALLY RECEIVED BY YOU.

SIGNED this the _____ day of _____ 2002.

                                                    _____
                                                    Print _____
                                                    As Representative of the Estate of
                                                    JUAN ANTONIO LONGORIA