

## Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED
JUL 3 1 2002
Michael N. Milby, Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts  ■ Lehrman |
| DATE | 7 – 30 – 02 |
| TIME | 10:04 a.m. — 10:23 a.m. |
| CIVIL ACTION | B – 01 – 62 |
| STYLE | Maria Longoria, et al *versus* Cameron County, Texas, et al |

DOCKET ENTRY

Hearing on Dismissal of Case

Roger Hughes, for Adams and Graham, appeared for Cameron County.

Michael Cowen for Plaintiffs.

Eileen Leeds for Brownsville, observing.

    Mr. Hughes addressed the Court. He asks to vacate the prior order of this Court, because it is a discretionary decision of the Court. Mr. Hughes said the reason Cameron county did not take a position on the Motion to Dismiss of Plaintiffs, because they did not have permission from the client one way or another- could not contact the client. A new party could not be served. He asked that the motion to dismiss be withdrawn, and would like an order to obtain psychiatric records.

    Mr. Cowen denies that he was dishonest with the Court. He informed his clients that he has an ethical conflict of interest. His clients chose to find another lawyer, and the lawyer told Mr. Cowen that he should file a motion to dismiss without prejudice. He called several times, and he could not wait any longer. He did not intend to mislead the Court, but he did not think he was required to wait indefinitely for their answer.

The Court referred to her speech at the Fifth Circuit conference. It was clear to Mr. Cowen that he did not have consent from Cameron County, and it is Mr. Cowen's responsibility to make clear to the Court what the situation is. Mr. Cowen created an misimpression, perhaps inadvertently.

Mr. Cowen apologized. He said that is the way he was taught, and apologized if his way was incorrect.

Mr. Hughes stated that he was aware and they understand Mr. Cowen's ethical conflict. He suggested that the Court vacate the order and have a scheduling conference and ask all parties what they need in terms of time, especially new counsel. Mr. Cowen said that no depositions have been taken, and the deadline is past, so they wold need more time for that.

The Court **VACATED** the order dismissing without prejudice and **ORDERED** that any substitution be made by August 15. Mr. Hughes stated that he is sure they won't oppose the motion for substitution. The Court told the Parties to calender a scheduling conference with the Case Manager.

Scheduling conference set for 9/10/02 at 2:30 p.m.