United States District Court
Southern District of Texas
FILED

DEC 1 9 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIA LONGORIA, and MARIA }
IDALIA GUTIERREZ, Individually and }
on behalf of the Estate of } CIVIL ACTION NO. B-01-062
JUAN LONGORIA, Deceased }
}
VS. }
}
CAMERON COUNTY, TEXAS, } JURY DEMANDED
THE CITY OF BROWNSVILLE, }
TEXAS, and JOHN DOES 1-10 }

### PLAINTIFFS' MOTION FOR LEAVE TO FILE
### PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

The Plaintiffs request leave to file an amended pleading, Plaintiffs' Second Amended Original Complaint.

**A. Introduction.**

1. Plaintiffs Maria Longoria and Maria Idalia Gutierrez, Individually and on behalf of the Estate of Juan Longoria, deceased, bring this lawsuit against Cameron County, Texas, the City of Brownsville, Texas, and John Does 1-10. This lawsuit arises out of the beating, choking, and death of Juan Longoria at the hands of the Brownsville Police Department and/or Cameron County Sheriff's Department as well as the negligent care and medical attention provided by the Brownsville Police Department and the Cameron County Sheriff's Department.

**B. Parties.**

2.1 Plaintiff Maria Longoria is an individual residing in Cameron County, Texas. She is the mother of Juan Longoria, Deceased.

2.2  Plaintiff Maria Idalia Gutierrez is an individual residing in the state of Florida. She is the daughter of Juan Longoria, deceased. She brings this action both on her own behalf and on behalf of the Estate of Juan Longoria, deceased.

2.3  Defendant Cameron County, Texas ("Cameron County" hereinafter) is a political subdivision of the State of Texas.

2.4  Defendant the City of Brownsville, Texas ("Brownsville" hereinafter) is a political subdivision of the State of Texas.

2.5  John Does 1-10 are, upon information and belief, individuals residing in Cameron County, Texas. They are unknown police officers employed by the Brownsville Police Department and the Cameron County Sheriff's Department who beat and choked Juan Longoria.

C. Procedural History.

3.1  On 13 August 2002, the Court allowed Alfred R. Valdez to substitute as counsel for the Plaintiffs.

3.2  On 10 September 2002, a scheduling conference was held on the above captioned matter and a new scheduling order was entered.

3.3  The Scheduling Order had the following dates:

   a) New Parties joined by 31 January 2003.

2

b) Plaintiffs' experts by 30 May 2003.

c) Defendants' experts by 30 July 2003.

d) Discovery completed by 30 September 2003.

e) Dispositive motions by 30 October 2003.

f) Docket call and final pretrial conference 8 January 2004.

g) Jury selection 12 January 2004.

3.4   On 4 December 2002, the Defendant City of Brownsville filed a Motion for Summary Judgment against all of the Plaintiffs.

3.5   On 6 December 2002, the attorney for the Plaintiffs inquired by letter whether the Defendants would oppose the Plaintiffs filing of an amended compliant, and the Plaintiffs' counsel attached a copy of the proposed Plaintiffs' Amended Complaint to the letter. Counsel for the City of Brownsville, Texas opposes the granting of leave to file the amended complaint. Counsel for Defendant Cameron County, Texas has not responded to the request; consequently, the Plaintiffs will assume that Defendant Cameron County, Texas also opposes granting leave for the filing of the Plaintiffs' Second Amended Original Complaint.

3.6   Since mid October of 2002, the parties have been attempting to coordinate their schedules to take approximately 20 depositions of various witnesses from the Cameron County Sheriff's office and the City of Brownsville Police Department. It was hoped that some of the witnesses could be taken in mid November of 2002; however, trial and scheduling conflicts prevented the taking of the depositions. Depositions will be taken on five of the individuals from the City of Brownsville on

3

20 December 2002.

C. Argument.

4.1   Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a); *Walton v. Mental Health Ass'n*, 168 F.3d 661, 665 (3rd Cir. 1999).

4.2   The Court should allow the filing of Plaintiffs Second Amended Complaint because the Plaintiff will be prejudiced if not allowed to amend. This case has been originally brought against the Defendants based upon the beating, choking, and death of Juan Longoria, which occurred on or about April 10-12, 2001. The present complaint of the Plaintiffs focuses primarily upon allegations of civil rights violations and a cause of action based upon 42 U.S.C. § 1983. In reviewing the medical, autopsy report (preliminary and final), the affidavits that have been taken in this matter, and other discovery that has been developed, it appears that an expansion of the civil rights violations as well as an additional cause of action under the Texas Tort Claims Act (The Texas Civil Practice & Remedies Code, Title 5 -- Governmental Liability) should also be brought against the Defendants. Consequently, the Plaintiffs are seeking leave from the Court to file their second amended complaint. The Court should allow the Plaintiffs to bring the additional claims because it is the belief of the Plaintiffs that said claims are meritorious, and given that a loss of life is involved in this matter, the Plaintiffs believe that the Court should allow the Plaintiffs to seek all causes of action and remedies that are available to them. As stated above, if the Plaintiffs are not allowed to amend their complaint, they will be prejudiced.

4.4     The Defendants will not be prejudiced by the Plaintiffs' amended pleading because the discovery deadline is 30 September 2003, and the deadline for dispositive motions is 30 October 2003.

4.5     The Plaintiffs are filing their amended pleading along with this motion.

D.      Conclusion.

5.1     As noted above, the Court should allow the Plaintiffs to bring the additional claims because it is the belief of the Plaintiffs that said claims are meritorious, and the Court should allow the Plaintiffs to seek all causes of action and remedies that are available to them. Additionally, if the Plaintiffs are not allowed to amend their complaint, they will be prejudiced. Also, given the scheduling order, the Defendants will not be prejudiced by the Plaintiffs' amended pleading. For these reasons, the Plaintiffs ask the Court to grant leave to file the amended pleading.

Respectfully submitted,

By: _____

Alfred R. Valdez
Federal ID 6389
State Bar No. 20426200
6300 Hillcroft, Suite 200
Houston, Texas 77081
(713) 271-0719
(713) 270-8134 fax
Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the opposing party on 20 December, 2002.

_A. R. Valdez_
Alfred R. Valdez

## CERTIFICATE OF CONFERENCE

On 6 December 2002, the attorney for the Plaintiffs inquired by letter whether the Defendants would oppose the Plaintiffs filing of an amended compliant, and the Plaintiffs' counsel attached a copy of the proposed Plaintiffs' Amended Complaint to the letter. Counsel for the City of Brownsville, Texas opposes the granting of leave to file the amended complaint. Counsel for Defendant Cameron County, Texas has not responded to the request; consequently, the Plaintiffs will assume that Defendant Cameron County, Texas also opposes granting leave for the filing of the Plaintiffs' Second Amended Original Complaint.

_A. R. Valdez_
Alfred R. Valdez