UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | } } } } | CIVIL ACTION NO. B-01-062 |
| VS. | } } | |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10 | } } } | JURY DEMANDED |

**PLAINTIFFS' MOTION FOR CONTINUANCE AND EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT CITY OF BROWNSVILLE, TEXAS' MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs request the Court to continue the submission of the City of Brownsville, Texas' motion for summary judgement and extend the deadline for the Plaintiffs to respond, as authorized by Federal Rule of Civil Procedure 56(f).

A. Introduction.

1.      Plaintiffs Maria Longoria and Maria Idalia Gutierrez, Individually and on behalf of the Estate of Juan Longoria, deceased, bring this lawsuit against Cameron County, Texas, the City of Brownsville, Texas, and John Does 1-10. This lawsuit arises out of the beating, choking, and death of Juan Longoria at the hands of the Brownsville Police Department and/or Cameron County Sheriff's Department as well as the negligent care and medical attention provided by the Brownsville Police Department and the Cameron County Sheriff's Department.

B.  Parties.

2.1   Plaintiff Maria Longoria is an individual residing in Cameron County, Texas. She is the mother of Juan Longoria, Deceased.

2.2   Plaintiff Maria Idalia Gutierrez is an individual residing in the state of Florida. She is the daughter of Juan Longoria, deceased. She brings this action both on her own behalf and on behalf of the Estate of Juan Longoria, deceased.

2.3   Defendant the City of Brownsville, Texas ("Brownsville" hereinafter) is a political subdivision of the State of Texas.

C. Procedural History.

3.1   On 13 August 2002, the Court allowed Alfred R. Valdez to substitute as counsel for the Plaintiffs.

3.2   On 10 September 2002, a scheduling conference was held on the above captioned matter and a new scheduling order was entered.

3.3   The Scheduling Order has the following dates:
   a) New Parties joined by 31 January 2003.
   b) Plaintiffs' experts by 30 May 2003.
   c) Defendants' experts by 30 July 2003.
   d) Discovery completed by 30 September 2003.
   e) Dispositive motions by 30 October 2003.
   f) Docket call and final pretrial conference 8 January 2004.

g) Jury selection 12 January 2004.

3.4    On 4 December 2002, the Defendant City of Brownsville filed a Motion for Summary Judgment against all of the Plaintiffs; the Plaintiffs received a copy of the motion on 6 December 2002.  Although there is no date set to hear the City of Brownsville's motion for summary judgment, the Plaintiffs are of the belief that some form of a response needs to be filed on or before 24 December 2002.  Consequently, the Plaintiffs are filing this motion for continuance and extension of time to respond to this motion for summary judgment.

3.5    On or about 18 December 2002, the attorney for the Plaintiffs inquired by telephone whether the Defendant City of Brownsville would oppose the Plaintiffs filing this motion for continuance and extension of time.  From the message left with the office of Plaintiffs' counsel, counsel for the City of Brownsville, Texas has indicated that there is presently no hearing date, and therefore, no deadline for the filing of a response.  Consequently, this motion by the Plaintiffs is not necessary.  Plaintiffs' counsel trusts that he understood the message correctly, and is not misstating the position of the City of Brownsville.

3.6    The Plaintiffs ask the Court for additional time to conduct discovery because the Plaintiffs are unable to respond to the City of Brownsville's motion for summary judgment.

D.    Argument.

4.1    The Court may continue the submission date of a motion for summary judgment if the motion for continuance is made within a reasonable time after receipt of the of the motion for

3

summary judgment and before the deadline for filing a response. Fed.R.Civ.P. 56(f); *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 44 (1st Cir. 1998).

4.2     The Plaintiffs cannot adequately respond to the City of Brownsville's motion for summary judgment by 24 December 2002 because additional time is required to take the depositions of at least 15 additional people.

4.3     Since mid October of 2002, the parties have been attempting to coordinate their schedules to take approximately 20 depositions of various witnesses from the Cameron County Sheriff's office and the City of Brownsville Police Department. It was hoped that some of the witnesses could be taken in mid November of 2002; however, trial and scheduling conflicts prevented the taking of the depositions. Depositions will be taken on five of the individuals from the City of Brownsville on 20 December 2002.

4.4     On @ November 2002, Plaintiffs' counsel sent correspondence to Defense counsel requesting dates for the taking of the following individuals:

   1. Cameron County Sheriff's Department Captain Joe Elizardi

   2. Cameron County Sheriff's Department Lieutenant Rumaldo Rodriguez

   3. Cameron County Sheriff's Department Deputy Xavier Lee Hernandez

   4. Cameron County Sheriff's Department Lieutenant Abel G. Garcia

   5. Cameron County Sheriff's Department Booking Officer(s) that was/were

responsible for accepting Juan Longoria into the Cameron County Jail facility.

6. Cameron County Sheriff's Department nurse Sylvia Rivas.

7. Cameron County Sheriff's Department Sergeant Luis Mendieta

8. Cameron County Sheriff's Department Deputy Armando Tenorio

9. Cameron County Sheriff's Department Sergeant Felipe Silva

10. Cameron County Sheriff's Department Deputy Manuel Cortinas, Jr.

11. Cameron County Sheriff's Department Sergeant Luis Alberto Mendieta

12. Cameron County Sheriff's Department nurse (LVN) Felipe Esquivel

13. Cameron County Sheriff's Department Booking Officer Sylvia Ann Santillana

14. Cameron County Sheriff's Department Deputy George Garcia; Jail Classification Procedures and jail standards.

15. Cameron County expert Dr. Bux.

16. City of Brownsville expert witness Albert Rodriguez

17. City of Brownsville Police Department Detention Officer Mark Cheramie

18. City of Brownsville Police Department Detention Officer Leo Mercado

19. City of Brownsville Police Department Shift Supervisor Lieutenant Ramiro Ramirez

20. City of Brownsville Police Department Officer Falcon Rivera

21. City of Brownsville Police Department Detention Officer Juan Cisneros

22. City of Brownsville Police Department Detention Officer Edgar Lopez

23. City of Brownsville Police Department officer Jose "Joe" Salinas.

24. City of Brownsville Police Department Lieutenant Henry Etheridge

Additionally, there are at least another 4 individuals who need to be deposed.

4.5   The Plaintiffs will suffer actual and substantial prejudice if they are not permitted to obtain the depositions of the individuals noted above. Specifically, the Plaintiffs are seeking to speak with those individuals who had contact with the deceased Juan Longoria. Additionally, the Plaintiffs are seeking information concerning the procedures that were followed while Mr. Longoria was in custody with the City of Brownsville jail facility and the Cameron County jail facility. The Plaintiffs will be prejudiced if they are not able depose these individuals. The Plaintiffs can not obtain this information from any other source.

4.6   This request for continuance and extension of time will not prejudice the City of Brownsville because the discovery deadline is 30 September 2003, and the deadline for dispositive motions is 30 October 2003. Consequently, the City of Brownsville will have the opportunity to re-urge its motion.

4.7   This request for continuance is not for delay only, but so that justice may be done.

4.8   Therefore, the Plaintiffs ask the Court to continue the submission date until the deadline presently set for dispositive motions of 30 October 2003.

Wherefore, premises considered, the Plaintiffs request that the Court extend the Plaintiffs' deadline to respond to the motion for summary judgment filed by the City of Brownsville.

Respectfully submitted,

By: _____*A. R. Valdez*_____

Alfred R. Valdez
   Federal ID 6389
   State Bar No. 20426200
   6300 Hillcroft, Suite 200
   Houston, Texas 77081
   (713) 271-0719
   (713) 270-8134 fax
   Attorney for the Plaintiffs


### CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the opposing party on 20 December 2002.

_____*A. R. Valdez*_____
Alfred R. Valdez


### CERTIFICATE OF CONFERENCE

On or about 18 December 2002, the attorney for the Plaintiffs inquired by telephone whether the Defendant City of Brownsville would oppose the Plaintiffs filing this motion for continuance and extension of time. From the message left with the office of Plaintiffs' counsel, counsel for the City of Brownsville, Texas has indicated that there is presently no hearing date, and therefore, no deadline for the filing of a response. Consequently, this motion by the Plaintiffs is not necessary. Plaintiffs' counsel trusts that he understood the message correctly, and is not misstating the position of the City of Brownsville.

_____*A. R. Valdez*_____
Alfred R. Valdez

# LIN & VALDEZ, L.L.P.
**Attorneys & Counselors at Law**
6300 Hillcroft, Suite 200
Houston, Texas 77036
(713) 271-0719/Fax (713) 270-8134

8 November 2002

Ms. Eileen Leeds
Willette, Guerra & Trevino, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd. Brownsville, Texas 78521

fax: (956) 541-1893


Mr. Craig Vittitoe
Adams & Graham, L.L.P.
P.O. Box Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429

fax: (956) 428-2954


Mr. Ricardo J. Navarro
Denton & Navarro, P.C.
222 East Van Buren, Suite 405
Harlingen, Texas 78550

fax: (956) 421-3621


Re:   Civil Action No. B-01-62
      *Maria Longoria, et al v. Cameron County, Texas, et al.*
      U.S. District Court, Southern District of Texas, Brownsville Division

Dear Ms. Leeds, Mr. Vittitoe, and Mr. Navarro:

I would like to take the depositions of the following individuals during the course of a two week period and I would like to coordinate the taking of the depositions with your schedules.

For the dates of November 18, 19, and 20, I wish the depositions of the following individuals

who are employed with Cameron County:

1. Cameron County Sheriff's Department Captain Joe Elizardi
2. Cameron County Sheriff's Department Lieutenant Rumaldo Rodriguez
3. Cameron County Sheriff's Department Deputy Xavier Lee Hernandez — 20$^{sr}$ 21$^{sr}$
4. Cameron County Sheriff's Department Lieutenant Abel G. Garcia
5. Cameron County Sheriff's Department Booking Officer(s) that was/were responsible for accepting Juan Longoria into the Cameron County Jail facility.
6. Cameron County Sheriff's Department nurse Sylvia Rivas.
7. Cameron County Sheriff's Department Sergeant Luis Alberto Mendieta
8. Cameron County Sheriff's Department nurse (LVN) Felipe Esquivel
9. Cameron County Sheriff's Department Booking Officer Sylvia Ann Santillana
10. Cameron County Sheriff's Department Deputy George Garcia; Jail Classification Procedures and jail standards.
11. Cameron County expert Dr. Bux.

For the dates of December 2, 3, and 4, I wish the depositions of the following individuals who are employed with the City of Brownsville:

1. City of Brownsville expert witness Albert Ramirez
2. City of Brownsville Police Department Detention Officer Mark Cheramie
3. City of Brownsville Police Department Detention Officer Leo Mercado
4. City of Brownsville Police Department Shift Supervisor Lieutenant Ramiro Ramirez
5. City of Brownsville Police Department Officer Falcon Rivera
6. City of Brownsville Police Department Detention Officer Juan Cisneros
7. City of Brownsville Police Department Detention Officer Edgar Lopez
8. City of Brownsville Police Department officer Jose "Joe" Salinas.
9. City of Brownsville Police Department Lieutenant Henry Etheridge

Please let me know whether these individuals will be available for depositions, and whether the Defendants will produce these witnesses for deposition.

As to the fact witnesses, I believe that each of the depositions should not take more than one and one-half hours for direct examination. Consequently, I request that we attempt to schedule at least four depositions per day.

After the depositions are taken, then I hope we can schedule a mediation in the case.

Thank you for your cooperation in this matter. I will give each of you a call to further discuss the coordination of the depositions.

Sincerely,

Alfred R. Valdez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | } } } } | CIVIL ACTION NO. B-01-062 |
| VS. | } } | |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10 | } } } | JURY DEMANDED |

**AFFIDAVIT OF ALFRED R. VALDEZ ON PLAINTIFFS' MOTION FOR CONTINUANCE AND EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT CITY OF BROWNSVILLE, TEXAS' MOTION FOR SUMMARY JUDGMENT**

**STATE OF TEXAS**
**COUNTY OF HARRIS**

Before me, the undersigned authority, personally appeared ALFRED R. VALDEZ, who, being by me duly sworn, deposed as follows:

"My name is ALFRED R. VALDEZ. I am of sound mind and capable of making this affidavit, and I am personally acquainted with the facts stated herein.

"The information contained in the **PLAINTIFFS' MOTION FOR CONTINUANCE AND EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT CITY OF BROWNSVILLE, TEXAS' MOTION FOR SUMMARY JUDGMENT** is true and correct to the best of my knowledge and belief. Additionally, the attached correspondence is a true and accurate copy of the correspondence that was presented to Defense counsel."

_____
**Affiant**

Sworn to and subscribed before me on the __20th__ day of __December__, 20__02__.

My commission expires: __1-5-2005__

_____
Notary Public, State of Texas

Notary's printed name: __J. C. Vasquez__

[Notary Seal: J.C. VASQUEZ, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 01-05-2005]