IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 23 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIA LONGORIA and MARIA § | |
| IDALIA GUTIERREZ, Individually and § | |
| on behalf of the Estate of § | |
| JUAN LONGORIA, Deceased, § | |
|     Plaintiffs, § | |
| § | |
| § | |
| § | CIVIL ACTION NO. B-01-062 |
| VS. § | (JURY REQUESTED) |
| § | |
| CAMERON COUNTY, TEXAS, § | |
| THE CITY OF BROWNSVILLE, TEXAS, § | |
| and JOHN DOES 1-10, § | |
|     Defendants. § | |

## DEFENDANT THE CITY OF BROWNSVILLE'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES **THE CITY OF BROWNSVILLE, TEXAS**, one of the named Defendants in the above-styled and numbered cause, and files this its Motion to Dismiss and in support thereof, would respectfully show unto the court as follows:

### I.

### STATEMENT OF THE CASE

This case is brought by the mother and the daughter of the deceased, Juan Longoria. Longoria was arrested by Brownsville Police Department on April 10, 2001. He was first held in Brownsville's municipal jail and then transferred to the Cameron County jail, where he later died. The Plaintiffs brought suit on April 25, 2001 claiming that employees of the City of Brownsville or Cameron County beat and/or choked Juan Longoria to death. Defendants allegedly violated Plaintiff Juan Longoria's Fourth, Eighth, and Fourteenth Amendment rights under the United States

Constitution. The Plaintiffs also brought suit under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE §101.001 *et seq*, claiming multiple acts of negligence by the Defendants. They seek actual damages of $600,000.00 and exemplary damages of $1,000,000.00.

## II.

## MOTION TO DISMISS UNDER RULE 12(b)(6)

### A.  Standard for Dismissal under Rule 12(b)(6)

Plaintiffs have failed to state claims for which relief can be granted under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon's 2000). Accordingly, this portion of Plaintiffs' lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

### B.  Plaintiffs' State Law Claims Should be Dismissed.

Plaintiffs cannot possibly prevail on their negligence claims against the City of Brownsville inasmuch as these claims do not create causes of action under the Texas Tort Claims Act. The Tort Claims Act states that a government entity is liable for:

> (1)  property damage, personal injury, and death proximately caused by the wrongful act or omission, or the negligence of an employee acting within the scope of his employment if:

2

    (A)    the property damage, personal injury, or death arises from the operation or use of a motor vehicle or motor driven equipment; and

    (B)    the employee would be personally liable to the claimant according to Texas law; and

(2)    **Personal injury and death so caused by a condition or use of tangible personal or real property** if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE §101.021 (emphasis added.)

Plaintiffs' claims do not allege that the decedent's injuries or death resulted from the use of a City employee's use of property or the condition of City property and thus cannot fall under the Tort Claims Act. The injury complained of must be proximately caused by the governmental entity's use of tangible property. *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 342-343 (Tex.1998) ("Property does not cause injury if it does no more than furnish the condition that makes the injury possible.") *Id.* at 343. Non-use of property does not create a cause of action under the Tort Claims Act, nor does the use, misuse or failure to use information. *Kerrville State Hospital v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996); *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex. 1994); *Cherry v. TDCJ*, 978 S.W.2d 240, 242-243 (Tex. App.– Texarkana 1998, no pet.) Failures in conduct, such as failing to adequately train employees, do not involve the use of tangible personal property under the Tort Claims Act. *See Texas Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 581 (Tex.2001); *Clemons v. Citizens Medical Center*, 54 S.W.3d 463, 467-69 (Tex.App.--Corpus Christi 2001, no pet. h.) The nature of Plaintiffs' claims are that the City failed to take particular action, which do not create a cause of action under the Tort Claims Act.

The following claims as set forth in Plaintiff's Second Amended Original Complaint were brought against the City purportedly under the Tort Claims Act, but must be dismissed inasmuch as they do not involve a condition of City property or a City employee's negligent use of tangible

property and thus fail to state a claim upon which relief can be granted:

(a) Putting Juan Longoria in a jail cell upon being returned to the City of Brownsville Police Department jail facility from the hospital

(b) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, the City of Brownsville Police Department failed to be kept Juan Longoria "under close observation" per the doctor's order.

(c) Failing to inform the doctor at the hospital that the City of Brownsville Police Department did not have the ability to keep Juan Longoria under close observation per doctor's order.

(d) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, failing to take Juan Longoria to an infirmary (medical center) at the jail facility.

(e) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, failing to keep Juan Longoria under close observation by personnel property trained to handle Mr. Longoria's medical condition.

(f) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, failing to keep Juan Longoria under close observation by the City of Brownsville personnel as requested by doctor.

(g) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, failing to keep Juan Longoria under close observation while he was physically restrained.

(h) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, failing to take Juan Longoria's vital signs.

(i) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, failing to maintain medical records of Juan Longoria.

(j) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, failing to properly monitor Juan Longoria.

(k) Upon being returned to the City of Brownsville Police Department jail facility from

the hospital, and while in custody with the City of Brownsville Police Department, the City of Brownsville Police Department personnel failed to report to any doctor or medical personnel that Juan Longoria continued to hallucinate that someone was attempting to kill him, that he continued to talk to himself, that he continued to attempt to hurt himself, and that he had to be restrained.

(l) Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, the City of Brownsville Police Department personnel failed to report to any doctor or medical personnel that Juan Longoria continued to hallucinate that someone was attempting to kill him, that he continued to talk to himself, that he continued to attempt to hurt himself, that he had to be restrained, that he had to be removed during an arraignment because of his behavior in front of a municipal court judge.

(m) Failing to properly train its employees concerning the correct manner to handle a medical condition similar to that of Juan Longoria.

(n) Failing to inform the Cameron County Jail personnel that Juan Longoria was taken to the hospital for medical treatment.

(o) Failing to inform that Cameron County Jail personnel that Juan Longoria was to be kept "under close observation" per a doctor's order.

(p) Failing to inform the Cameron County Jail personnel that upon being returned to the City of Brownsville Police Department Jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria was placed in a single cell.

(q) Failing to inform the Cameron County Jail personnel that upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria was physically restrained.

(r) Failing to inform the Cameron County Jail personnel that upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria did not have his vital signed taken.

(s) Failing to provide the Cameron County Jail personnel with medical records concerning Juan Longoria while Juan Longoria was in custody with the City of Brownsville Police Department.

(t) Failing to inform the Cameron County Jail personnel that upon being returned to the City of Brownsville Police Department facility from the hospital, and while in custody with the City of Brownsville Police Department, that Juan Longoria

       continued to hallucinate that someone was attempting to kill him, that he continued to talk to himself, that he continued to attempt to hurt himself, that he was placed in a single cell, and that had to be restrained.

(v)    Having a departmental policy that allows police officers who have no medical training beyond first aid to decide whether a detainee warranted medical attention, even after a doctor has given medical instructions to keep an individual under close observation.

*See* Plaintiffs' Second Amended Original Complaint, pgs. 20-23.

Relief can not be granted for the aforementioned claims inasmuch as they do not state cause of action under the Texas Tort Claims Act. Accordingly, allegations (a)-(t) and (v) as contained in pages 20-23 of Plaintiffs' Second Amended Original Complaint must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant the City of Brownsville prays that upon hearing, its Motion to Dismiss be granted, that Plaintiffs take nothing by their suit, that this Defendant recover all costs incurred herein, and that this Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on this __23rd__ day of January, 2003.

                Respectfully submitted,
                WILLETTE & GUERRA, L.L.P.
                International Plaza, Ste. 460
                3505 Boca Chica Blvd.
                Brownsville, Texas 78521
                Telephone: (956) 541-1846
                Facsimile: (956) 541-1893

                By: ____Eileen Leeds____
                        Eileen Leeds
                        State Bar No. 00791093
                        Federal I.D. No. 16799
                        Attorney in Charge

                        Amy Lawler Gonzales
                        State Bar No. 24029579
                        Federal I.D. No. 28489

## CERTIFICATE OF SERVICE

I hereby certify that on this ___23rd___ day of January 2003, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CERTIFIED MAIL**
Mr. Alfred R. Valdez
Law Office of Alfred R. Valdez
6300 Hillcroft, Suite 200
Houston, TX 77081
*Plaintiff's attorney*

**VIA REGULAR MAIL**
Mr. Roger Hughes
Mr. Craig Vittitoe
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551
*Attorney for Defendant Cameron County*

_____
Eileen M. Leeds

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA LONGORIA and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased,<br>Plaintiffs, | §§§§§§§ | |
| VS. | §§ | CIVIL ACTION NO. B-01-062<br>(JURY REQUESTED) |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10,<br>Defendants. | §§§§§ | |

## ORDER OF DISMISSAL

On this the _____ day of _____, 2003, came on for consideration Defendant the City of Brownsville's Rule 12(b)(6) Motion to Dismiss.

Having examined same and considered the arguments of counsel, this Court is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss is GRANTED.

It is further ORDERED that allegations (a)-(t) and (v) as contained in pages 20-23 of Plaintiffs' Second Amended Original Complaint brought by Plaintiffs, Maria Longoria and Maria Idalia Gutierrez, against the Defendant City of Brownsville are DISMISSED with prejudice.

SIGNED on this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE