**53**

United States Courts
Southern District of Texas
FILED

NC   JAN 3 1 2003

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | } } } } | CIVIL ACTION NO. B-01-062 |
| VS. | } } } | |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10 | } } } | JURY DEMANDED |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT

The Plaintiffs request leave to file an amended pleading, Plaintiffs' Third Amended Original Complaint.

**A. Introduction.**

1.   Plaintiffs Maria Longoria and Maria Idalia Gutierrez, Individually and on behalf of the Estate of Juan Longoria, deceased, bring this lawsuit against Cameron County, Texas, the City of Brownsville, Texas, and John Does 1-10. This lawsuit arises out of the beating, choking, and death of Juan Longoria at the hands of the Brownsville Police Department and/or Cameron County Sheriff's Department as well as the negligent care and medical attention provided by the Brownsville Police Department and the Cameron County Sheriff's Department.

**B.   Parties.**

2.1   Plaintiff Maria Longoria is an individual residing in Cameron County, Texas. She is the mother of Juan Longoria, Deceased.

1

2.2     Plaintiff Maria Idalia Gutierrez is an individual residing in the state of Florida. She is the daughter of Juan Longoria, deceased. She brings this action both on her own behalf and on behalf of the Estate of Juan Longoria, deceased.

2.3     Defendant Cameron County, Texas ("Cameron County" hereinafter) is a political subdivision of the State of Texas.

2.4     Defendant the City of Brownsville, Texas ("Brownsville" hereinafter) is a political subdivision of the State of Texas.

2.5     John Does 1-10 are, upon information and belief, individuals residing in Cameron County, Texas. They are unknown police officers employed by the Brownsville Police Department and the Cameron County Sheriff's Department who beat and choked Juan Longoria.

**C.     Expansion of Allegations and the Adding of New Parties.**

3.1     The Plaintiff are seeking to expand their allegations against the existing Defendants and to bring in the following additional parties:

a.      Dr. Khadim Hussain, and Dr. Ian Richardson for the negligent medical care and attention of Juan Longoria while at the Brownsville Medical Center emergency room on or about 10 April 2001.

b.      Ben Reyna, who was the Chief of Police for the Brownsville Police Department of the City of Brownsville, Texas during the time period of the incident made the basis of this lawsuit.

c.      Eliborio Rios a/k/a Eli Rios, who was the Jail Administrator with the Brownsville Police Department of the City of Brownsville, Texas during the time period of the incident made the

2

basis of this lawsuit.

      d.      Conrado Cantu, Cameron County Sheriff for Cameron County, Texas.

      e.      Captain Robert Lopez, deputy with Cameron County Sheriff's Department for Cameron County, Texas.

      f.      Captain Joe Elizardi, Jail Administrator with the Cameron County Sheriff's Department for Cameron County, Texas.

D. Procedural History.

4.1    On 13 August 2002, the Court allowed Alfred R. Valdez to substitute as counsel for the Plaintiffs.

4.2    On 10 September 2002, a scheduling conference was held on the above captioned matter and a new scheduling order was entered.

4.3    The Scheduling Order had the following dates:

a) New Parties joined by 31 January 2003.

b) Plaintiffs' experts by 30 May 2003.

c) Defendants' experts by 30 July 2003.

d) Discovery completed by 30 September 2003.

e) Dispositive motions by 30 October 2003.

f) Docket call and final pretrial conference 8 January 2004.

g) Jury selection 12 January 2004.

4.4 On 4 December 2002, the Defendant City of Brownsville filed a Motion for Summary Judgment against all of the Plaintiffs.

4.5     Depositions were taken on four individuals from the City of Brownsville on 20 December 2002. Discovery is continuing, and the Plaintiff hopes to take additional depositions in February of 2003.

E.  Argument.

5.1     Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a); *Walton v. Mental Health Ass'n*, 168 F.3d 661, 665 (3rd Cir. 1999).

5.2     The Court should allow the filing of Plaintiffs Third Amended Complaint because the Plaintiff will be prejudiced if not allowed to amend to expand the allegations against the present Defendants and to add additional parties.   This case has been originally brought against the Defendants based upon the beating, choking, and death of Juan Longoria, which occurred on or about April 10-12, 2001.  The present complaint of the Plaintiffs focuses primarily upon allegations of civil rights violations and a cause of action based upon 42 U.S.C. § 1983.  In reviewing the medical, autopsy report (preliminary and final), the affidavits that have been taken in this matter, and other discovery that has been developed, it appears that an expansion of the civil rights violations as well as an additional cause of action under the Texas Tort Claims Act (The Texas Civil Practice & Remedies Code, Title 5 -- Governmental Liability) should also be brought against the Defendants. Additionally, the Plaintiffs seek to bring in additional parties that they believe should be in this lawsuit as a result of those parties' actions.   Consequently, the Plaintiffs are seeking leave from the Court to file their third amended complaint. The Court should allow the Plaintiffs to bring the

4

additional claims as well as the additional parties because it is the belief of the Plaintiffs that said claims are meritorious, and given that a loss of life is involved in this matter, the Plaintiffs believe that the Court should allow the Plaintiffs to seek all causes of action and remedies that are available to them. As stated above, if the Plaintiffs are not allowed to amend their complaint, they will be prejudiced.

5.3     The Defendants will not be prejudiced by the Plaintiffs' amended pleading because the discovery deadline is 30 September 2003, and the deadline for dispositive motions is 30 October 2003.

5.4     The Plaintiffs are filing their amended pleading along with this motion.

D.     Conclusion.

5.1     As noted above, the Court should allow the Plaintiffs to bring the additional claims and the additional parties because it is the belief of the Plaintiffs that said claims are meritorious, and the Court should allow the Plaintiffs to seek all causes of action and remedies that are available to them. Additionally, if the Plaintiffs are not allowed to amend their complaint, they will be prejudiced. Also, given the scheduling order, the Defendants will not be prejudiced by the Plaintiffs' amended pleading and the bringing in of additional parties. For these reasons, the Plaintiffs ask the Court to grant leave to file the amended pleading and also to allow the adding of the additional parties.

Respectfully submitted,

By: _____

Alfred R. Valdez
Federal ID 6389
State Bar No. 20426200
7520 Hillcroft
Houston, Texas 77081
(713) 271-0719
(713) 270-8134 fax
Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the opposing party on

_31 Jan. 2003_.

_____
Alfred R. Valdez

## CERTIFICATE OF CONFERENCE

As of 31 January 2003, the attorney for the Plaintiffs has not had an opportunity to meet with the opposing counsel concerning this motion; however, the Plaintiff's counsel will make every effort to meet with them within the next 5 days, and thereafter, report to the Court as to their position on this motion.

_____
Alfred R. Valdez