United States District Court
Southern District of Texas
FILED

FEB 1 3 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | : : : : : | |
| VS. | : : | CIVIL ACTION NO. B-01-062 (JURY DEMANDED) |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS XAVIER LEE HERNANDEZ, and JOHN DOES 1-10 | : : : : | |

## OPPOSITION OF CAMERON COUNTY, TEXAS TO PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Movant CAMERON COUNTY, TEXAS, filing this Opposition to Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Original Complaint respectfully showing the Honorable Court as follows:

### I.

A.   On December 20, 2002, Plaintiffs filed their Motion for Leave to file Plaintiffs' Second Amended Complaint (emphasis added). The motion was granted by the court on December 13, 2003.

B.   On January 31, 2003, Plaintiffs filed their Motion for Leave to file Plaintiffs' Third Amended Original Complaint in which Plaintiffs purport to add additional Defendants in this suit, including Ben Reyna, the former Chief of Police for the City of Brownsville, Eliborio Rios, Jail Administrator for the Brownsville Police Department, Conrado Cantu, Cameron County Sheriff, and Robert Lopez and Joe Elizardi, Cameron County Deputy Sheriffs. The Plaintiffs aver in their

proposed Plaintiffs' Third Amended Original Complaint that Reyna and Rios were all relevant times employees of the City of Brownsville. Similarly, Plaintiffs aver in the same Complaint that Sheriff Cantu, Lopez and Elizardi were similarly employed by Cameron County at all relevant times. Additionally, the Plaintiffs purport to add as Defendants physicians Khadim Hussain, M.D. and Ian Richardson, M.D. regarding their treatment of the deceased at Brownsville Medical Center.

  C. Plaintiffs' Motion for Leave should be denied. Nowhere does the Plaintiffs' Third Amended Original Petition reference that Sheriff Cantu, Deputy Lopez and Deputy Elizardi have been sued in their "individual" capacities relating to Federal Civil Right violations or violations of the Texas Tort Claims Act. Accordingly, Cameron County asserts therefore, that the Plaintiffs' suit against each employee should be construed not as stating any "individual" claims against them but merely in their "official" capacities.

  D. Trusting Sheriff Conrado Cantu, Deputy Sheriff Robert Lopez and Deputy Sheriff Elizardi are indeed sued only in their "official" capacities, then their respective inclusion in a lawsuit that also names Cameron County, Texas as a Defendant is superfluous and unjustifiably harassing. *See Turner v. Houma Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) [suit against government official in official capacity pleads an action only against the government entity of which the official is an agent, and Plaintiff who is awarded damages in an official capacity suit must look only to government entity itself for recovery].

  E. Sheriff Cantu, Deputy Sheriff Robert Lopez and Deputy Sheriff Joe Elizardi could only be sued in their official capacities given the nature of this case. A suit against a person in his official capacity is equivalent to a suit against the entity itself. *Dewitt v. Harris County*, 904 SW2d 650, 653 (Tex. 1995); *Hemstead v. KMIEC, 902 SW2d 118, 122 (Civ.App.-Houston[1st Dist., 1995] no writ.* As the Plaintiffs have already sued the entity, Cameron County, Texas, there is no legal value or practical reason to sue each of the employees.

  F. The doctrine of qualified immunity shields a state official for personal liability for damages under 42 U.S.C. Sec. 1983 when the official's exercise of discretionary authority results in a violation of an individual's federal constitution or statutory rights, unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was prescribed by the Federal Law in which the suit is founded. *Pierce v. Smith*, 117 F.3d 866, 871 (5th

Cir. 1997). The bifurcated test for qualified immunity asks whether the Plaintiff has alleged a violation of a clearly established right and, if so, whether the defendant's conduct was objectively unreasonable. *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). Currently applicable constitutional standards govern the first prong of the analysis. *Id.* at 326. The second prong involves two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the Defendants was objectively unreasonable in the light of that then clearly established law. *Id.* at 326; *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). In their proposed Plaintiffs' Third Amended Original Complaint (as was plead in their prior complaints), the Plaintiffs allege that the deceased died while in the custody at the Cameron County Jail. This fact remains undisputed. The proposed Plaintiffs' Third Amended Original Complaint fails to enunciate facts showing any direct, activity or personal involvement in causing the decedent's death by Sheriff Cantu, Deputy Lopez and Deputy Elizardi. Nowhere do the Plaintiffs plead allegations that any of these individuals participated in any act or omission that in fact caused the death of the decedent. To the contrary, the Plaintiffs allege (without offering competent proof) that the deceased was *murdered* while in the custody of the jail. Nowhere do the Plaintiffs allege any individual involvement in the death by either Sheriff Cantu, Deputy Lopez or Deputy Elizardi.

WHEREFORE, PREMISES CONSIDERED, Cameron County, Texas prays that the court (1) deny Plaintiffs' Motion for Leave to file Plaintiffs' Third Amended Original Complaint; or in the alternative (2) that the Court deny the joinder of former and current employees of the City of Brownsville and Cameron County, Texas as party Defendants sued "individually" as represented in Plaintiffs' Third Amended Original Complaint; and, for such other and further relief that Cameron County, Texas may be entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By:_____
**CRAIG H. VITTITOE**
Federal Bar I.D. No. 18756
State Bar No. 20593900
ATTORNEYS FOR DEFENDANT,
CAMERON COUNTY, TEXAS

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorneys of record, on this the _____ day of February, 2003:

Mr. Alfred R. Valdez
**LIN & VALDEZ, L.L.P.**
6300 Hillcroft, Suite 200
Houston, TX 77081

Ms. Eileen Leeds
**WILLETTE & GUERRA, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78521

Mr. Ricardo J. Navarro
Mr. Brad Shields
**DENTON AND NAVARRO, P.C.**
222 East Van Buren, Suite 405
Harlingen, TX 78550

_____
Craig H. Vittitoe