

United States Courts
Southern District of Texas
FILED
FEB 1 1 2003
Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | } } } } | CIVIL ACTION NO. B-01-062 |
| VS. | } | |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10 | } } } | JURY DEMANDED |

### PLAINTIFFS' RESPONSE TO THE DEFENDANT CITY OF BROWNSVILLE'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiffs filing this their response to the City of Brownsville's Motion to Dismiss, and said Plaintiffs requesting that the Court deny Defendant's motion, and in support thereof would respectfully show unto the Court as follows:

A. INTRODUCTION.

1. Amongst other causes of action, the Plaintiffs brought suit against the City of Brownsville under the Texas Tort Claims Act for the wrongful death of Juan Longoria. The Texas Civil Practice & Remedies Code, Title 5 (Governmental Liability) states that a municipality is liable for damages arising from its governmental functions including police and fire protection and control, and the establishment and maintenance of jails. Texas Civil Practice & Remedies Code, Title 5, Chapter 101, Subchapter B, section 101.0215. The Texas Civil Practice & Remedies Code, Title 5 (Governmental Liability) also states that "a governmental unit in the state is liable for personal injury and death so caused by a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law." Texas Civil Practice &

1

Remedies Code, Title 5, Chapter 101, Subchapter B, section 101.021. The Plaintiffs bring their claim against the City of Brownsville in accordance with the provisions set forth in the Texas Civil Practice & Remedies Code, Title 5 (Governmental Liability).

2.  Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted.

3.  The Plaintiffs file this response requesting that the Court deny Defendant's motion.

B.  ARGUMENT.

4.  When considering Defendant's motion, the Court must construe the factual allegations in the complaint in the light most favorable to the Plaintiffs. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiffs to relief should the Court grant Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 91984). If the factual allegations in Plaintiffs' complaint support any legal theory that entitles Plaintiff to some relief, the Court should overrule Defendant's motion.

5.  As stated above, one of the causes of action against the City of Brownsville was brought under the Texas Tort Claims Act.

6.  In Plaintiffs' Second Amended Complaint, the Plaintiffs set forth the following factual allegations and alleged, in part, that the City of Brownsville did the following:

> 4.6. On April 10, 2001, Juan Longoria went to a Circle K store in Brownsville, Texas, and he locked himself into the office of the Circle K store.
> 4.7 Upon information and belief, Juan Longoria locked himself in the office because he believed that someone was going to kill or injure him.
> 4.8 An employee of the Circle K store called the Brownsville Police Department, complaining that Juan Longoria would not leave the office.
> 4.9 Juan Longoria was not injured, bruised, or bleeding when the John Does 1-3, unknown officers of the Brownsville Police Department, arrived at the Circle K.

2

4.10   Upon arrival at the Circle K store, the City of Brownsville police officers proceeded to arrest Juan Longoria.

4.11   Upon information and belief, Juan Longoria was confused and hallucinating when the police officers began to arrest him. ...

4.22   While in the City of Brownsville jail, Juan Longoria was taken to a hospital for medical treatment.

4.23   While at the hospital, the medical personnel cleared Mr. Longoria to return back to the City of Brownsville jail facility, however, per the doctor's order, Mr. Juan Longoria was to be kept "under close observation."

4.24   Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria was not taken to an infirmary (medical center) at the jail facility.

4.25   Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria was not kept under close observation by personnel properly trained to handle Mr. Longoria's medical condition.

4.26   Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria was not kept under close observation by the City of Brownsville personnel as required by the doctor.

4.27   Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria was placed in a single cell.

4.28   Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria was physically restrained with some form of restraining objects. ...

4.32   Upon being returned to the City of Brownsville Police Department jail facility

from the hospital, and while in custody with the City of Brownsville Police Department, the City of Brownsville Police Department personnel did not report to any doctor or medical personnel that Juan Longoria continued to hallucinate that someone was attempting to kill him, that he continued to talk to himself, that he continued to attempt to hurt himself, and that he had to be restrained.

4.33   Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, the City of Brownsville Police Department personnel did not report to any doctor or medical personnel that Juan Longoria continued to hallucinate that someone was attempting to kill him, that he continued to talk to himself, that he continued to attempt to hurt himself, that he had to be restrained, and that he had to be removed during an arraignment because of his behavior in front of a municipal court judge.

4.34   Juan Longoria was eventually taken to the Cameron County, Texas jail.

7.   In reviewing the case law submitted by the Defendant, it would appear that those allegations that do not assert a "personal injury and death so caused by a condition or use of tangible personal or real property" probably should be dismissed. However, it is the Plaintiffs' position that those negligence allegations asserted under the Texas Torts Claims Act which involve the use of the jail cell (real property) and the use of restraints (personal property) should not be dismissed. It is the position of the Plaintiffs that the use of the jail cell and restraints by the City of Brownsville Police Department was negligent and a proximate cause of the injuries and damages sustained by the Plaintiffs; to this extent, it is the position of the Plaintiffs that they have sufficiently alleged facts necessary to establish a negligence cause of action under the Texas Torts Claims Act as to the City of Brownsville.

C.   CONCLUSION.

8.   Because Plaintiffs' factual allegations support a claim upon which relief can be granted, the Court should deny the City of Brownsville's Motion to Dismiss to the extent that the Plaintiffs' complaint sets forth allegations concerning the use of a city jail cell (real property) and the use of

4

restraints (personal property). Additionally, if the Court should find that the Plaintiffs failed to state a claim, the Plaintiffs ask the Court to grant leave to amend the complaint.

Respectfully submitted,

By: _____/s/ A. R. Valdez_____
Alfred R. Valdez
Federal ID 6389
State Bar No. 20426200
6300 Hillcroft, Suite 200
Houston, Texas 77081
(713) 271-0719
(713) 270-8134 fax
Attorney for the Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above was served on the opposing party on 10 FEB. 2003.

_____/s/ A. R. Valdez_____
Alfred R. Valdez

5