IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIA LONGORIA and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased, Plaintiffs, § § § § § § § § § VS. § § CAMERON COUNTY, TEXAS, § THE CITY OF BROWNSVILLE, TEXAS, § and JOHN DOES 1-10, § Defendants. § | CIVIL ACTION NO. B-01-062 (JURY REQUESTED) |

**DEFENDANT THE CITY OF BROWNSVILLE'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES **THE CITY OF BROWNSVILLE, TEXAS**, one of the named Defendants in the above-styled and numbered cause, and files this its Reply to Plaintiffs' Response to Defendant's Motion to Dismiss and in support thereof, would respectfully show unto the court as follows:

**I.**

The Plaintiffs brought suit against Defendants the City of Brownsville and Cameron County on April 25, 2001, as a result of the death of Juan Longoria. Plaintiffs alleged constitutional violations against the Defendants, as well as violations of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE §101.001 *et seq.* On January 23, 2003, Defendant the City of Brownsville filed its Motion to Dismiss concerning the vast majority of state law claims brought against it inasmuch as these claims are not actionable under the Tort Claims Act.

## II.

Plaintiffs, in their response to Defendant's Motion to Dismiss argue that their claims based on the tangible use of property, <u>ought</u> to dismissed. Nonetheless, they urge this court to deny said motion as they claim Juan Longoria's injuries were caused either by the use of a jail cell or the use of restraints. There is no evidence provided by Plaintiffs to substantiate these allegations. Moreover, Plaintiffs' argument is without merit inasmuch as the causes of action which Defendant seek to be dismissed do <u>not</u> involve a condition of City property or a City employee's negligent use of tangible property.

The injury of which Plaintiffs complain must be proximately caused by the governmental entity's use of tangible property. TEX. CIV. PRAC. & REM. CODE §101.021; *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998) ("Property does not cause injury if it does no more than furnish the condition that makes the injury possible.")(citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex.1995)). "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583 (Tex.2001.) Mere involvement of property is not enough; use of that property must have actually caused the injury in question. *Id.* The nature of the claims which Defendant seeks to be dismissed is that the City failed to take particular action, not that this Defendant's jail cell or shackles caused injury to the decedent. Such claims do not create a cause of action under the Tort Claims Act. TEX. CIV. PRAC. & REM. CODE §101.021.

Accordingly, Defendant the City of Brownsville would respectfully request this court dismiss allegations (a)-(t) and (v) of Plaintiffs' Second and/or Third Amended Original Complaint, since these allegations are not actionable under the Texas Tort Claims Act.

WHEREFORE, PREMISES CONSIDERED, Defendant the City of Brownsville prays that upon hearing, its Motion to Dismiss be granted, that Plaintiffs take nothing by their suit, that this Defendant recover all costs incurred herein, and that this Defendant have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on this _20_ day of February, 2003.

                                          Respectfully submitted,
                                          WILLETTE & GUERRA, L.L.P.
                                          International Plaza, Ste. 460
                                          3505 Boca Chica Blvd.
                                          Brownsville, Texas 78521
                                          Telephone: (956) 541-1846
                                          Facsimile:  (956) 541-1893

                                          By:_____
                                          Eileen Leeds
                                          State Bar No. 00791093
                                          Federal I.D. No. 16799
                                          Attorney in Charge

                                          Amy Lawler Gonzales
                                          State Bar No. 24029579
                                          Federal I.D. No. 28489

## CERTIFICATE OF SERVICE

I hereby certify that on this  20  day of February 2003, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CM/RRR #**
Mr. Alfred R. Valdez
Law Office of Alfred R. Valdez

7520 Hillcroft
Houston, TX 77081
*Plaintiff's attorney*

**VIA REGULAR MAIL**
Mr. Craig Vittitoe
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551
*Attorney for Defendant Cameron County*

_____
Eileen M. Leeds

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA LONGORIA and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased, Plaintiffs, | § § § § § § § § | |
| VS. | § § § | CIVIL ACTION NO. B-01-062 (JURY REQUESTED) |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10, Defendants. | § § § § | |

## ORDER OF DISMISSAL

On this the _____ day of _____, 2003, came on for consideration Defendant the City of Brownsville's Rule 12(b)(6) Motion to Dismiss.

Having examined same and considered the arguments of counsel, this Court is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss is GRANTED.

It is further ORDERED that allegations (a)-(t) and (v) as contained in pages 20-23 of Plaintiffs' Second Amended Original Complaint brought by Plaintiffs, Maria Longoria and Maria Idalia Gutierrez, against the Defendant City of Brownsville are DISMISSED with prejudice.

SIGNED on this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Ms. Eileen M. Leeds, Willette & Guerra, L.L.P., 3505 Boca Chica, Ste. 460, Brownsville, Texas 78521

Mr. Alfred R. Valdez, Law Office of Alfred R. Valdez, 7520 Hillcroft, Houston, TX 77081

Mr. Craig Vittitoe, Adams & Graham, L.L.P., P.O. Drawer 1429, Harlingen, Texas 78551