IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 0 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARIA LONGORIA, ET. AL | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-062 |
| CAMERON COUNTY, TEXAS, ET. AL | § § § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on September 3, 2003, the Court considered the following motions and the responses thereto: Plaintiffs' Motion for Continuance and Extension of Time to File Response to Defendant City of Brownsville, Texas' Motion for Summary Judgment [Dkt. No. 48]; Defendant City of Brownsville's Motion to Dismiss [Dkt. No. 52]; and Plaintiffs' Motion for Leave to File Third Amended Complaint [Dkt. No. 53].

### I. Factual and Procedural Background:

Maria Longoria and Maria Idalia Gutierrez, individually and on behalf of the estate of Juan Longoria, deceased, bring this lawsuit against Cameron County, Texas, the City of Brownsville, and various unnamed and unknown police officers employed by the Brownsville Police Department and the Cameron County Sheriff's Department. This case arises out of the alleged events that occurred on or around April 10-12, 2001, during and after the arrest of Juan Longoria by the Brownsville Police Department. Plaintiffs allege the defendants beat and choked Juan Longoria, which resulted in his death. They bring causes of action under 42 U.S.C. § 1983, and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Additionally, Plaintiffs

bring suit under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code § 101.001 et. seq.

## II. Plaintiffs' Motion for Continuance and Extension to File Response to Defendant City of Brownsville, Texas' Motion for Summary Judgment [Dkt. No. 48]:

Plaintiffs argue that because Defendant City of Brownsville submitted a motion for summary judgment approximately ten months before the discovery deadline in this case and approximately 11 months before the dispositive motion deadline, they should be given additional time to conduct the depositions of 24 specifically listed individuals. See Pls' Motion, at pp. 3-4. Plaintiffs cite some scheduling difficulties contributing to the need for additional time. Additionally, they attach an affidavit verifying the information contained in their motion for an extension of time. Plaintiffs lodge their request pursuant to Federal Rule of Civil Procedure 56(f).

Defendant City of Brownsville objects to the extension of time arguing that "[i]t would be unduly burdensome for the Defendant City of Brownsville to be retained in a case in which the evidence does not reveal any liability for said defendant." Def's Opposition to Plaintiffs' Motion, at p. 2 [Dkt. No. 51]. Defendant states Plaintiffs have had ample time to gather evidence in this case "during the one year and eight months" between the decedent's death and the filing of this suit. Id.

Federal Rule of Civil Procedure 56(f) states:

> [s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that a party cannot for reasons stated present by affidavit facts essential to jusify the party's opposition, the cour may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986) (stating that a court may authorize a continuance of time to respond to a motion for summary judgment when additional discovery is necessary for the response). "Rule 56(f) motions are generally favored and should be liberally granted." Beattie v. Madison

County Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001). The burden for receiving an extension to respond to the motion for summary judgment is not a heavy one. See Union City Barge Line, Inc. v. Union Carbide Corp., 823 F.2d 129, 137 (5th Cir. 1987). Nevertheless, the movant must specify his need for a continuance by presenting facts explaining his inability to respond. See id. See also Stearns Airport Equip. Co. v. FMC Corp. 170 F.3d 518, 535 (5th Cir. 1999). See also Union City, 823 F.2d at 137 (holding that more than vague assertions are necessary to support an extension of time). See also Washington v. Armstrong World Indus., Inc., 839 F.2d 129, 137 (5th Cir. 1987) (holding that general assertion that more discovery may unearth new facts is not sufficient). Finally, the movant must also demonstrate he has made attempts at conducting discovery in order to facilitate a response to the motion. See Beattie, 254 F.3d at 606 (indicating that movant must establish some diligence in pursuing discovery).

Plaintiffs theoretically could have presented a more specific need for additional discovery. Given the fact, however, that Defendant City of Brownsville's Motion for Summary Judgment was filed nearly ten months before the discovery deadline, and the movant did express the need to take depositions of specific individuals who came into contact with the deceased as well as persons familiar with the procedures employed by the City, the Court finds the requirements of Rule 56(f) have been met. Plaintiffs indicated that they attempted to complete the depositions of at least some relevant individuals, but were unable to complete these depositions because of scheduling conflicts.

Weighing the above factors, the Court finds that Plaintiffs have made a sufficient showing that an extension of time to file a response is warranted. As a result, the Court **GRANTS** Plaintiffs' Motion for Extension of Time [Dkt. No. 48]. For the purpose of internal docket management, the Court **DENIES WITHOUT PREJUDICE** Defendant City of Brownsville's Motion for Summary Judgment [Dkt. No. 45]. Plaintiffs have now had ample opportunity to conduct discovery. Defendant City of Brownsville may re-urge its motion at any time. Plaintiffs will have the usual time prescribed by the local rules to respond to any renewed motion for summary judgment.

### III. Plaintiffs' Motion for Leave to File Third Amended Complaint [Dkt. No. 53]:

Plaintiffs seek to add: Ben Reyna, the Chief of Police for the Brownsville Police Department during the time period of the alleged incidents, Eliborio Rios, the Jail Administrator with the Brownsville Police Department, Conrado Cantu, the Sheriff for Cameron County, Captain Robert Lopez, a deputy sheriff for Cameron County, and Captain Joe Elizardi, the Jail Administrator with the Cameron County Sheriff's Department. Additionally, Plaintiffs seek to add to the law suit, Dr. Khadim Hussain and Dr. Ian Richardson, whom Plaintiffs allege were negligent in providing medical care and attention to Juan Longoria while he was a patient at the Brownsville Medical Center emergency room on or about April 2001. See Pl's Motion for Leave to File Third Amended Original Cmplt. The Court **GRANTS in part and DENIES in part** Plaintiffs' motion.

In essence, both the City of Brownsville and Cameron County oppose the addition of certain city and county employees in their individual capacities under section 1983 because they argue such addition would be futile in light of the employees' entitlement to qualified immunity. Additionally, the City and County oppose adding these same parties because Plaintiffs fail to allege in the third amended complaint that they are suing them in their individual capacities.

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Pleading should never become "a game of skill in which one misstep by counsel may be decisive to the outcome." Conley v. Gibson, 355 U.S. 41, 48 (1957). Rather, the courts should endorse "the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. Although it lies within the Court's discretion to grant leave to amend a complaint, there must be a substantial reason for denying leave and thus precluding the determination of claims on the merits. See Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981).

The Court may consider whether undue delay or prejudice will result to the non-movant, bad faith or dilatory motives are evidenced by the movant, the movant

repeatedly failed to cure deficiencies, or amendment to the complaint would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). See also J.R. Stripling v. Jordan Prod. Co., L.L.C., 234 F.3d 863, 872-73 (5th Cir. 2000). The definition of futile in this context means that "the amended complaint would fail to state a claim upon which relief could be granted," the determination of which is guided by the legal standards applying to Rule 12(b)(6) motions. Id. at 873. The Court, therefore, may only deny relief on the grounds that it is futile "if it appears beyond doubt that the Plaintiff[s] can prove no set of facts in support of their claim which would entitle [them] to relief." Id. (internal quotations and citations omitted).

As in its analysis of a Rule 12(b)(6) motion to dismiss, the Court must take the complaint in the light most favorable to the Plaintiffs and assume the allegations are true. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The question is not, therefore, whether Plaintiffs will ultimately prevail, but rather whether the Plaintiffs have plead facts sufficient to entitle them to offer evidence to prove their claims. See Johnson v. Dallas Ind. School Dist., 38 F.3d 198, 199 (5th Cir. 1994).

In the Fifth Circuit, contrary to the law in sister circuits, the failure to expressly indicate whether parties are named in their individual capacity is not fatal alone. See Parker v. Graves, 479 F.2d 335, 336 (5th Cir. 1973); Dillon v. Jefferson County Sheriff's Dept., 973 F. Supp. 628, 631 n. 5 (E.D. Tex. 1997). Although Plaintiffs' complaint is ambiguous and largely reproduces the allegations made in the second amended complaint, the Court cannot say Plaintiffs did not allege a section 1983 claim against Ben Reyna and Eliborio Rios individually. Plaintiffs allege these individuals failed to have certain policies in place "that would properly monitor prisoners with alcohol problems and . . . provide proper and timely medical care." Pl's Third Amended Cmplt., at ¶¶ 5.10, 5.11, 5.12. Additionally, Plaintiffs allege these failures were the proximate cause of the decedent's death and were the result of deliberate indifference by these individuals. See id. To the extent that Plaintiffs allege these individuals did not "have certain policies in place," Plaintiffs have alleged the personal involvement of Reyna and Rios. The Court cannot say Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. The Court **GRANTS** Plaintiffs' motion to add Reyna

and Rios as defendants in their individual capacities.

Of course, state actors sued in their individual capacities may invoke the defense of qualified immunity. See Kipps v. Caillier, 197 F.3d 765, 768 (5th Cir. 1999). Qualified immunity shields public officials acting within the scope of their official duties from civil liability. See id. Further, this immunity shields government officials performing discretionary acts from liability "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).

In their opposition to the amendment of this complaint, Defendants raise the defense of qualified immunity. As a result, the Court **ORDERS** Plaintiffs to file a Rule 7(a) reply to the defense of qualified immunity, which will include detailed facts supporting the contention that the plea of qualified immunity cannot be sustained. See Brown v. Valmet-Appleton, 77 F.3d 860, 863 n. 11 (5th Cir. 1996). This reply shall be filed no later than Sept. 30, 2003, at 4:00 p.m. Subsequent to this Rule 7(a) filing, the Court will entertain motions for dismissal or summary judgment concerning the defense of qualified immunity. Of course, in these motions the parties are free to raise any other issues on which they wish the Court to rule.

Plaintiffs also seek to amend their complaint by adding Captain Robert Lopez, a deputy sheriff with the Cameron County Sheriff's Department and Captain Joe Elizardi, a Jail Administrator with the Cameron County Sheriff's Department. Unlike the allegations brought against Police Chief Reyna and Jail Administrator Rios, the allegations brought against Lopez and Elizardi appear to be brought only in their official capacities. Plaintiffs do not allege that Lopez and Elizardi failed to develop or employ certain policies, or that Lopez and Elizardi personally violated the decedent's constitutional rights. Rather, Plaintiffs ambiguously group these individuals together with other "agents, servants, and officers" and list numerous alleged failures of the Cameron County Sheriff's Department. Indeed, the allegations listed in paragraph 5.19 of the third amended complaint, subparts a) through r), repeatedly name only the failures of the Cameron County Sheriff's Department. Furthermore, paragraph 5.21 states, "[e]ach of the above-described civil rights violations proximately caused

damages and/or death to Juan Longoria and to Plaintiffs, and said conduct was the deliberate indifference by the Defendants to the civil rights of Juan Longoria. Each of the above-described civil rights violations was the direct result of policies, customs, or practices or the lack thereof of the Defendants . . . " Pls' Third Amended Cmplt., at p. 24, ¶ 5.21. These broad allegations do not raise claims against Lopez and Elizardi individually because there is no assertion that Lopez and Elizardi personally committed constitutional violations or that they personally failed to form or implement certain policies or they personally implemented unconstitutional policies. The Court accordingly **DENIES** Plaintiffs' motion to add Lopez and Elizardi as defendants in their individual capacities.

To the extent that paragraph 5.19 of the amended complaint seeks to add Conrado Cantu, the Sheriff for Cameron County, the Court finds the allegations suffer from the same vagueness as those allegations against Lopez and Elizardi. Paragraph 5.19 traces the exact language of paragraph 5.11 of the second amended complaint. The allegations again describe the "failures of Cameron County Sheriff's Department" in subparts a) through r). Nothing suggests the failures were the result of Sheriff Cantu's policies specifically, and thus Plaintiffs have failed to allege that Cantu personally violated the decedent's constitutional rights. This paragraph is structured in such a way that it appears Cantu is named in his official capacity only, which is redundant given the fact that the Cameron County Sheriff's Department is already named as a defendant. If Plaintiffs wanted to bring an individual claim against Cantu or the others, they should have crafted allegations that clearly raised claims against these parties in an individual capacity. The Court **DENIES** Plaintiffs' motion to add Conrado Cantu as a defendant in his individual capacity.

Additionally, Plaintiffs seek to add Conrado Cantu, the Cameron County Sheriff, to their third cause of action, a claim of negligence against Cameron County under the Texas Tort Claims Act. Plaintiffs use the exact language used in their second amended complaint, which alleges various failures of "the Cameron County Sheriff's Department," and grafts these allegations into the third amended complaint, albeit with the addition of Conrado Cantu's name in the general heading. The Texas Tort Claims Act does not

govern suits brought directly against an employee of the State, regardless of the capacity in which he acted. Perales v. Kinney, 891 S.W.2d 731, 733 (Tex. App.-- Houston, 1st Dist. 1994, no writ). The Act provides: "[t]he pleadings of the suit must name as defendant the governmental unit against which liability is to be established." Tex. Civ. Prac. & Rem.Code, § 101.102(b).

Because Cantu, as the Sheriff of Cameron County, is not an entity distinct from the county, it is redundant to name Cantu in his official capacity and also name Cameron County. See City of Hempstead v. KMIEC, 902 S.W.2d 118, 123 (Tex. App. - Houston 1st Dist. 1995, no writ). See also Bowles v. Wade, 913 S.W.2d 644, 649 (Tex. App. - Dallas 1995, writ denied), abrogated on other grounds, Essenburg v. Dallas County, 988 S.W.2d 188 (Tex. 1998). As a result, the Court **DENIES** Plaintiffs' motion to add Cantu as a defendant in his individual capacity under the third cause of action for negligence under the Texas Tort Claims Act.

Finally, Plaintiffs seek to add Drs. Khadim Hussain and Ian Richardson, bringing a claim against these individuals for negligence. The Defendants do not specifically object to their addition as parties. The Court **GRANTS** Plaintiffs' Motion to add these parties.

### IV. Defendant City of Brownsville's Motion to Dismiss [Dkt. No. 52][1]:

Plaintiffs bring a claim against the City of Brownsville based on negligence under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code § 101.001 et seq. These negligence claims are comprised of alleged failures of the City to provide proper care to the deceased while he was held in the City jail facility. See Pl's Second Amended Cmplt., at pp. 18- 24, ¶¶ 6.9 a) through t) and v).[2] Defendant City of Brownsville argues Plaintiffs' negligence claims, with the exception of paragraph 6.9, subpart u)

---

[1] According to the Court's docket Defendant Cameron County has not filed a motion to dismiss.

[2] The Court references Plaintiffs' second amended complaint as the Court had not yet ruled on Plaintiffs' motion for leave to file the third amended complaint at the time Defendant filed its motion to dismiss. Plaintiffs' negligence cause of action against the City is identical, however, in both the second and third amended complaints.

(concerning Defendant City of Brownsville's alleged negligence in slamming the door of the patrol car on Juan Longoria's leg), should be dismissed for failure to state a cognizable claim under the Texas Tort Claims Act. See Def's Motion to Dismiss, at p. 2-3.

Plaintiffs state in their response, "[i]n reviewing the case law submitted by the Defendant, it would appear that those allegations that do not assert a 'personal injury and death so caused by a condition or use of tangible personal or real property' probably should be dismissed." Pl's Response, at p. 4. Plaintiffs also state, however, that those actions that involve the use of the jail cell and the use of restraints should not be dismissed under the Texas Tort Claims Act. For the reasons that follow, the Court disagrees and dismisses all negligence claims against the City, leaving only the negligence claim raised in paragraph 6.9, subpart u.

Under Texas law, a governmental entity is immune from tort liability unless the legislature has waived immunity. See Dallas County Mental Health and Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998) (citing Harris County v. Dillard, 883 S.W.2d 166, 168 (Tex. 1994)). Plaintiffs bring their negligence cause of action under section 101.021 of the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code § 101.001 et seq. This section of the Act states,

> A governmental unit in the state is liable for:
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> (B) the employee would be personally liable to the claimant according to Texas law; and
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would were it a private person, be liable to the claimant according to Texas law.

The Supreme Court of Texas has held that the property must be more than

merely involved in bringing about the injury. Stated differently, "[p]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible." Bossley, 968 S.W.2d at 343 (citing Union Pump Co. v. Allbritton, 898 S.W.2d 773, 776 (Tex. 1995)). For example, in Dallas County Mental Health and Mental Retardation v. Bossley, the Court held that although unlocked doors permitted the patient's escape and triggered a sequence of events that led to his death, "the use and condition of the doors were too attenuated from [the decedent's] death to be said to have caused it." Bossley, 968 S.W.2d at 343.

Plaintiffs have not alleged that the use or condition of real or personal property caused the death of Juan Longoria. Although Plaintiffs assert Longoria was placed in a jail cell, they do not allege the use or condition of the cell caused his death. Nor do they allege the use or condition of restraints caused his death. C.f. Overton Memorial Hospital v. McGuire, 518 S.W.2d 528 (Tex. 1975) (holding that immunity was waived under section 101.021(2) where Plaintiffs alleged injury after a patient fell out of a hospital bed that lacked side rails because the injury was directly related to the lack of restraints on the bed). Cases such as these are limited and apply "to claims in which a Plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiffs' injuries." Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996).

Plaintiffs' allegations in this case do not fall into the above category of cases and predominantly involve alleged failings of City employees to make certain discretionary decisions. For example, Plaintiffs allege a "failure to train employees concerning the correct manner to handle a medical condition similar to that of Juan Longoria" in part caused Longoria's death. See Pl's Second Amended Cmplt., at p. 28, ¶ 6.9 (m). The allegations do not involve the use or condition of real or personal property. Rather, Plaintiffs allege the failure of employees to take certain actions. C.f., Kerrville State Hosp., 923 S.W.2d at 585 (failure to provide specific form of medication not actionable); Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994) (failure to provide medication is a non-use of property and does not constitute an actionable claim). Nor do Plaintiffs' claims involve negligence in implementing an already existing policy, which is not barred by

10

sovereign immunity. See Texas Dep't of Public Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001). Thus, the Court **DISMISSES** Plaintiffs' allegations of negligence against the City in paragraph 6.9, subparts a) through t) and v). Plaintiffs' allegations of negligence against the City in paragraph 6.9, subpart u) remains.

### V. Conclusion

The Court acknowledges that by adding additional parties, the scheduling order will need to be amended. The Court does not, however, anticipate a lengthy delay. Any amendments to the scheduling order do not preclude the City of Brownsville from re-urging its motion for summary judgment at any point. Nor are the City and County precluded from submitting at any time other dispositive motions they wish the Court to address. Parties need not wait until the dispositive deadline to file their motions.

In conclusion, the Court:

1. **DENIES WITHOUT PREJUDICE** Defendant City of Brownsville's Motion for Summary Judgment [Dkt. No. 45];

2. **GRANTS** Plaintiffs' Motion for Extension of Time to File Response [Dkt. Nos. 48-1 & 48-2];

3. **GRANTS** Defendant City of Brownsville's Motion to Dismiss [Dkt. No. 52]; and

4. **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Leave to File Third Amended Complaint [Dkt. No. 53].

Additionally, the Court **ORDERS** Plaintiffs to file a Rule 7(a) Reply no later than 4:00 p.m. on September 30, 2003.

DONE at Brownsville, Texas, this 3rd day of September, 2003.

Hilda G. Tagle
United States District Judge

11