IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIA ALEXANDRA LONGORIA and MARIA IDALIA GUTIERREZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JUAN LONGORIA, DECEASED | ) ) ) ) ) ) |
| VS. | ) CIVIL ACTION NO. B-01-062 |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, AND JOHN DOES 1-10 | ) ) A JURY IS DEMANDED ) ) |

### CAMERON COUNTY'S SECOND AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant Cameron County ("County") and files its Second Amended Original Answer to Plaintiffs' Third Amended Complaint, and states:

1. County denies Plaintiffs' allegations except those expressly admitted herein.

2. County admits Paragraphs 1.3, 1.10, 1.11, 1.12, 2.1, 3.1, 3.2, 4.10, 4.34, 4.39, and 10.1 of Plaintiffs' Third Amended Original Complaint.

3. With regard to Paragraphs 4.43, 4.44 and 4.45 of Plaintiffs' Third Amended Original Complaint, County admits that what is stated in the averment contains fragments of the referenced document. The County denies the entire findings in that document. It denies that such findings are supported by evidence or meet the standard of admission under Federal Rules of Evidence 702 or 703.

4. County denies Paragraphs 4.3, 4.37, 4.38, 4.40, 4.41, 4.42, 4.46, 4.48, 4.49, 4.50, 4.51, 4.52, 4.53, 4.54, 5.1, 5.4, 5.5, 5.6, 5.13, 5.14, 5.19, 5.20, 5.21, 5.22, 7.1, 7.5, 7.7, 7.9, 7.10, 7.11,

7.12, 7.13, 7.14, 9.1, 9.2, 9.3, 9.4, 9.5, 9.6, and 9.7 of Plaintiffs' Third Amended Original Complaint.

5. County is without knowledge of information sufficient to form a belief as to the truth of Paragraphs 1.1, 1.2, 1.4, 1.6, 1.7, 1.8, 1.9, 4.2, 4.4, 4.5, 4.6, 4.7, 4.8, 4.9, 4.11, 4.12, 4.13, 4.14, 4.15, 4.16, 4.17, 4.19, 4.20, 4.21, 4.22, 4.23, 4.24, 4.25, 4.26, 4.27, 4.28, 4.29, 4.30, 4.31, 4.32, 4.33, 4.35, 4.36, 5.2, 5.3, 5.7, 5.8, 5.9, 5.10, 5.11, 5.15, 5.16, 5.17, 5.18, 6.1, 6.2, 6.3, 6.4, 6.5, 6.6, 6.7, 6.8, 6.9, 6.10, 6.11, 6.12, 8.1, 8.2, and 8.3 of Plaintiffs Third Amended Original Complaint.

6. County denies Paragraph 4.18 of Plaintiffs' Third Amended Original Complaint and objects to the introduction of evidence of other incidents of police brutality in the trial on the merits.

7. County admits so much of Paragraph 4.42 of Plaintiffs' Third Amended Original Complaint as such alleges that Defendant Juan Longoria was found dead on April 12, 2001; the remainder is denied.

8. County admits so much of Paragraph 4.47 of Plaintiffs' Third Amended Original Complaint that states he was alone in the cell, but limited to the time after he was placed in the single cell. County is without knowledge of information sufficient to form a belief as to the truth of the remainder of 4.47.

9. County denies so much of Paragraph 1.5 of Plaintiffs' Third Amended Original Complaint that states that Cameron County Sheriff's Department "John Does" beat and choked Juan Longoria. County is without knowledge or information sufficient to form a belief as to the truth of the balance of Paragraph 1.5.

10. County admits to much of Paragraph 4.1 of Plaintiffs' Third Amended Original Complaint that states that this case arises out of the death of Juan Longoria. County denies that it is responsible for or connected with any beating or choking of Juan Longoria. County is

without knowledge or information sufficient to form a belief as to the truth of the beating or choking of Juan Longoria.

11. County admits so much of Paragraphs 7.2, 7.3, 7.4, 7.6, and 7.8 of Plaintiffs' Third Amended Original Complaint that quotes certain statutes and regulations that they contain that language. County denies that they quote the entire statute or regulations; County denies the rest of the paragraphs.

12. The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983; and, any alleged improper actions of an individual Defendant [or others not named] cannot be vicariously attributed to Cameron County, Texas.

13. County at all times acted in a legislative capacity with respect to the actions it undertook in connection with the operations of the Cameron County Sheriff's Department; and as such, Cameron County, Texas is entitled to a protection from liability under the doctrine of legislative immunity.

14. Plaintiffs' rights, privileges, and immunity secured under either the Constitution or laws of the United States, have not been violated by any action of Cameron County.

15. Plaintiffs cannot recover directly or indirectly from Cameron County upon any state law grounds because of the doctrine of Governmental Immunity.

16. Plaintiffs cannot recover directly or indirectly from this Defendant because the Texas Tort Claims Act does not allow the Plaintiffs' claims. Thus, Cameron County's governmental immunity to suit and liability has not been waived.

17. In the alternative, should it be determined that the Texas Tort Claims Act does apply to Plaintiffs' claims, the County claims all exceptions to waiver and defense under that statute, including:

   a. there is no waiver for exemplary damages; TEX. CIV. PRAC. & REM. CODE, §101.024;

  b. damages are limited as provided in TEX. CIV. PRAC. & REM. CODE, §101.023;

  c. there is no waiver for the failure to provide or the method of providing police protection; TEX. CIV. PRAC. & REM. CODE, §101.055(3);

  d. there is no waiver for acts not required by law or for discretionary acts; TEX. CIV. PRAC. & REM. CODE, §101.056;

  e. there is no waiver for acts that are intentional torts; TEX. CIV. PRAC. & REM. CODE, §101.057.

18. County employees engaged in no conduct which would violate clearly established statutory or constitutional rights, and therefore, they are protected from individual liability under the doctrine of qualified immunity and official immunity.

19. At all times mentioned in the Plaintiffs' Third Amended Complaint the individual County employees were acting in their official capacity. Their alleged actions, if any, were discretionary and made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority. Defendant is not liable because of the official immunity of its employees.

20. Plaintiffs cannot recover punitive damages against Defendant Cameron County, Texas, under any cause of action alleged in Plaintiffs' Third Amended Complaint.

21. In the alternative, Defendant would show that the injuries or death was proximately caused by pre-existing causes, diseases, or conditions. Such pre-existing causes, disease, or conditions were a cause or the sole proximate cause of the death in question.

22. In the alternative, any punitive damages must be limited or barred by TEX. CIV. PRAC. & REM. CODE, §§ 41.005, 41.007, §41.008.

23. In the alternative, if any co-defendant is found legally responsible, Cameron County is entitled to contribution and/or a reduction in any award, as provided by TEX. CIV. PRAC. &

REM. CODE, Chaps. 32 and 33. Their actions were a cause or the sole proximate cause of the death.

WHEREFORE, having fully answered Plaintiffs' Third Amended Complaint, Cameron County prays that the Plaintiffs take nothing thereby and that Cameron County recover its costs and attorney's fees, and that County recover such other relief to which it may be entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By_____
**CRAIG H. VITTITOE**
State Bar No. 20593900
Fed. I.D. No. 18756
**ROGER W. HUGHES**
State Bar No. 10229500
Federal ID No. 5950

Attorneys for *Defendant* CAMERON COUNTY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the counsel of record on this the ___ day of September, 2003.

Mr. Alfred R. Valdez
**LIN & VALDEZ, L.L.P.**
6300 Hillcroft, Suite 200
Houston, TX 77081

*CMRRR # 7002 2410 0002 3603 9915*

Ms. Eileen Leeds
**WILLETTE & GUERRA, L.L.P.**
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, TX 78521



CMRRR # 7002 2410 0002 3603 9922

_____
Craig H. Vittitoe