United States Courts
Southern District of Texas
FILED

OCT 27 2003

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | } } } } | CIVIL ACTION NO. B-01-062 |
| VS. | } } | |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10 | } } } | JURY DEMANDED |

### PLAINTIFFS' UNOPPOSED MOTION FOR CONTINUANCE

The Plaintiffs request the Court to continue this case for at least 120 days to allow the Plaintiffs to conduct additional discovery. The Defendant CameronCounty, Texas does not oppose Plaintiffs' Motion for Continuance. The Plaintiffs have recently settled with the City of Brownsville, Texas. The are no other Defendants from which a conference is required.

A. Introduction.

1. Plaintiffs Maria Longoria and Maria Idalia Gutierrez, Individually and on behalf of the Estate of Juan Longoria, deceased, bring this lawsuit against Cameron County, Texas, the City of Brownsville, Texas, and John Does 1-10. This lawsuit arises out of the death of Juan Longoria while in the custody of the Cameron County Sheriff's Department. The Plaintiffs have recently settled with the City of Brownsville, Texas.

B. Parties.

2.1 Plaintiff Maria Longoria is an individual residing in Cameron County, Texas. She is

1

the mother of Juan Longoria, Deceased.

2.2   Plaintiff Maria Idalia Gutierrez is an individual residing in the state of Florida. She is the daughter of Juan Longoria, deceased. She brings this action both on her own behalf and on behalf of the Estate of Juan Longoria, deceased.

2.3   Defendant Cameron County, Texas is a political subdivision of the State of Texas.

C. Procedural History.

3.1   On 13 August 2002, the Court allowed Alfred R. Valdez to substitute as counsel for the Plaintiffs.

3.2   On 10 September 2002, a scheduling conference was held on the above captioned matter and a new scheduling order was entered.

3.3   The Scheduling Order has the following dates:
   a) New Parties joined by 31 January 2003.
   b) Plaintiffs' experts by 30 May 2003.
   c) Defendants' experts by 30 July 2003.
   d) Discovery completed by 30 September 2003.
   e) Dispositive motions by 30 October 2003.
   f) Docket call and final pretrial conference 8 January 2004.
   g) Jury selection 12 January 2004.

D.   Requested Relief.

4.   The Plaintiffs ask the Court to extend the trial setting and grant additional time of 120 days to conduct discovery. Additionally, should the Court not grant a continuance of the

trial setting, the Plaintiff is not opposed and has agreed that the Defendant Cameron County, Texas may file any dispositive motions by 15 December 2003. However, given the holiday season, the Plaintiffs are requesting a trial setting for late May of 2004, and the date for filing dispositive motions be set for Wednesday, 31 March 2004, and the date for completed discovery by 1 March 2004.

E.  Argument.

5.1  The Plaintiffs are requesting additional time of at least 120 days from the present trial setting and grant additional time to conduct discovery in order to obtain the following depositions:

    1.  Cameron County Sheriff's Department Booking Officer(s) that was/were responsible for accepting Juan Longoria into the Cameron County Jail facility.

    2.  Cameron County Sheriff's Department Sergeant Luis Mendieta

    3.  Cameron County Sheriff's Department Deputy Armando Tenorio

    4.  Cameron County Sheriff's Department Sergeant Felipe Silva

    5.  Cameron County Sheriff's Department Sergeant Luis Alberto Mendieta

    6.  Cameron County Sheriff's Department nurse (LVN) Felipe Esquivel

    7.  Cameron County Sheriff's Department Booking Officer Sylvia Ann Santillana

    8.  Cameron County Sheriff's Department detention officer Francisco Lerma, Jr.

    9.  Cameron County expert Dr. Bux.

    10. Dr. Lawrence Dahm, M.D., medical examiner/pathologist for Cameron County, Texas.

5.2    Statements from the above individuals have been tendered to the Plaintiffs by the Defendant Cameron County, Texas; consequently, these individuals do have information surrounding the death of Juan Longoria. The Plaintiffs cannot procure this information from any other source other than directly from the individuals noted above.

5.3    Although the Plaintiffs have diligently used the discovery process, the Plaintiffs have not been able to secure the depositions noted above. Counsel for the parties have worked well together in efforts to coordinate the various schedules of three (3) attorneys, and during the discovery process, the depositions of 12 individuals have been taken. Additionally, interrogatories and request for production have been answered by the Plaintiffs. Furthermore, the Plaintiffs and the Defendant Cameron County, Texas have submitted themselves to a mediation; unfortunately, the parties did not resolve their dispute. However, as noted earlier, the Plaintiffs and the City of Brownsville have settled.

5.4    This request for continuance is not for delay only, but so that justice may be done.

5.5    As noted above, the Defendant Cameron County, Texas does not oppose Plaintiffs' Motion for Continuance, and there are no other Defendants from which the Plaintiffs need to obtain a certificate of conference.

5.6    The Plaintiffs will suffer actual or substantial prejudice if they are not permitted to take the depositions of these individuals because although statements have been tendered concerning these individuals, the Plaintiffs need to seek additional information concerning training procedures and policy of the Cameron County Sheriff's Department as to these individuals and also more detailed information concerning their knowledge on the death of

4

Juan Longoria.

5.7   It is believed by the Plaintiffs that this request for continuance will not unduly inconvenience the Court because the Plaintiffs are seeking the continuance over two (2) months prior to the trial setting.

F.   Conclusion.

For these reasons, the Plaintiffs ask the Court to continue this case for at least 120 days and to grant additional time to conduct discovery. The Plaintiffs are requesting a trial setting for late May of 2004, and the date for filing dispositive motions be set for Wednesday, 31 March 2004, and the date for completed discovery by 1 March 2004.

Respectfully submitted,

By: _____
Alfred R. Valdez
   Federal ID 6389
   State Bar No. 20426200
   7520 Hillcroft
   Houston, Texas 77081
   (713) 271-0719
   (713) 270-8134 fax
   Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the opposing party on 27 OCT. 2003.

_____
Alfred R. Valdez

## CERTIFICATE OF CONFERENCE

On or about 24 October 2003, the attorney for the Plaintiffs inquired by telephone whether the Defendant Cameron County, Texas would oppose the Plaintiffs filing this motion for continuance. Counsel for the Defendant Cameron County, Texas does not oppose the motion.

_____
Alfred R. Valdez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | CIVIL ACTION NO. B-01-062 |
| VS. | |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10 | JURY DEMANDED |

### VERIFICATION ON PLAINTIFFS' UNOPPOSED MOTION FOR CONTINUANCE

**STATE OF TEXAS**
**COUNTY OF HARRIS**

On this day, Alfred R. Valdez appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said that he has read the Plaintiffs' Motion for Continuance, and that the facts stated in it are within his personal knowledge and are true and correct.

_____
**Affiant**

Sworn to and subscribed before me by Alfred R. Valdez on 27 OCT. 2003.

_____
Notary Public in and for the State of Texas



JANE Y. LEE
Notary Public, State of Texas
My Commission Expires
April 24, 2005