**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 2 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA: | : | |
| GUTIERREZ, Individually and on behalf | : | |
| of the Estate of JUAN LONGORIA, | : | |
| Deceased | : | |
| | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. B-01-062 |
| | : | |
| | : | |
| CAMERON COUNTY, TEXAS, THE | : | |
| CITY OF BROWNSVILLE, TEXAS | : | |
| XAVIER LEE HERNANDEZ, and | : | |
| JOHN DOES 1-10 | : | |

---

## DEFENDANT CAMERON COUNTY, TEXAS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

**CRAIG H. VITTITOE**
Federal Bar I.D. No. 18756
State Bar No. 20593900
**ROGER W. HUGHES**
Federal Bar I.D. No. 5950
State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

ATTORNEYS FOR DEFENDANT,
CAMERON COUNTY, TEXAS

# TABLE OF CONTENTS

Page:

I. The Nature and Stage of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Plaintiffs Abandon the "Choking" Theory . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Plaintiffs Fail to Prove the Death was Caused by a County
           Policy or Custom . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

           1.    No Evidence of Custom or Policy To Deny Medical Attention . . . . 2

           2.    No Evidence of a Failure to Train . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.    No Evidence That Jail Officers Violated Longoria's Due
           Process Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    D.    Plaintiffs Fail to Show How a Condition of Tangible
           Property Caused Longoria's Death . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

           1.    Claim of Negligent Policy Implementation Alone
                   Does Not Waive Immunity Against State Law Claims . . . . . . . . . . 7

           2.    State Regulations Alone Do Not Waive Immunity . . . . . . . . . . . . . 9

           3.    Code of Criminal Procedure Creates No Duty for County
                   and Does not Waive its Immunity . . . . . . . . . . . . . . . . . . . . . . . . . 9

           4.    Door To Cell Was Not a Condition of Property That
                 Cause Juan Longoria's Death . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    E.    Objections to Plaintiffs' Summary Judgement Evidence . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

Page:

Cites:

*Austin v. Johnson*, 328 F.3d 204 (5th Cir. 2003) .............................. 5, 6

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ................................... 3

*Bonham v. Texas Dept. of Bexar County Hosp. Dist.*,
    31 S.W.3d 661 (Tex. App.–San Antonio, *Criminal Justice,*
    101 S.W.3d 153 (Tex. App.–Austin 2003, no pet.) ........................ 11

*Brown v. Grabowski*, 922 F.2d 1097 (3rd Cir. 1990),
    *cert. denied,* 501 U.S. 1218 (1991) ..................................... 7

*City of Brownsville v. Alvarado*, 897 S.W.2d 750
    (Tex. 1995) ........................................................ 8

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) .......................... 3

*City of Orange v. Jackson,* 927 S.W.2d 784
    (Tex. App.–Beaumont 1996, no writ) .................................. 9

*Conner v. Travis County,* 209 F.3d 794 (5th Cir. 2000) ........................ 3

*Cozzo v. Tangipahoa Parish Council,* 279 F.3d 273
    (5th Cir. 2002) ..................................................... 3

*D.R. v. Middlebucks Area Voc. Tech. School,*
    972 F.2d 1364 (3rd Cir. 1992), *cert. denied,*
    506 U.S. 1079 (1993) ............................................... 7

*Dallas County Mental Health and Retardation v. Bossley,*
    968 SW2d 339 (Tex. 1998) ........................................... 10

*Federal Sign v. Texas Southern Univ.,*
    951 S.W.2d 401 (Tex. 1997) .......................................... 9

*Gabriel v. City of Plano,* 202 F.3d 741 (5th Cir. 2000),
    *en banc reh. denied,* 211 F.3d 127 (5th Cir. 2000) ....................... 3

*Hare v. City of Corinth, MS,* 74 F.3d 633
    (5th Cir. 1996)(en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hendrix v. Bexar County Hosp. Dist.,* 31 S.W.3d 661
    (Tex. App.–San Antonio 2000, pet denied) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Nueces County v. Ferguson,* 97 S.W.3d 205
    (Tex. App.–Corpus Christi 2002, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Snyder v. Trepagner,* 142 F.3d 791 (5th Cir. 1998),
    *cert. dism'd by agreement,* 526 U.S. 1083 (1999) . . . . . . . . . . . . . . . . . . . . . . . . 3

*State v. Terrell,* 588 S.W.2d 784 (Tex. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tarrant County Hosp. Dist. v. Henry,* 52 S.W.3d 434
    (Tex. App.–Fort Worth 2001, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Texas Dept. of Public Safety v. Petta,* 44 S.W.3d 575
    (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Texas Natural Res. Conserv. Comm'n v. IT-Davy,*
    74 S.W.3d 849 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*University of Texas Health Science Center at*
    *San Antonio v. Bruen,* 92 S.W.3d 24
    (Tex. App.–San Antonio 2002, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Wagner v. Bay City,* 227 F.3d 316 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


Texas Civil Practice & Remedies Code:

§101.021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

§101.055 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§101.055(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§101.057 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§101.057(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Federal Rules of Evidence:**

Rule 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Rule 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Rule 801(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rule 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Texas Administrative Code:**

§273.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Texas Local Government Code:**

chapter 351 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

§311.034 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

§351.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

§351.015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Federal Statutes:**

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7

---

# DEFENDANT CAMERON COUNTY, TEXAS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant **CAMERON COUNTY, TEXAS** ("County") and files its Reply in Support of its Motion for Summary Judgment , respectfully showing as follows:

## I. The Nature and Stage of the Case

The County moved for summary judgment to dismiss Plaintiffs' claims under (1) 42 U.S.C. §1983, and (2) state law. Dkt # 73. Plaintiffs filed a voluminous Response. Dkt #74. Plaintiffs Response creates no triable issue of fact on any material issue; the County is entitled to judgment.

Discovery has closed. Dkt # 69. The pretrial order is due May 19, 2004 and a pretrial conference is set for June 3, 2004. Dkt # 69.

## II. Argument and Authorities

Plaintiffs Response (Dkt #74) offers stacks of deposition testimony with no analysis and minimal argument. Indeed Plaintiffs' ignore the Court's local civil rule 5.I that deposition citations be to page and line. Bulk is no substitute for analysis; litigants should not just drop a stack of depositions on the court in hopes that the court can scavenge a triable issue of fact. A careful review of their evidence shows they still lose.

1

**A.    Plaintiffs Abandon the "Choking" Theory**

The Response nowhere advances the alleged "choking" theory.  Rather, the Response concedes the death resulted from a failure to provide medical attention.  Response, p. 4; dkt # 74.  Therefore, that claim should be dismissed.

**B.    Plaintiffs Fail to Prove the Death was Caused by a County Policy or Custom**

1.    No Evidence of Custom or Policy To Deny Medical Attention

The County's motion, pp. 12-17, details Plaintiffs must prove that constitutional violation resulted from a County policy or custom adopted or ratified by a final policymaker with deliberate indifference. Dkt #73.  Plaintiffs offer no evidence or argument that the County Commissioners or the Sheriff promulgated a defective rule or knew of and tolerated a custom or an unconstitutional practice, much less did so with deliberate indifference.

Instead, their entire argument is that the detention officers failed to follow the existing policies.  Response, pp. 17-18; dkt #74.  This is the opposite of what they must prove. Because they, in effect, admit the death resulted from a failure to follow policy, the federal claims must fail.

2.    No Evidence of a Failure to Train

Plaintiffs assert that Sheriff Cantu did not provide the detention officers with specific classes on the CCSD Jail Plan ("Plan").  This mischaracterizes the testimony, but that evidence still falls short of what a "failure to train" theory requires.  Notably, even Plaintiffs' corrections expert has no criticism of CCSD training.  Pltf exh. 18; Dkt # 74.

In order to hold the County liable under section1983 under a "failure to train" theory,

Plaintiffs must show:

(1)     the training procedures of the municipality's policymaker were inadequate;

(2)     the policymaker was deliberately indifferent in adopting the training policy; and

(3)     the inadequate training policy directly caused the constitutional violation.

*Cozzo v. Tangipahoa Parish Council,* 279 F.3d 273, 286-87 (5th Cir. 2002); *Baker v. Putnal,* 75 F.3d 190, 200 (5th Cir. 1996) *citing City of Canton, Ohio v. Harris,* 489 U.S. 378, 385-86 (1989). Proof of a single instance, rather than a pattern of violations, is insufficient to show deliberate indifference or that the failure to trained caused the injury. *Cozzo,* 279 F.3d at 286-87; *Snyder v. Trepagner,* 142 F.3d 791, 798-99 (5th Cir. 1998),*cert. dism'd by agreement,* 526 U.S. 1083 (1999). A claimant must prove either (1) the County consciously chose to not train officers after being on notice that its current regimen had failed to prevent misconduct and injuries; or (2) a single incident with proof of the possibility of recurring situations that presents an obvious potential for violations of constitutional rights and the need for training. *Conner v. Travis County,* 209 F.3d 794, 797 (5th Cir. 2000); *Gabriel v. City of Plano,* 202 F.3d 741, 745 (5th Cir. 2000), *en banc reh. denied,* 211 F.3d 127 (5th Cir. 2000). Mr. Longoria's unfortunate death was an isolated, single incident; it falls far short of this demanding standard.

Moreover, there was no reason to specifically train on the Plan requirements. The Plan (Exh. 9, dkt #73) was promulgated by the Texas Commission on Jail Standards ("TCJS"); the Plan tracked TCJS statewide standards. Pltf Exh. 2, pp. 68(l. 23)-69(l.9), p.

3

74 (l. 7-13). It is typical of jail operation plans. Pltf Exh. 2, p. 75(l. 14-23). The standards described in the Plan are taught in TCLEOSE and TCJS seminar throughout the state. Pltf Exh. 2, pp. 69(l. 15)-70(l. 23).

Officer Elizarde was the CCSD jail training officer and the captain of the jail division. Pltf Exh. 2, p. 6(l. 4)-8(l. 2). He has been a certified detention officer for 18 years and has many hours of training from the TCJS/TCLEOSE. Pltf Exh. 2, pp. 7(l. 14-20), 70(l. 5)-71(l. 24). He was familiar with the standards in the Plan. Pltf Exh. 2, p.75 (l. 14-23). The shift sergeant for each shift on that day was officer Silva (7:00 a.m. to 3:00 p.m.), Officer Tenorio (3:00 p.m. to 11:00 p.m), and Officer Mendietta (11:00 p.m. to 7:00 a.m.). Each had 808 hours, 541 hours, and 670 hours respectively of certified training by the TCJS. Exhs. 18-20. Detention officers are trained that prisoners should be evaluated as soon as they are put in the padded cell, a nurse should then assess the prisoner, and to monitor the prisoner on a schedule. Pltfs' Exh. 2, pp. 25 (l. 81-22), 38(l. 7-25), 64(l. 2-10), 77(l. 3-6), 78 (l. 1-5); Pltfs' Exh. 8, pp. 24(l. 11)-25(l. 17), p. 25 (l. 2)-51(l. 13), 60(l. 10)-65(l. 8); Pltfs' Exh. 18, pp. 16(l. 19)-17(l. 1), 5(l. 19-23).

In short, Longoria did not die because his jailers were unaware of what the Plan required or what was the appropriate standard. The jailers were well trained on prisoner care; they were trained to classify prisoners, monitor mentally/physically ill prisoners carefully, and summon medical help. A jail nurse assessed him shortly before he was placed in the padded cell. Exh. 6; dkt #73; Exh 17. The officers frequently observed Longoria, even if this was not recorded.

4

**C.    No Evidence That Jail Officers Violated Longoria's Due Process Rights**

Plaintiffs now admit that their sole federal claim is a failure to provide Juan Longoria

with medical attention.  Plaintiffs must prove the jailers had subjective knowledge of a

substantial risk of serious medical harm but responded with deliberate indifference to that

risk. *Hare v. City of Corinth, MS*, 74 F.3d 633, 650 (5th Cir. 1996)(en banc); *Wagner v. Bay

City,* 227 F.3d 316, 324 (5th Cir. 2000).

At its best, Plaintiffs' evidence shows that the officers failed to perceive Juan

Longoria was suffering from the DT's.  The uncontroverted evidence is that the ER doctor

and the MHMR person cleared him to return to jail,  a magistrate ordered confinement, and

a nurse examined him that morning at the CCSD jail.  Def. Exhs. 3-6; dkt #73; Exh. 17.  The

nurse saw him at 10:45 a.m. that day and saw nothing; she had training to recognize the

DT's.  Exh. 17.  Officers Elizarde, Tenorio, and Hernandez had seen people with the DT's

before and Longoria did not appear to have the symptoms.  Pltf Exh. 2, p 43(l. 1-18); exh.

10, pp. 43(l. 5)-44(l. 4); exh. 11, pp. 37(l. 14)-38(l. 6).  Plaintiffs' evidence, at its best, shows

bizarre behavior, but (1) that is not indisputable proof to a layperson that Longoria had the

DT's, and (2) a physician had determined Longoria was malingering. [1]

Plaintiffs' citation to *Austin v. Johnson*, 328 F.3d 204, 210 (5th Cir. 2003) actually

supports the County.  There, a convicted juvenile offender was ordered to a "boot camp" at

a local school.  *Id.* at 206.  The youth handled the exercises through the morning, but began

---

[1]  Plaintiffs offer the unsworn report of a jail procedure expert opining that Longoria exhibited
indisputable signs of DT"s.  The County objects to this opinion as incompetent.  See infra at pp. 11ff.

to complain of sickness at lunch; about 2:00 p.m. he was taken out of a march and sent to school building. *Id.* At 3:00 p.m. he became unconscious; the officials recognized dehydration and rendered some first aid, but he began to vomit. *Id.* An ambulance was not called until 4:42 p.m. *Id.*

The Fifth Circuit found no evidence deliberate indifference during the period before 3:00 p.m.

> "Before 3:00 p.m., defendants' conduct was perhaps only negligent, but their failure to call an ambulance for almost two hours while John E lay unconscious and vomiting rises to the level of deliberate indifference."

328 F.3d at 210. Before the youth became unconscious and vomited, the evidence showed no more than negligence, which fell short of the standard.

For the same reason, the evidence here also falls short. Longoria had been seen at a hospital and medically cleared. Exhs. 3-5; dkt 73. A nurse examined him at 10:45 a.m. Exh. 6; dkt #73; Exh. 17. Before 11:30 p.m., the officers had no evidence of a serious medical condition requiring a nurse or a doctor. They proceeded cautiously to enter the cell and examined him; once it became apparent he was not breathing, a jail nurse and the EMS were summoned immediately. Plntf exh. 13, pp. 64(l. 21)-70(l. 20). Like *Austin,* there was no knowledge of substantial harm or deliberate indifference; once Longoria was observed to be unconscious medical help was summoned rapidly.

Plaintiffs cite to several alleged failures of jail regulations, i.e., a failure to have a written monitor record, the failure to have a nurse examine him when he was put in the padded cell, etc. None of these meet their burden. A nurse did examine Longoria at 10:45

6

a.m. in the jail. Numerous detention officers observed him during the following 14 hours.

Even if the alleged conduct violated state laws or regulations, that is insufficient to make out

a section 1983 claim. *See e.g. D.R. v. Middlebucks Area Voc. Tech. School,* 972 F.2d 1364,

1375 (3rd Cir. 1992), *cert. denied,* 506 U.S. 1079 (1993)(school officials failure to comply

with state law requiring reports of sexual abuse on students irrelevant to section 1983 claim

for failure to protect); *Brown v. Grabowski,* 922 F.2d 1097, 1113-14 (3rd Cir. 1990), *cert.*

*denied,* 501 U.S. 1218 (1991)(violation of state domestic relations statute irrelevant to issue

of whether officials' conduct violated Constitution).

**D.    Plaintiffs Fail to Show How a Condition of Tangible Property Caused Longoria's Death**

   1.    Claim of Negligent Policy Implementation Alone Does Not Waive Immunity Against State Law Claims

Plaintiffs cite *Texas Dept. of Public Safety v. Petta,* 44 S.W.3d 575, 580 (Tex. 2001)

that a mere negligent implementation of policy will waive sovereign immunity under the

TTCA. Response, p. 24. Plaintiffs lift the quote out of context. In short, sovereign

immunity is not waived by a negligent implementation of policy unless the death or injury

arises from the use or condition of tangible property. *University of Texas Health Science*

*Center at San Antonio v. Bruen,* 92 S.W.3d 24, 28 (Tex. App.–San Antonio 2002, pet.

denied)(in slip-and-fall case, no waiver of immunity for claim that university failed to follow

its policy to use theater rope to mark edges of ramp).

To prove a waiver of immunity, against state law claims, Plaintiffs must show that

Juan Longoria's death was caused by either (1) a Cameron County's employee's negligent

use of a motor driven piece of equipment, or (2) a use or condition tangible personal or real property that would make the County liable were it a private person. TEX. CIV. PRAC. & REM. CODE ANN. §101.021 (Vernon Supp. 2004). In *Petta*, the incident arose from the officer's assault with a weapon during an arrest; however, TTCA sections 101.055(3) and 101.057(2) provide that nothing in the TTCA waives immunity for: (1) the method of providing police protection, or (3) an intentional tort. TEX. CIV. PRAC. & REM. CODE ANN. §§101.055, 101.057 (Vernon Supp. 2004). To defeat those sections, Petta argued that the officer was negligent in failing to follow DPS policies on arrest and that DPS had negligently failed to train.

The Texas Supreme Court stated that a negligent implementation would waive immunity, but only in the sense that section 101.055(3) did not apply. 44 S.W.3d at 580, citing *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 754 (Tex. 1995), and *State v. Terrell,* 588 S.W.2d 784, 788 (Tex. 1979). In *Alvarado* and *Terrell,* the Texas Supreme Court held that, for the purpose of section 101.055(3) there was a difference between formulating and implementing policy. *Alvarado,* 897 S.W.2d at 754; *Terrell,* 588 S.W.2d 788. Thus, the Supreme Court in *Petta* meant that section 101.055(3) did not apply to claims of negligent implementation of police policies; there was no intent to say that negligent implementation alone waived immunity without any use or condition of property. The Court went only to hold that a negligent failure to train or discipline the officer failed to state a waiver of immunity because neither involved the use or condition of property. 44 S.W.3d at 580-81.

8

Therefore, Texas courts have understood that a claim of negligent policy implementation must still involve a use or condition of tangible property in order to waive immunity. *Bruen,* 92 S.W.2d at 28; *Nueces County v. Ferguson,* 97 S.W.3d 205, 223-24 (Tex. App.–Corpus Christi 2002, no pet.); *City of Orange v. Jackson,* 927 S.W.2d 784, 786 (Tex. App.–Beaumont 1996, no writ).

### 2.    State Regulations Alone Do Not Waive Immunity

Plaintiffs cites several regulations promulgated by the Texas Commission on Jails Standards. Response pp. 24-5, citing 37 TEX. ADMIN. CODE §§273.1, et seq.; dkt #74. However, these do not waive sovereign immunity. The TCJS has no authority to waive the County's immunity. *Texas Natural Res. Conserv. Comm'n v. IT-Davy,* 74 S.W.3d 849, 854 (Tex. 2002)(Baker, J., plurality). Only the Legislature can waive the County's immunity. *Id.* at 853, 857; *Federal Sign v. Texas Southern Univ.,* 951 S.W.2d 401, 409 (Tex. 1997).

The Response, p. 24, asserts that Texas Local Government Code section 351.001 requires the County to comply with standards. However no part of Texas Local Government Code chapter 351 waives immunity or creates a cause of action. Indeed, section 351.015 provides for enforcement of the standards only by the Commission. TEX. LOC. GOV'T CODE ANN. §351.015 (Vernon 1999). A statute will not be construed to waive sovereign immunity unless it does so by clear and unambiguous language. TEX. GOV'T CODE ANN. §311.034 (Vernon Supp. 2004); *IT-Davy,* 74 S.W.3d at 859. Nothing in chapter 351 meets that standard.

### 3.    Code of Criminal Procedure Creates No Duty for County and Does not Waive

9

its Immunity

The Response, p. 24 (dkt #74), argues that Texas Code of Criminal Procedure article 16.21 requires the sheriff to "keep safely" a person committed to his custody. First, that does not apply to the County. Second, article 16.21 does not meet the "clear and unambiguous" test to waive the County's immunity against damages. TEX. GOV'T CODE ANN. §311.034 (Vernon Supp. 2004).

### 4.   Door To Cell Was Not a Condition of Property That Cause Juan Longoria's Death

The Response, p. 23 (dkt #74), argues that the padded cell door had a small window which restricted the jail officer's view and prevented proper monitoring.[2] No one "used" the door to injure Juan Longoria, i.e., the door was not employed or used as an instrument to harm him.

Therefore, Plaintiffs must be making a "condition" claim, i.e., a premises liability claim. To prove a waiver under section 101.021, plaintiff must show the involvement of tangible property. *Dallas County Mental Health and Retardation v. Bossley,* 968 SW2d 339, 343 (Tex. 1998). Property does not cause injury if it does no more than furnish the condition that makes the injury possible. *Id.* Therefore, the condition must be the instrumentality that causes the death or injury. *Id.*; *Hendrix v. Bexar County Hosp. Dist.,* 31 S.W.3d 661, 663

---

[2]  The Response, p. 23, suggests Longoria should have been confined to the infirmary which had cell door "more open to view." However a failure to use property is not within section 101.021. *See Kerrville State Hospital,* 923 SW2d 582, 585 (Tex. 1996)(failure to provide medication not actionable); *Kassen v. Hartley,* 887 SW2d 4, 14 (Tex. 1994)(failure to provide medication is nonuse of property and not actionable). Therefore, the failure to put in an infirmary cell is not a "use or condition" of the infirmary cell.

(Tex. App.–San Antonio 2000, pet denied); *Tarrant County Hosp. Dist. v. Henry,* 52 S.W.3d

434, 443 (Tex. App.-Fort Worth 2001, no pet.).

Consequently, a claim that the premises enabled or made more likely the negligent

acts of a third party fails to state a waiver. *See e.g., Bonham v. Texas Dept. of Bexar County*

*Hosp. Dist.,* 31 S.W.3d 661, 663 (Tex. App.–San Antonio, *Criminal Justice,* 101 S.W.3d

153, 158-59 (Tex. App.–Austin 2003, no pet.)(female inmate's claim that defective layout

of building permitted guard to rape her without detection held, failed to state a "use or

condition" of property); *Hendrix,* 31 S.W.3d at 663 (orderly who sexually assaulted patient

in examining room did not "use" it to cause injury; held, no waiver). Therefore, there is no

waiver if the property is merely the setting that allow a disease process or illness to proceed.

Plaintiffs offer no proof that the inability to see Longoria caused his death. Plaintiffs

cite no actual testimony that (1) the padded cell window was too small for proper monitoring,

or (2) the jailers did not monitor Longoria because their view was obstructed. Rather, their

theory is that the officers simply failed to understand or act upon what they did see. The

record is replete with statements that officers observed Longoria; none of them claimed their

view was obscured and that they did not try to observe him.

**E.    Objections to Plaintiffs' Summary Judgement Evidence**

Plaintiffs' exhibit 18 is the unsworn report of Alvin Cohen, their correction expert.

Dkt. # 73. First, the report is inadmissible hearsay. FED. R. EVID. 801(c), 802.

Second, Mr. Cohen opines that after Longoria's arrival at the CCSD jail (1) Longoria

was delusional and manifested serious mental illness symptoms, (2) it was "quite obvious

that he was in distress" during the entire time, (3) the CCSD failed to respond to obvious distress and mental illness, and (4) the cause of death is "problematic" but the alleged failures were "proximate factors." Plaintiffs have failed to show that Mr. Cohen has the background sufficient to give a medical or psychological opinion, i.e., he is not qualified. Therefore he is not competent to testify whether, during the period that Longoria was at the CCSD jail, he demonstrated "obvious" signs of physical or mental illness. Fed. R. Evid. 702. Likewise, he is not competent to give an opinion on whether medical intervention at any earlier point would have saved Longoria's life. That would require medical knowledge of whether medical treatment could have changed the outcome had the officers summoned help at any given time.

Second, his opinions concerning standards for handling mentally ill prisoners are not relevant. Fed. R. Evid. 702. Mr. Longoria did not die from a mental illness; there is no claim he was suicidal or prone to violent acts that might injure himself. It would confuse the jurors to hear standards for handling mentally ill prisoners if mental illness did not cause his death. Fed. R. Evid. 403. Mr. Cohen would be testifying that a failure to adhere to standard for mentally ill prisoners somehow bore on an injury from a purely physical condition. This will not assist the jurors. Fed. R. Evid. 702.

Third, Cohen's opinion on causation is unreliable and irrelevant. He does not state the failures were a proximate cause of death, i.e., "but for" the failures Longoria would have lived. He refers to the cause of death as "problematic." He does not have sufficient facts to determine proximate cause of death; he does not claim he has any well-accepted

12

methodology among corrections experts that would allow him to determine if any deviation from proper jail procedures was either a "but for" cause or a cause-in-fact of death. At best he states that the alleged deviations were "proximate factors." This is not the legal test. Rather, it appears to be a personal and unsupported opinion that the alleged deficiencies were somehow related to the death.

WHEREFORE, PREMISES CONSIDERED, Defendant Cameron County, Texas requests that this Court grant summary judgment that Plaintiffs take nothing on any and all claims against Cameron County, Texas, that all taxable costs of court be taxed against Plaintiffs, and for all other relief to which this Defendant may be justly entitled.

Respectfully submitted,

By:_____
      **CRAIG H. VITTITOE**
      Federal Bar I.D. No. 18756
      State Bar No. 20593900
      **ROGER W. HUGHES**
      Federal Bar I.D. No. 5950
      State Bar No. 10229500
      **ADAMS & GRAHAM, L.L.P.**
      P. O. Drawer 1429
      222 East Van Buren, West Tower
      Harlingen, Texas 78551-1429
      956-428-7495
      956-428-2954 (Fax)

      ATTORNEYS FOR DEFENDANT,
      CAMERON COUNTY, TEXAS

13

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorneys of record, on this the 26th day of April, 2004:

Mr. Alfred R. Valdez                                    *CM/RRR # 7003 2260 0000 0440 3159*
**LIN & VALDEZ, L.L.P.**
6300 Hillcroft, Suite 200
Houston, TX 77081

Mr. Ricardo J. Navarro                                            *Via Hand Delivery*
Mr. Rene Gonzalez
**DENTON, NAVARRO, ROCHA & BERNAL P.C.**
222 East Van Buren, Suite 405
Harlingen, TX 78550

_____
Craig H. Vittitoe

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA | : | |
| GUTIERREZ, Individually and on behalf | : | |
| of the Estate of JUAN LONGORIA, | : | |
| Deceased | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. B-01-062 |
| | : | **(JURY DEMANDED)** |
| CAMERON COUNTY, TEXAS, THE | : | |
| CITY OF BROWNSVILLE, TEXAS | : | |
| XAVIER LEE HERNANDEZ, and | : | |
| JOHN DOES 1-10 | : | |

# AFFIDAVIT OF SYLVIA RIVAS, L.V.N.

BEFORE ME, the undersigned authority, personally appeared, Sylvia Rivas, who, under oath deposed upon her personal knowledge as follows:

1)   My name is Sylvia Rivas.  I am over the age of eighteen (18) years of age and otherwise competent to make this affidavit.

2)   I am certified as a Licensed Vocational Nurse.  Beginning in 1999 and at all times relevant, I have been employed as a nurse by the Cameron County Health Department working at the Cameron County Jail.

3)    I gave a deposition in this case on August 29, 2003. I was not asked to bring anything with me to the deposition. Recently and in connection with the execution of this affidavit, I was provided with a copy of the nursing notes pertaining to my assessment of Juan Longoria, an inmate housed in the Cameron County jail on April 11, 2001. Such are attached as an exhibit to this affidavit.

4)    I have no independent recollection of my assessment of Juan Longoria or the nursing notes that I prepared in consideration with the assessment. The attached nursing notes are wholly in my handwriting. Such bear my signature on the bottom right hand side. The nursing notes were prepared by myself the morning of April 11, 2001 contemporaneous with my assessment of Mr. Longoria. They are maintained by my employer in the ordinary course of business.

5)    The nursing notes reference that I personally assessed Mr. Longoria's medical condition at 10:45 a.m. and then treated him for injuries to his elbow and leg. The notes reflect that he was alert and cooperative and that he answered all questions asked. Mr. Longoria denied any food or medication allergies. I provided him with Tylenol with instructions to the detention officer to provide him with an ice pack for his elbow. The notes also document that I notified the shift sergeant that the leg wound should be cleaned at the infirmary after he was booked into the jail.

6)    The nursing notes regarding my medical assessment of Juan Longoria do not suggest any illness other than the rather minor lacerations and bruising to his elbow and leg. I apparently did not receive any indication that Mr. Longoria had any serious injury or medical condition. Nor did I receive any indication that Mr. Longoria was suffering from alcohol withdrawal or delirium tremors.

7)    At the time of Mr. Longoria's assessment, I was trained regarding the assessment for and the management of the medical condition known as delirium tremors. The protocol for this condition is provided for on page 38 of the Health Services of the Cameron County Jail Protocols. The protocol calls for an initial management plan including a watch, push fluids and providing of sedatives, typically librium.   Additional medical management, including inmate placement in the jail infirmary, may be indicated on a per case basis.

AFFIANT SAYETH FURTHER NOT.



**SYLVIA RIVAS, L.V.N.**

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said SYLVIA RIVAS, L.V.N., on the _21 st_ day of April, 2004, to certify which witness my hand and seal of office.

**RUTH A. WEAVER**
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-16-2006

[NOTARY SEAL]

Notary Public in and for the
**State of Texas**

HEALTH RECORD
## Progress Notes

| DATE | PROBLEM | NOTES | SIGNATURE/TITLE |
|------|---------|-------|-----------------|
| 4/14/01 | | Approximately 10:45 I was showing CW S. Chong mens bathroom, I was stopped by Sgt Cerna & Sgt Silva to look at I/m elbow. I/m showed me left elbow which was bruised & tender, full ROM, skin warm. Questioned him about pain level "well it's sore". Then I/m lifted pant leg & showed me an open area about 2-3cm c̄ 3 steri-strips in place, ∅ bleeding or drainage noted. I/M alert & cooperative answered all questions asked. Denied any food or medication allergies. Tylenol ES given PO. Instructed guard to give I/m ice pack for elbow. Notified Sgt leg wound would be cleaned at infirmary @ booking — Silva cw | |

Inmate Name ___Juan Antonio Longoria___

Inmate ID # _____

Inmate D.O.B. _____

TCLEDDS



## TCLEDDS
### Texas Commission on Law Enforcement Data Distribution System

**Personal Info**

Printer Friendly

| Personal Information | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Middle Initial** | **Suffix** |
| SILVA | FELIPE | | JR |
| **Date of Birth** | **Citizen** | **Race** | **Gender** |
| 6/2/71 | Yes | Hispanic | Male |
| **Federal ID** | **State ID** | **Driver's License** | |
| | 09958208 | 15908857 | |

| Education Information | | | | |
|---|---|---|---|---|
| **Institution** | **Hours** | **From** | **To** | **Education** |
| | 0 | | | College Credits |

| Service History | | | | | |
|---|---|---|---|---|---|
| **Appointed As** | **Department** | **Award** | **Service Start Date** | **Service End Date** | **Service Time** |
| Jailer | CAMERON CO. SHERIFF'S OFFICE | Jailer License | 06/02/1997 | | 4.333333 |

| Service Time | |
|---|---|
| **Description** | **Service Time** |
| Jailer | 4.333333 |

| Award Information | | | |
|---|---|---|---|
| **Award** | **Type** | **Start Date** | **End Date** |
| Jailer License | L | 11/07/1997 | |
| Temporary Jailer | L | 06/10/1997 | 11/7/97 |

| Courses Completed | | | |
|---|---|---|---|
| **Course Title** | **Course Date** | **Course Hours** | **Institution** |
| Suicide Detection and Prevention in Jails (Inter) | 02/22/2001 | 8 | TEXAS ASSOCIATION OF COUNTIES |
| Management/Supervision | 01/22/2001 | 2 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Advanced Reserve Officer | 11/18/1999 | 142 | U. T. BROWNSVILLE C. J. INSTITUTE |
| Intermediate Reserve Officer | 09/16/1999 | 190 | U. T. BROWNSVILLE C. J. INSTITUTE |
| Basic Reserve Officer | 06/30/1999 | 228 | U. T. BROWNSVILLE C. J. INSTITUTE |
| Cultural Diversity | 03/05/1999 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Basic County Jail Course | 10/31/1997 | 80 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Cultural Diversity | 08/14/1997 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |

TCLEDDS    Page 2 of

| | | | DEPARTMENT |
|---|---|---|---|
| Advanced Reserve Officer | 09/09/1996 | 142 | U. T. BROWNSVILLE C. J. INSTITUTE |

Total Hours    808
Total Points    40.4

**TCLEDDS**

Contacts for TCLEDDS issues

TCLEDDS





# TCLEDDS
## Texas Commission on Law Enforcement Data Distribution System

### Personal Info

Printer Friendly

| Personal Information | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Middle Initial** | **Suffix** |
| TENORIO | ARMANDO | | |
| **Date of Birth** | **Citizen** | **Race** | **Gender** |
| 1/12/67 | Yes | Hispanic | Male |
| **Federal ID** | **State ID** | **Driver's License** | |
| | 09722852 | 0 | |

| Education Information | | | | | |
|---|---|---|---|---|---|
| **Institution** | **Hours** | **From** | **To** | **Education** | |
| | 0 | 03/04/1996 | | GED | |

| Service History | | | | | |
|---|---|---|---|---|---|
| **Appointed As** | **Department** | **Award** | **Service Start Date** | **Service End Date** | **Service Time** |
| Jailer | CAMERON CO. SHERIFF'S OFFICE | Jailer License | 08/15/1994 | | 7.166666 |
| Reserve Officer | LOS FRESNOS POLICE DEPT. | Peace Officer License | 06/28/1993 | 09/09/1993 | 0.25 |

| Service Time | |
|---|---|
| **Description** | **Service Time** |
| Jailer | 7.166666 |
| Reserve Officer | 0.25 |

| Award Information | | | |
|---|---|---|---|
| **Award** | **Type** | **Start Date** | **End Date** |
| Basic Jailer | C | 10/01/1994 | |
| Conditional Reserve License | L | 07/13/1993 | 7/13/97 |
| Jailer License | L | 09/06/1994 | |

| Courses Completed | | | |
|---|---|---|---|
| **Course Title** | **Course Date** | **Course Hours** | **Institution** |
| Cultural Diversity | 06/22/2001 | 4 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Management/Supervision | 06/09/1999 | 17 | MONTGOMERY CO. SHERIFF'S ACADEMY |
| Cultural Diversity | 03/01/1999 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Cultural Diversity | 08/14/1997 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Patrol/Tactical | 07/19/1995 | 16 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Basic Jail Course | 09/30/1994 | 80 | CAMERON COUNTY SHERIFF'S DEPARTMENT |

|  |  |  | DEPARTMENT |
|---|---|---|---|
| Cultural Awareness | 09/02/1994 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Advanced Reserve Officer | 08/31/1993 | 124 | U. T. BROWNSVILLE C. J. INSTITUTE |
| Intermediate Reserve Officer | 07/17/1993 | 131 | U. T. BROWNSVILLE C. J. INSTITUTE |
| Basic Reserve Officer | 05/26/1993 | 145 | U. T. BROWNSVILLE C. J. INSTITUTE |

Total Hours        541
Total Points       27.05



Contacts for TCLEDDS Issues



## TCLEDDS
### Texas Commission on Law Enforcement Data Distribution System

**Personal Info**

Printer Friendly

| Personal Information | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Middle Initial** | **Suffix** |
| MENDIETA | LUIS | A | |
| **Date of Birth** | **Citizen** | **Race** | **Gender** |
| 2/24/74 | Yes | Hispanic | Male |
| **Federal ID** | **State ID** | **Driver's License** | |
| | 09902717 | 09602688 | |

| Education Information | | | | |
|---|---|---|---|---|
| **Institution** | **Hours** | **From** | **To** | **Education** |
| | 0 | | | College Credits |

| Service History | | | | | |
|---|---|---|---|---|---|
| **Appointed As** | **Department** | **Award** | **Service Start Date** | **Service End Date** | **Service Time** |
| Jailer | CAMERON CO. SHERIFF'S OFFICE | Jailer License | 05/28/1999 | | 2.416666 |
| Regular Peace Officer | CAMERON CO. SHERIFF'S OFFICE | Peace Officer License | 05/06/1999 | 05/27/1999 | 0 |
| Regular Peace Officer | LAGUNA VISTA POLICE DEPT. | Peace Officer License | 01/29/1999 | 05/06/1999 | 0.333333 |
| Jailer | CAMERON CO. SHERIFF'S OFFICE | Jailer License | 06/21/1996 | 06/21/1996 | 0 |

| Service Time | |
|---|---|
| **Description** | **Service Time** |
| Jailer | 2.416666 |
| Regular Peace Officer | 0.333333 |

| Award information | | | |
|---|---|---|---|
| **Award** | **Type** | **Start Date** | **End Date** |
| Basic Jailer | C | 12/30/1996 | |
| Jailer License | L | 12/30/1996 | |
| Peace Officer License | L | 02/12/1999 | |
| Temporary Jailer | L | 08/21/1996 | 12/30/96 |

| Courses Completed | | | |
|---|---|---|---|
| **Course Title** | **Course Date** | **Course Hours** | **Institution** |
| Special Investigative Topics | 07/11/2001 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Cultural Diversity | 06/22/2001 | 4 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Suicide Detection and Prevention in Jails (Inter) | 02/22/2001 | 8 | TEXAS ASSOCIATION OF COUNTIES |
| | | | CAMERON COUNTY |

| Management/Supervision | 01/22/2001 | 2 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
|---|---|---|---|
| Patrol/Tactical | 10/12/2000 | 4 | U. T. BROWNSVILLE C. J. INSTITUTE |
| Cultural Diversity | 03/05/1999 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Inmate Rights and Responsibilities (Intermediate) | 02/19/1998 | 16 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Jail | 10/29/1997 | 4 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Cultural Diversity | 08/14/1997 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Basic Jail Course | 12/13/1996 | 40 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Advanced Reserve Officer | 09/23/1996 | 142 | U. T. BROWNSVILLE C. J. INSTITUTE |
| Suicide Detection and Prevention in Jails (Inter) | 09/03/1996 | 8 | CAMERON COUNTY SHERIFF'S DEPARTMENT |
| Intermediate Reserve Officer | 08/01/1996 | 190 | U. T. BROWNSVILLE C. J. INSTITUTE |
| Basic Reserve Officer | 05/26/1996 | 228 | U. T. BROWNSVILLE C. J. INSTITUTE |

Total Hours        670
Total Points       33.5



Contacts for TCLEDDS issues