

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 5 2004

Michael N. Milby
Clerk of Court

MARIA LONGORIA, and MARIA IDALIA : 
GUTIERREZ, Individually and on behalf :
of the Estate of JUAN LONGORIA, :
Deceased :
 :
VS. : CIVIL ACTION NO. B-01-062
 : **(JURY DEMANDED)**
CAMERON COUNTY, TEXAS, THE :
CITY OF BROWNSVILLE, TEXAS :
XAVIER LEE HERNANDEZ, and :
JOHN DOES 1-10 :

# DEFENDANT, CAMERON COUNTY, TEXAS' MOTION TO LIMIT TESTIMONY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE HILDA TAGLE:

COMES NOW, Movant, Cameron County, Texas, filing this motion entitled Defendant, Cameron County, Texas' Motion to Limit Testimony.

**I.**

This case arises out of the death of an inmate that occurred in the Cameron County jail.

**II.**

In connection with the death, pathologist, Larry Dahm, M.D., prepared an autopsy report opining that Mr. Longoria died because of natural causes. Earlier, and prior to tests and studies, Dr. Dahm made preliminary autopsy findings indicating that Mr. Longoria may have died as a consequence of an unnatural death, i.e., a choke hold. After further tests and studies the theory of a choke hold death was eliminated with Dr. Dahm concluding that Mr. Longoria died as a consequence of a liver disease with alcohol withdrawal (delirium tremors) as a contributing factor.

**III.**

There is no competent medical evidence suggesting that Mr. Longoria died of a choke hold. The medical evidence supports that Mr. Longoria died of natural causes.

**IV.**

The Plaintiffs have stipulated that Mr. Longoria did not die of choke hold. See Exhibit "A" [Dahm deposition excerpts attached pp. 103 (1.7-13), 104 (1.6-10) and 128 (1.10-11) - 129 (1.1)].

**V.**

Dr. Dahm's preliminary autopsy findings indicating possible choke hold death lacks probative value and should be excluded as such would tend to confuse and mislead the jury resulting in prejudice to Movant, Cameron County, Texas. *Federal Rules of Evidence* 403.

*WHEREFORE, PREMISES CONSIDERED*, Movant prays that the court instruct the parties and counsel that only Dr. Dahm's final autopsy report findings shall be permitted before the jury. Such that no party, counsel or witness shall be permitted to comment upon or question any witness, including Dr. Dahm, pertaining to the preliminary autopsy findings indicating that the death resulted from a choke hold.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)

By:_____
**CRAIG H. VITTITOE**
Federal Bar I.D. No. 18756
State Bar No. 20593900
ATTORNEYS FOR DEFENDANT,
CAMERON COUNTY, TEXAS

## CERTIFICATE OF SERVICE

     *I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorneys of record, on this the \_\_\_25\_\_\_ day of June, 2004:

Mr. Alfred R. Valdez
**LIN & VALDEZ, L.L.P.**
7520 Hillcroft
Houston, TX 77081

                                                       _____
                                                       Craig H. Vittitoe

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA LONGORIA AND MARIA IDALIA GUTIERREZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JUAN LONGORIA, DECEASED<br>      Plaintiffs<br><br>VS.<br><br>CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS AND JOHN DOES 1-10<br>      Defendants | )(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(  CIVIL ACTION NO. B-01-062<br>)(<br>)(<br>)(  JURY DEMANDED<br>)(<br>)( |

ORAL DEPOSITION OF
LAWRENCE J. DAHM, M.D.
FEBRUARY 17, 2004



ORAL DEPOSITION OF LAWRENCE J. DAHM, M.D., produced as a witness at the instance of the PLAINTIFFS, taken in the above styled and numbered cause on FEBRUARY 17, 2004, reported by DONNA McCOWN, Certified Court Reporter No. 6625, in and for the State of Texas, at the offices of Adams & Graham, L.L.P., 222 East Van Buren, West Tower, Harlingen, Texas, pursuant to the Federal Rules of Civil Procedure.



EXHIBIT "A"

BRYANT & STINGLEY, INC.
McAllen      Harlingen      Brownsville
(956)618-2366      (956)428-0755      (956)542-1020

| | |
|---|---|
| 18:25:51 1 | the neck. And we would have seen, more likely than |
| 18:25:56 2 | not, true fracturing of the hyoid bone as opposed to a |
| 18:25:59 3 | slight sprain of one of the intrahyoid ligaments. |
| 18:26:05 4 | And so, you know, the minimal nature of |
| 18:26:10 5 | the neck injuries is not compatible with something as |
| 18:26:13 6 | violent as a choke hold death. |
| 18:26:16 7 | MR. BERGER: Counsel, we'll stipulate that |
| 18:26:16 8 | he didn't die of a choke hold to minimize this, the |
| 18:26:20 9 | doctor's time, if that's -- |
| 18:26:23 10 | MR. VITTITOE: I appreciate that. It's |
| 18:26:24 11 | been alleged in the lawsuit. |
| 18:26:26 12 | MR. BERGER: Well, we'll stipulate he did |
| 18:26:27 13 | not die of a choke hold. |
| 18:26:29 14 | MR. VITTITOE: Okay. |
| 18:26:30 15 | Q. But at any rate, you wanted to rule that out. |
| 18:26:32 16 | A. Yes, sir. |
| 18:26:33 17 | Q. And you did rule that out by the test data? |
| 18:26:36 18 | A. Yes, sir. |
| 18:26:36 19 | MR. BERGER: Objection, leading. |
| 18:26:39 20 | THE WITNESS: I ruled it out with a |
| 18:26:41 21 | combination of the test data. |
| 18:26:41 22 | MR. BERGER: I've already stipulated. You |
| 18:26:42 23 | want to keep asking about it? |
| 18:26:43 24 | MR. VITTITOE: Yes, sir. |
| 18:26:44 25 | MR. BERGER: Okay. Well, then, that's |

```
18:26:45  1   your privilege, but I'm going to still object to your
18:26:51  2   leading.
18:26:51  3                   MR. VITTITOE:  I think I do because you
18:26:52  4   asked about it so much, and it's alleged in the
18:26:53  5   lawsuit.
18:26:54  6                   MR. BERGER:  Well, I know it, but we
18:26:55  7   stipulate now that he did not die of a choke hold.
18:27:01  8   Okay?  Now, I mean, if you want to go into it
18:27:17  9   further -- the doctor already give his opinion on my
18:27:17 10   examination of him that he didn't die of a choke hold.
18:27:17 11        Q.   Now, further, Dr. Dahm, my understanding is
18:27:20 12   your findings, based on the test data, the microscopic
18:27:26 13   slides ruled out any break to the hyoid bone.
18:27:28 14        A.   Yes, sir.
18:27:29 15        Q.   Although there was a tear to the ligamentous
18:27:32 16   tissue in relation to --
18:27:34 17        A.   Connected to it, yes, sir.
18:27:36 18                   MR. BERGER:  Objection; asked and
18:27:37 19   answered, leading.
18:27:39 20        Q.   -- to the hyoid bone.
18:27:41 21             And the hyoid bone is typically broken in
18:27:42 22   a choke hold; am I correct?
18:27:44 23        A.   Yes, sir.
18:27:45 24        Q.   All right.
18:27:46 25                   MR. BERGER:  Objection, leading.
```

```
18:56:41  1   of how he died; is that correct?
18:56:43  2       A.  No, sir.
18:56:45  3             MR. BERGER:  Okay.  No further questions.
18:56:45  4                         EXAMINATION
18:56:46  5   BY MR. VITTITOE:
18:56:46  6       Q.  Doctor, just to clarify something for the
18:56:49  7   record.  The additional testing information that you
18:56:52  8   obtained, that ruled out the choke hold death.
18:56:58  9       A.  Yes.
18:56:59 10             MR. BERGER:  We stipulate that.  That's no
18:57:01 11   question about it.
18:57:02 12             MR. VITTITOE:  Would you be quiet and let
18:57:04 13   me do my examination?
18:57:05 14             MR. BERGER:  No.  I mean, we already
18:57:05 15   stipulated to it.  Why should you sit there and waste
18:57:07 16   time, especially when we're paying for it?
18:57:11 17             THE WITNESS:  My meter is running here.
18:57:22 18             MR. BERGER:  I know it.  We stipulated to
18:57:22 19   it, and there's no question about it.  Now, why waste
18:57:22 20   time?
18:57:22 21             MR. VITTITOE:  The only time we're wasting
18:57:22 22   is you talking while I'm not asking the questions.
18:57:24 23             MR. BERGER:  That's because I'm objecting
18:57:25 24   to the questions because it's already asked and
18:57:27 25   answered, and it's been asked and answered, and we
```

```
18:57:30   1  stipulated to it.
18:57:32   2           MR. VITTITOE:  You just hold on.  You go
18:57:33   3  ahead and make your objection, but I don't want you
18:57:34   4  taking up any more time.
18:57:36   5           MR. BERGER:  I don't want you taking up
18:57:38   6  any more time.
18:57:43   7      Q.  Dr. Dahm, the additional testing data that you
18:57:49   8  received after your preliminary autopsy report of April
18:57:53   9  16th, did that rule out the choke hold death?
18:57:57  10      A.  Yes, sir.
18:57:58  11      Q.  Is that true whether or not you had the
18:58:01  12  additional consult with Dr. DiMaio?
18:58:06  13      A.  Yes, sir.
18:58:11  14      Q.  In your initial -- or your initial autopsy
18:58:16  15  report or your preliminary autopsy report of April
18:58:20  16  16th, did you make findings of advanced liver disease?
18:58:23  17      A.  Yes, I did.
18:58:27  18      Q.  And as I understand your testimony --
18:58:30  19           MR. BERGER:  Asked and answered.
18:58:34  20      Q.  My understanding is, your testimony is that
18:58:37  21  advanced and end-stage in your mind are the same thing.
18:58:39  22      A.  Yes, sir.
18:58:40  23      Q.  All right.
18:58:42  24           MR. BERGER:  Objection.  Asked and
18:58:42  25  answered.
```

```
1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
2                         BROWNSVILLE DIVISION

3    MARIA LONGORIA AND MARIA   )(
     IDALIA GUTIERREZ,          )(
4    INDIVIDUALLY AND ON BEHALF )(
     OF THE ESTATE OF JUAN      )(
5    LONGORIA, DECEASED         )(
              Plaintiffs        )(
6                               )(
     VS.                        )(   CIVIL ACTION NO. B-01-062
7                               )(
     CAMERON COUNTY, TEXAS,     )(
8    THE CITY OF BROWNSVILLE,   )(   JURY DEMANDED
     TEXAS AND JOHN DOES 1-10   )(
9             Defendants        )(
```

REPORTER'S CERTIFICATE

I, Donna McCown, Certified Court Reporter, certify that the witness, LAWRENCE J. DAHM, M.D., was duly sworn by me, and that the deposition is a true and correct record of the testimony given by the witness on FEBRUARY 17, 2004; that the deposition was reported by me in stenograph and was subsequently transcribed under my supervision.

I FURTHER CERTIFY that I am not a relative, employee, attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, nor am I financially interested in the action.

WITNESS MY HAND on this the 1st day of March, 2004.

DONNA McCOWN, CSR NO. 6625
Expiration Date: 12/31/05
Bryant & Stingley, Inc., CRN No. 41
2010 East Harrison
Harlingen, Texas 78550
(956) 428-0755