

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 2 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | : : : : : | |
| VS. | : : | CIVIL ACTION NO. B-01-062 **(JURY DEMANDED)** |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS XAVIER LEE HERNANDEZ, and JOHN DOES 1-10 | : : : : | |

---

# JOINT  PRETRIAL  ORDER

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE HILDA TAGLE:

COMES NOW, Plaintiffs, Maria Longoria, and Maria Idalia Gutierrez, Individually and on behalf of the Estate of Juan Longoria, Deceased and Defendant, Cameron County, Texas, by and through their respective counsel in the above referenced action, filing this their *Joint Pretrial Order*.

1. **APPEARANCES OF COUNSEL**

a.    Plaintiffs:

    Maria Longoria, Individually and on behalf of the Estate of Juan Longoria, Deceased
    Maria Idalia Gutierrez, Individually and on behalf of the Estate of Juan Longoria, Deceased

    Plaintiffs' counsel:    Alfred Valdez
                         Federal I.D. # 6389
                         State Bar No. 20426200
                         Lin & Valdez, L.L.P.
                         7520 Hillcroft
                         Houston, TX 77081
                         Phone (713) 271-0719
                         Fax  (713) 270-8134

Plaintiffs' counsel:    Barry Stuart Berger
                            1863 Post Oak Park Drive
                            Houston, TX 77027
                            Phone (713) 961-4460
                            Fax (713) 961-4450
                            Federal I.D. No. 5075
                            State Bar No. 02191000

b.    Defendant:

    Cameron County, Texas

    Defendant's counsel:    Craig H. Vittitoe
                            Federal Bar I.D. No. 18756
                            State Bar No.  20593900

                            Roger W. Hughes
                            Federal Bar I.D. No. 5950
                            State Bar No. 10229500

                            Adams & Graham, L.L.P.
                            222 East Van Buren, West Tower
                            P. O. Box 1429
                            Harlingen, TX 78551-1429
                            Phone (956) 428-7495
                            Fax   (956) 428-2954

## 2.    __STATEMENT OF THE CASE__

### PARTIES

Plaintiff, Maria Longoria, is an individual residing in Cameron County, Texas.  She is the mother of Juan Longoria, Deceased.

Plaintiff, Maria Idalia Gutierrez, is an individual residing in the State of Florida.  She is the daughter of Juan Longoria, deceased.  She brings this action both on her own behalf and on behalf of the Estate of Juan Longoria, deceased.

Defendant, Cameron County, Texas ("Cameron County" hereinafter) is a political subdivision of the State of Texas.

## BRIEF STATEMENT OF THE CASE

On April 11, 2001, Juan Longoria died while an inmate in the Cameron County jail. The Plaintiffs sued the City of Brownsville and Cameron County for Mr. Longoria's death, alleging claims under (1)42 U.S.C., Sec. 1983 for violations of the Fourth, Eighth and Fourteenth Amendments, and (2) State law tort claims under the Texas Tort Claims Act, Texas *Civ. Prac. & Rem. C.*, Chapter 101.

The Plaintiff settled with the City of Brownsville for Fifteen Thousand Dollars and No/100 ($15,000.00). The claim against Cameron County, Texas remains unresolved.

The court has jurisdiction over this case at bar under 42 U.S.C., Sec. 1983; and 28 U.S.C., Sec. 1331.

## 3.   **MOTIONS**

The motions pending before the court are as follows:

a.      Defendant, Cameron County, Texas' Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure;

b.      Defendant, Cameron County, Texas' Motion to Limit Testimony.

## 4.   **CONTENTIONS OF THE PARTIES**

Plaintiffs' Contention

This case arises out of the death of Juan Longoria, while he was in custody at the Cameron County Jail in April 11-12, 2001.

The Plaintiffs assert that Juan Longoria died as a result of the deliberate indifference and the negligent care and medical attention provided by the Cameron County, Texas Sheriff's Department.

On April 10, 2001, Juan Longoria was an individual residing in Brownsville, Texas.

On April 10, 2001, Juan Longoria went to a Circle K store in Brownsville, Texas, and he locked himself into the office of the Circle K store.

Juan Longoria locked himself in the office because he believed that someone was going to kill or injure him.

An employee of the Circle K store called the Brownsville Police Department, complaining that Juan Longoria would not leave the office and he was destroying the property inside the office.

Upon arrival at the Circle K store, the City of Brownsville police officers proceeded to arrest Juan Longoria.

Juan Longoria was confused and hallucinating when the police officers began to arrest him.

Juan Longoria was arrested and charged for burglary.

While in the City of Brownsville jail, Juan Longoria was taken to a hospital for medical treatment.

While at the hospital, the medical personnel cleared Mr. Longoria to return back to the City of Brownsville jail facility, however, per the doctor's order, Mr. Juan Longoria was to be kept "under close observation."

Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, Juan Longoria was physically restrained.

Upon being returned to the City of Brownsville Police Department jail facility from the hospital, and while in custody with the City of Brownsville Police Department, the City of Brownsville Police Department personnel did not report to any doctor or medical personnel that Juan Longoria continued to hallucinate that someone was attempting to kill him, that he continued to talk to himself, that he continued to attempt to hurt himself, that he had to be restrained, and that he had to be removed during the arraignment because of his behavior in front of a municipal judge.

On the morning of 11 April 2001, between 10:00 and 10:30 a.m., the Brownsville Police Department delivered Juan Longoria to the Cameron County Sheriff's Department jail. At the time of delivery, the commitment order and the medical release from Brownsville Medical Center was provided to the Cameron County Sheriff's Department about keeping Juan Longoria under close observation.

A Cameron County Health Department nurse, Sylvia Rivas, initially saw Juan Longoria for some minor cuts and bruises, but there is no mention in her notes that she received the doctor's order to keep Juan Longoria under close observation.

Juan Longoria was not classified by the Cameron County Jail personnel upon his arrival to the facility.

Juan Longoria was initially placed with the general population of people being held in the Cameron County Jail.

Eventually, Juan Longoria was placed in a single cell in the Cameron County jail.

At approximately 12:15 a.m. on April 12, 2001, Juan Longoria was found dead in his single cell in the Cameron County, Texas jail.

According to expert witnesses Harvey Resnick, M.D. (Plaintiffs' expert) and Robert C. Bux, M.D. (Defendant's expert), Juan Longoria suffered frm delirium tremens ("DT's").

While Juan Longoria was in the custody of the Cameron County jail facility, the personnel at the jail facility failed to book, classify, obtain a medical assessment, maintain a medical log, and notify a nurse that Juan Longoria was placed in the padded cell.

The Plaintiffs assert that employees of the Defendant, Cameron County, Texas, acknowledge that the classification process, the premedical assessment, the medical assessment, the maintaining of a log by detention officers, and the notification of the nursing staff when someone is placed in the padded cell, is for the safety and well-being of an inmate, and that the failure to do any of these procedures could lead to serious consequences concerning the inmate in the way of injury and death.

## FIRST CAUSE OF ACTION

### 42 U.S.C. §1983

The conduct of Defendant, Cameron County, Texas, violated Juan Longoria's civil and constitutional rights.

Juan Longoria died as a result of complications from alcohol withdrawal, and one or more employees of Cameron County and Cameron County, Texas violated his civil rights by failing to properly monitor him and to provide proper and timely medical care. This failure was a proximate cause his death, and said conduct was a deliberate indifference by the Defendant to the civil rights of Juan Longoria.

Having a departmental policy by the Defendant that allows police officers, deputies, and jailers, who have no medical training beyond first aid to decide whether a detainee warranted medical attention, even after a doctor has given medical instructions to keep an individual under close observation, was a deliberate indifference by the Defendant to the civil rights of Juan Longoria.

Additionally, it is the position of the Plaintiffs that the occurrence made the basis of this action and the resulting injuries and damages of the Plaintiffs and Juan Longoria were proximately caused by the deliberate indifference of Cameron County Sheriff's Department for Cameron County, Texas and Cameron County, Texas and the agents, servants, and officers in the following manner:

a) Failure of the Cameron County Sheriff's Department to be kept Juan Longoria "under close observation" per the doctor's order.

b) Failing to inform the doctor at the hospital that the Cameron County Sheriff's Department did not have the ability to keep Juan Longoria under close observation per the doctor's order.

c) Failure of the Cameron County Sheriff's Department to take Juan Longoria to an infirmary (medical center) at the jail facility.

d) Failure of Cameron County Sheriff's Department to take Juan Longoria's vital signs.

e) Failure of Cameron County Sheriff's Department to maintain records on Juan Longoria.

f) Failure of Cameron County Sheriff's Department to properly monitor Juan Longoria.

g) Failure of the Cameron County Sheriff's Department to report to any doctor or medical personnel that Juan Longoria continued to hallucinate that someone was attempting to kill him, that he continued to talk to himself, and that he continued to attempt to hurt himself.

h) Failure of Cameron County Sheriff's Department to properly train its employees concerning the correct manner to handle a medical condition similar to that of Juan Longoria.

i) Failure of Cameron County Sheriff's Department to follow its health services plan.

j) Failure to classify Juan Longoria by the Cameron County Jail personnel upon his arrival to the facility.

k) The placing of Juan Longoria initially with the general population of people being held in the Cameron County Jail.

l)      If Juan Longoria was classified, he was improperly classified; based on
        the psychological symptoms that, upon information and belief, he was
        exhibiting, he should have been placed in the infirmary or
        hospitalized.

m)      This improper classification was, upon information and belief, that
        result of the lack of training and/or supervision of the Cameron
        County Sheriff Department personnel who decided to detain Juan
        Longoria in a single cell.  This lack of training and/or supervision
        constituted negligence, and conscious and deliberate indifference,
        which resulted in harm to Juan Longoria.

n)      If Juan Longoria was injured by one or more officers of the Cameron
        County Sheriff's Department choking him, such conduct was the
        result of the county's failure to adequately train and supervise the
        officers; said failure to adequately train and supervise was negligent
        and said negligence was a proximate cause of Juan Longoria's injuries
        and damages as well as those of the Plaintiffs.

o)      If Juan Longoria was injured and/or killed as a result of injuries
        inflicted upon him by one or more officers of the Cameron County
        Sheriff's Department, and/or one or more of its employees, then the
        Cameron County Sheriff's Department, and/or one or more of its
        employees, then the Cameron County Sheriff's Department was
        negligent as well as consciously and deliberately indifferent to Juan
        Longoria's medical needs by allowing him to suffocate in his cell
        rather than having him treated for his injuries.

p)      If Juan Longoria was injured and/or killed by an employee of the
        Cameron County Sheriff's Department, such conduct was the result
        of the failure of Cameron County to adequately train or supervise its
        employees.  This training and supervision was so deficient that it
        amounted to negligence and conscious and deliberate indifference of
        the rights of the citizens of Cameron County, Texas.

q)      Having a departmental policy that allows police officers who have no
        medical training beyond first aid to decide whether a detainee
        warranted medical attention, even after a doctor has given medical
        instructions to keep an individual under close observation.

r)      Use of the jail cell.

Each of the above-described civil rights violations was the direct result of policies, customs, or practices or the lack thereof of the Defendant, Cameron County, Texas.

Each of the above-described civil rights violations proximately caused damages and/or death to Juan Longoria and to Plaintiffs, and said conduct was deliberate indifference by the Defendant, Cameron County, Texas, to the civil rights of Juan Longoria. Each of the above-described civil rights violations was the direct result of policies, customs, or practices or the lack thereof of the Defendant.

Defendant, and its employees, are not entitled to qualified immunity for the above-described civil rights violations. The actions giving rise to these violations were in bad faith, and violated Juan Longoria's clearly established Constitutional rights, including the Fourth Amendment, the Eight Amendment, Due Process and the right to be free from excessive force.

## SECOND CAUSE OF ACTION
## NEGLIGENCE BY CAMERON COUNTY, TEXAS

The Plaintiffs assert that the Cameron County, Texas employee(s) was/were in the course and scope of their/his/her employment for the Defendant, Cameron County, at the time of the incident made the basis of this lawsuit.

The Texas Civil Practice & Remedies Code, Title 5 (Governmental Liability) states that "a governmental unit in the state is liable for personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Texas Civil Practice & Remedies Code, Title 5, Chapter 101, Subchapter B, section 101.021.

Article 16.21 of the Texas Code of Criminal Procedure provides that "every sheriff shall keep safely a person committed to his custody."

In 1975 the Texas Legislature created the Jail Standards Commission. The Texas Commission on Jail Standards is required to establish rules and regulations governing among other things, medical care in jails. See 37 Tex. Admin. Code, section 273.1 (Texas Commission on Jail Standards, Health Services). Under rule 273.1, the County "shall provide medical, mental, and dental services in accordance with the approved health services plan. These services may include,

but shall not be limited to, the services of a licensed physician, professional and allied health personnel, hospital, or similar services."

Under Rule 273.2 of the Jail Standards, the County is required to put into force a written plan, approved by the Commission on Jail Standards, for inmate medical, mental, and dental services. See 37 Tex. Admin. Code, Part 9, Chapter 273, Rule section 27.2 (Texas Commission on Jail Standards, Health Services).

Under Rule 273.3 of the Jail Standards, "all medical instructions of designated physicians shall be followed." See 37 Tex. Admin. Code, Part 9, Chapter 273, Rule section 273.3 (Texas Commission on Jail Standards, Health Services, Health Instructions).

Under Texas Local Government Code Annotated, section 351.001, the commissioners' court shall provide safe and suitable jails for the county. Tex.Loc.Gov't Code Ann. section 351.001.

Under Texas Local Government Code Annotated, sections 351.001, "each county jail must comply with the minimum standards and rules and procedures of the Commission on Jail Standards."

The Plaintiffs bring this negligent cause of action against the Defendant Cameron County, Texas.

The County of Cameron, Texas has no governmental or official immunity.

Among other things, it is the position of the Plaintiffs that the occurrence made the basis of this action and the resulting injuries and damages of the Plaintiffs were proximately caused by the negligence of Cameron County, Texas, and its agents, servants, and officers in the following manner:

a)    Failure of the Cameron County Sheriff's Department to be kept Juan Longoria "under close observation" per the doctor's order.

b)    Failing to inform the doctor at the hospital that the Cameron County Sheriff's Department did not have the ability to keep Juan Longoria under close observation per the doctor's order.

c)    Failure of the Cameron County Sheriff's Department to take Juan Longoria to an infirmary (medical center) at the jail facility.

d)    Failure of Cameron County Sheriff's Department to take Juan Longoria's vital signs.

e)    Failure of Cameron County Sheriff's Department to maintain medical records on Juan Longoria.

f)    Failure of Cameron County Sheriff's Department to properly monitor Juan Longoria.

g)    Failure of the Cameron County Sheriff's Department to report to any doctor or medical personnel that Juan Longoria continued to hallucinate that someone was attempting to kill him, that he continued to talk to himself, and that he continue to attempt to hurt himself.

h)    Failure of Cameron County Sheriff's Department to properly train its employees concerning the correct manner to handle a medical condition similar to that of Juan Longoria.

i)    Failure of Cameron County Sheriff's Department to follow its health services plan.

j)    Failure to classify Juan Longoria by the Cameron County Jail personnel upon his arrival to the facility.

k)    The placing of Juan Longoria initially with the general population of people being held in the Cameron County Jail.

l)    If Juan Longoria was classified, he was improperly classified; based on the psychological symptoms that, upon information and belief, he was exhibiting, he should have been placed in the infirmary or hospitalized.

m)    This improper classification was, upon information and belief, that result of the lack of training and/or supervision of the Cameron County Sheriff Department personnel who decided to detain Juan Longoria in a single cell.  This lack of training and/or supervision constituted negligence, and conscious and deliberate indifference, which resulted in harm to Juan Longoria.

n)    If Juan Longoria was injured by one or more officers of the Cameron County Sheriff's Department choking him, such conduct was the result of the county's failure to adequately train and supervise the officers; said failure to adequately train and supervise was negligent and said negligence was a proximate cause of Juan Longoria's injuries and damages as well as those of the Plaintiffs.

o)     If Juan Longoria was injured and/or killed as a result of injuries
       inflicted upon him by one or more officers of the Cameron County
       Sheriff's Department, and/or one or more of its employees, then the
       Cameron County Sheriff's Department, and/or one or more of its
       employees, then the Cameron County Sheriff's Department was
       negligent as well as consciously and deliberately indifferent to Juan
       Longoria's medical needs by allowing him to suffocate in his cell
       rather than having him treated for his injuries.

p)     If Juan Longoria was injured and/or killed by an employee of the
       Cameron County Sheriff's Department, such conduct was the result
       of the failure of Cameron County to adequately train or supervise its
       employees.  This training and supervision was so deficient that it
       amounted to negligence and conscious and deliberate indifference of
       the rights of the citizens of Cameron County, Texas.

q)     Having a departmental policy that allows police officers who have no
       medical training beyond first aid to decide whether a detainee
       warranted medical attention, even after a doctor has given medical
       instructions to keep an individual under close observation.

r)     Use of the jail cell.

Each of the above acts or omissions, or a combination of them, constituted negligence and/or
negligence per se, and proximately caused the occurrence made the basis of this action.

The Defendant, Cameron County, Texas, has been given notice concerning the incident
made the basis of this lawsuit, whether it be by letter or actual notice, in accordance with the Texas
Civil Practice and Remedies Code and/or Texas Tort Claims Act.

All conditions precedent have been met by the Plaintiffs prior to the filing of this lawsuit
against the Defendant, Cameron County, Texas.

## DAMAGES

As a direct and proximate result of Defendant's tortious and illegal conduct, as set forth above, Juan Longoria suffered conscious pain, suffering, and mental anguish prior to his death. His estate also incurred funeral expenses. Therefore, Plaintiff, Maria Idalia Gutierrez, on behalf of the Estate of Juan Longoria, seeks to recover for these items of damages.

As a direct and proximate result of the death of Juan Longoria, which was brought about by the tortious and illegal conduct of one or more Defendants, Plaintiffs have suffered past and future damages, including loss of parental captainship, advice, counsel, care, attention, instruction, society, guidance, love, affection, emotional support, solace, comfort, happiness, as well as mental pain, suffering, anguish, grief, and sorrow.

The Plaintiffs bring this lawsuit and seek damages as allowed under Federal law for civil rights violations, the Texas Tort Claims Act, a Wrongful Death Action under Texas law (Texas civil Practice and Remedies Code, Chapter 71), and a Survival Action under Texas law (Texas Civil Practice and Remedies Code, Chapter 71).

Plaintiffs also seek to recover attorneys' fees and expert fees under Federal law.

Plaintiffs also seek to recover prejudgment interest, post judgment interest and costs of court.

Plaintiffs seek actual damages in the amount of at least $600,000.00.

## Defendant's Contention

Cameron County, Texas says that it has no responsibility for Juan Longoria's death under Federal or State law.

a.    No final policy maker for Cameron County, Texas adopted a policy with deliberate indifference to the risk of injury to a person in the place of Juan Longoria.

b.    No final policy maker for Cameron County, Texas tolerated any custom or practice of deliberate indifference to the risk of injury to a person in the place of Juan Longoria.

c.      Juan Longoria's death was not the result of or caused by any policy
        or custom of Cameron County, Texas.

d.      Cameron County, Texas employees were not deliberately indifferent
        to the medical needs or conditions of Juan Longoria, nor did they act
        with deliberate indifference to him.

e.      Cameron County, Texas employees were not engaged in conscious
        shocking behavior.

f.      Juan Longoria was not choked or beaten within the Cameron County
        jail, the sole support for the Plaintiffs' pleading allegation is
        incompetent, unreliable expert opinion that has been withdrawn by
        the expert witness who tentatively gave such an opinion.
        Furthermore, counsel for the Plaintiffs has stipulated that Juan
        Longoria did not die as a consequence of a choke hold but died rather
        as a consequence of delirium tremors.

g.      There is no waiver of state law, governmental/sovereign immunity
        regarding the state pendant law claims, as there is no competent
        evidence that Juan Longoria's death resulted from the use or
        condition of tangible property by employees of Cameron County,
        Texas.

h.      Cameron County, Texas is not liable for punitive damages under
        either federal or state law.

## 5.   <u>ADMISSIONS OF FACT</u>

a.      On April 10, 2001, Juan Antonio Longoria entered a Circle K
        Convenient store in Brownsville, Texas. At the time he was bleeding
        and carried a bloody hammer. He walked into the manager's office
        without permission. He then ransacked the office. Store employees
        called the Brownsville police.

b.      Longoria barricaded himself inside the Circle K manager's office.
        The Brownsville police officer attempted to open the door. He was
        using his body to block the doorway. Longoria resisted arrest. He
        was carried to a patrol car and transported to the Brownsville
        Municipal jail. On the way, Longoria claimed people were trying to
        kill him.

c.  Longoria was placed in the Brownsville Municipal jail. He initially refused to be taken to a hospital. In conducting a cell check, jailers were unable to enter the padded cell as Longoria held the door shut. He hid behind the door and appeared scared and nervous. He was trembling and seeing things. Subsequently, jailers recommended that Longoria be taken to the hospital. Before leaving the municipal jail for Brownsville Medical Center, Longoria informed the jailers that men were after him and wanted to kill him.

d.  Longoria was medically treated at Brownsville Medical Center. He was treated for an injured left knee and his elbow was x-rayed. He was also evaluated at the hospital emergency room by an employee of Texas Tropical for MHMR who determined that Longoria did not to be committed because he was "malingering". Longoria was medically cleared and released by the emergency room physician. He was transported back to the Brownsville Municipal jail and secured in a padded cell.

e.  The following day, April 11, 2001, after formal judicial arraignment, the Brownsville Police Department turned custody of Longoria to the Cameron County Jail pursuant to a commitment order.

f.  Between 10:00 and 10:30 a.m. on April 11, 2001, the Brownsville Police Department delivered Longoria to the Cameron County Jail. At intake Brownsville Police Officer Salinas described Longoria as "mentally ill". The commitment order and the medical release from Brownsville Medical Center were provided to the Cameron County Jail. The medical release, a doctor's order, stated that Juan Longoria "may return to jail but should be kept under close observation."

g.  Cameron County jail personnel observed that Longoria had minor bruises. The Cameron County Health Department nurse, Sylvia Rivas, L.V.N., examined Longoria and did not observe anything remarkable.

h.  At times Longoria acted bizarre, for example, claiming that he had been shot and that the "news" before had reported it. Longoria was initially placed in a large holding cell and within an hour was moved to a nearby single (padded) cell for his protection. Prior to being moved, Longoria complained of other inmates in the large holding cell; likewise, the other inmates complained of Longoria.

i.  Cameron County Sheriff Department Jail Booking and Classifications procedures were not completed regarding Longoria.

    j.      The single (padded) cell is located in a high traffic area of the jail. Longoria was observed on several occasions by jail detention personnel - - through shifts. Longoria exhibited differing behavior, including yelling and tapping on the walls; other times Longoria was quite and either standing, sitting or laying down within the padded cell.

    k.      At 11:30 p.m. on April 11, 2001, (about fourteen hours after Longoria arrived at the Cameron County jail), jail detention officers noticed that Longoria was not moving within the single cell. Upon entering and examining Longoria, detention officers suspected that Longoria was faking - being asleep. Officers exited the cell and back-up officers were notified. Upon re-entry and further inspection of Longoria, detention officers decided to call a jail nurse and the EMS. Before the arrival of EMS, Felipe Esquivel, a Cameron County Health Department jail medical staff nurse examined Longoria and determined that Longoria had no pulse and no respiration. Sgt. Mendietta informed Esquivel that Longoria had been placed in the single (padded) cell soon after arrival at the jail. Esquivel was informed that a monitoring log had not been maintained, and that the medical nursing staff had not been notified when Longoria was placed in the single cell.

## 6.   **CONTESTED ISSUES OF FACT**

a.    Plaintiffs' Contested Fact Issues:

        There is evidence that Cameron County employees or agents were deliberately indifferent to the medical needs or condition of Juan Longoria or acted with deliberate indifference towards him.

        There is evidence that Cameron County employees or agents engaged in conscience shocking behavior.

        The Plaintiffs' state law governmental/sovereign immunity claims regarding the state law tort are valid.

b.    Defendant's Contested Fact Issues:

No final policy maker for Cameron County, Texas adopted a policy with deliberate indifference to the risk of injury to a person in the place of Juan Longoria.

No final policy maker for Cameron County, Texas tolerated any custom or practice of insubordination with deliberate indifference to the risk of injury to a person in the place of Juan Longoria.

Juan Longoria's death was not the result of or caused by any policy or custom of Cameron County, Texas.

Cameron County, Texas employees were not deliberately indifferent to the medical needs or conditions of Juan Longoria, nor did they act with delivered indifference towards him.

No Cameron County, Texas employees were engaged in conscious shocking behavior.

There is no waiver of state law, governmental/sovereign immunity regarding the state law claims, as there is no evidence that Juan Longoria's death resulted from the use or condition of tangible property by employees of Cameron County, Texas.

Cameron County, Texas is not liable for punitive damages under either federal or state law.

## 7.    **AGREED PROPOSITIONS OF LAW**

None.

## 8.    **CONTESTED PROPOSITIONS OF LAW**

a.    Plaintiffs' Contested Propositions of Law:

1.    The Plaintiffs have asserted a claim under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 1997). The Defendant contend that the mere use of the jail cell does not raise to the level contemplated under the law as to tangible personal or real property that would make Cameron County, Texas liable were it a private person. TEX. CIV. PRAC. & REM. CODE ANN. section 101.021 (Vernon Supp. 1997). The Defendant cites *Dallas County Mental Health and Retardation v. Bossley*, 968 SW2d 339 (Texas. 1998), for the position that the use of the jail cell did no more than furnish the condition that made the injury possible. In *Bossley*,

the unlocked doors permitted an escape that led to a series of events resulting in the death of a patient. The Court stated that the unlocked doors were too removed from the incident that brought about the actual death of Roger Bossley. 968 SW2d at 343. In the present case there is testimony that the cell door had a small window that restricted the view of the detention officers from seeing the entire cell in which Juan Longoria was housed. It is the position of the Plaintiffs that the placing of Juan Longoria in the padded cell was a proximate cause of the death of Mr. Longoria because the restricted vision of the detention officers prevented the proper monitoring of Juan Longoria. Additionally, the Cameron County jail had an infirmary with beds for the inmates. The infirmary also had cell doors that were more open to view, and consequently, would allow better monitoring of inmates requiring medical attention.

2.      In *Texas Department of Public Safety v. Petta*, 44 S.W.3d 575 (Tex. 2001), the Texas Supreme Court states that "the Tort Claims Act waives sovereign immunity from suit for claims that an officer negligently implemented policy." *Petta*, 44 S.W.3d 575, 580.   The Plaintiffs' Third Amended Original Complaint at pages 30 through 35, sets out various failures by Cameron County as to handling of Juan Longoria, including the failure of the Cameron County Sheriff's Department to follow its health services plan.   Plaintiffs' Third Amended Original Complaint, 7.11 subpart i. The evidence clearly shows that the Cameron County detention officers on three shifts fail to follow policy.

3.   Article 16.21 of the Texas Code of Criminal Procedure provides that "every sheriff shall keep safely a person committed to his custody." The evidence presented before this Court shows that the Defendant failed to keep Juan Longoria safely in its custody.

4.    In 1975 the Texas Legislature created the Jail Standards Commission.  The Texas Commission on Jail Standards is required to establish rules and regulations governing, among other things, medical care in jails.  See 37 Tex. Admin. Code, section 273.1 (Texas Commission on Jail Standards, Health Services).   Under rule 273.1, the County "shall provide medical, mental, and dental services in accordance with the approved health services plan.  These services may include, but shall not be limited to, the services of a licensed physician, professional and allied health personnel, hospital, or similar services."    Under Rule 273.2 of the Jail Standards, the County is required to put into force a written plan, approved by the Commission on Jail Standards, for inmate medical, mental, and dental services. See 37 Tex. Admin. Code, Part 9, Chapter 273, Rule section 273.2 (Texas Commission on Jail Standards, Health Services).    Under Rule 273.3 of the Jail Standards, "all medical instructions of designated physicians shall be followed." See 37 Tex. Admin. Code, Part 9, Chapter 273, Rule section 273.3 (Texas Commission on Jail Standards, Health Services, Health Instructions).  Under Texas Local Government Code Annotated, section 351.001, the commissioners' court shall provide safe and suitable jails for the county.  Tex.Loc.Gov't Code Ann. section 351.001.  Under Texas Local Government Code Annotated, section 351.001, "each county jail must comply with the minimum standards and rules and procedures of the Commission on Jail Standards."   The evidence shows that the Defendant Cameron County, Texas failed to follow the doctors order to keep Juan Longoria under close observation.  The evidence shows that Juan Longoria was not booked per jail procedures.  The evidence shows that Juan Longoria was not classified per jail procedures.  The evidence shows  that Juan Longoria was not seen by a nurse per the jail procedures. The evidence shows that no activity log was maintained by the detention officers per the jail procedures.   The evidence shows that medical staff were not notified when Longoria was placed in a padded cell per jail procedures.   The evidence shows  that the classification process, the premedical assessment, the medical assessment, the maintaining of a log by detention officers, and the notification of the nursing staff when someone is placed in the padded cell,  is for the safety and well-being of an inmate.   The evidence shows that the failure to do any of these procedures could lead to serious consequences concerning the inmate in the way of injury and death.

b.    Defendant's Contested Propositions of Law:

a.    Governmental liability does not arise vicariously through the acts of employees. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiffs must show that a policy adopted by the governmental units final policy maker with deliberate indifference to the likelihood of a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578-80 (5th Cir. 2001), Cert. denied, 534 U.S. 820 (2002).

b.    Furthermore, there is no evidence that a constitutional violation was caused by a *custom* ratified with *deliberate indifference*. For competent proof, "considerable more proof than [a.] single instant will be necessary... to establish both the requite fault on the part of the municipality, and the causal connection between the policy and constitutional deprivation." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985)(emphasis added). The Plaintiffs must prove a "pattern of similar instances" that is "general or wide spread" that fairly represents the governmental unit's policy. *Cozzo*, 279 F.3d at 289; *Languirand v. Hayden*, 717 F.2d 220, 227-28 (5th Cir. 1983) Cert. denied, 467 U.S. 1215 (1984). It must be shown that systematic and widespread and pattern of numerous prior instances must have affirmatively caused the complained of constitutional injury. *Reimer v. Smith*, 667 F.2d 1316 (5th Cir. 1981). Liability under §1983 cannot be derived from a single incident, but only where it is shown that the injury alleged was actually caused by a custom, or practice evidenced by numerous similar instance showing a pattern of conduct. *Rodriguez v. Avitta*, 871 F.2d 552 (5th Cir. 1989), Cert. denied, 493 U.S. 854 (1989); See also *Languirand*, 717 F.2d at 220.

c.    There is no evidence that any policy or custom was adopted or ratified by a Cameron County policy maker. *Pirtrowski*, 737 F.3d at 578-79. A "policy maker" is the person for that governmental unit that has final policy making authority. *City of St. Louis v. Praprotnic*, 487 U.S. 112, 127 (1988). State law determines this issue. *Flores v. Cameron County*, 92 F.3rd 258, 263, (5th Cir. 1996). Typically, the Commissioner's Court is the final policy maker for a Texas county government. *Flores*, 92 F.3d at 264. Although, in some cases the Sheriff may be the final policy maker for the County. *Williams v. Kaufman County*, 352 F.3d 994, 1013-14 (5th Cir. 2003); *Colle v. Brazos County*, 981 F.2d 237, 245-46 (5th Cir. 2003); *Turner v. Upton County*, 915 F.2d 133, 136 (5th Cir. 1990).

d.     No Cameron County detention officer or employee knew of any risk of harm to Longoria if he did not receive medical attention or was deliberately indifferent to that risk.   While the Plaintiffs claim allegations under the Fourth, Eighth, and Fourteenth Amendments, their claims sound only the Fourteenth Amendment providing for due process.  Longoria was a pre-trial detainee, not a convict.  The Eighth amendment applies only to convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 523 (1973).  The constitutional rights of pre-trial detainees flow from procedural and substantive due process.  *Hare v. City of Korinth, MS*, 74 F.3d 633, 643 (5th Cir. 1996).  Plaintiffs must prove that the official acted with delivered indifference. *Id.* at 647-48.  Such is a subjective standard, more astringent than gross negligence. Id. at 648-50.  The jailer must have subjective knowledge of a substantial risk of serious medical harm but responded with conscious indifference to the risk. *Id.* at 650; *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000).

e.     Cameron County, Texas is entitled to judgment as to the excessive force claims.  The Plaintiffs now concede that Longoria was not subject to excessive force by beating nor was Longoria choked to death by employees or agents of Cameron County, Texas.

f.     The limited waiver of immunity set forth in the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. C. Annotated. Chap. 101 (Vernon's 1997) precludes Plaintiffs' state pending law claims.  The use of tangible property "does not cause injury if it does not more than furnish the condition that makes the injury possible".  *Dallas County Mental Health and Retardation v. Bossley*, 968 SW2d 339, 341 (Tex. 1998).    *Harris County v. Dillard*, 883, SW2d 196 (Tex. 1994). Furthermore, the "use" of tangible property does not mean the "non-use" of the same property. *Kerrville State Hospital*, 923 SW2d 582, 585 (Tex. 1996) [failure to provide medication not actionable]; *Kassen v. Hartley*, 887 SW2d 4, 14 (Tex. 1994) [failure to provide medication is non-use of property and not actionable]; Marroquin v. Life Management Center, 927 SW2d 228, (Civ. App.-El Paso, 1996, writ dismissed w.o.v.) [failure to use door locks was non-use and non-actionable].  The failure to train allegation does not support a waiver of immunity.  The use or failure to convey information is not a use of tangible property that waives immunity.  *University of Texas Medical Branch v. York*, 871 SW2d 175, 179 (Tex. 1994).

9.  **EXHIBITS**

a.    See attachment "A" for Plaintiffs.

b.    See attachment "B" for Defendant.

10.  **WITNESSES**

a.    See attachment "C" for Plaintiffs.

b.    See attachment "D" for Defendant.

11.  **MEDIATION**

Mediation was conducted on September 23, 2003, in McAllen, Texas.  Attorney/Trained Mediator, Israel Ramon, conducted the mediation.  The mediation was unsuccessful.  The parties do not believe additional mediation efforts will be productive.

12.  **TRIAL**

Is estimated that a full trial of all matter will require five (5) days of trial.

**13.** **ATTACHMENTS**

a.      Proposed Voir Dire Examination

     1.      Plaintiffs --- Will supplement prior to trial.

     2.      See attachment "F" for Defendant.

b.      Proposed Jury Charges

     1.      Plaintiffs -- Will supplement prior to trial.

     2.      See attachment "H" for Defendant.

DONE this the _____ day of _____, 2004 in Brownsville, Texas.

_____

**HONORABLE HILDA TAGLE**
***UNITED STATES DISTRICT JUDGE***
*SOUTHERN DISTRICT OF TEXAS*
  *BROWNSVILLE DIVISION*

***Approved:***

**LIN & VALDEZ, L.L.P.**
7520 Hillcroft
Houston, TX 77081
Phone (713) 271-0719
Fax  (713) 270-8134

By:_____
     **ALFRED R. VALDEZ**
**Date:**_____
*Attorney in charge for Plaintiffs,*
*Maria Longoria and Maria Idalia Gutierrez,*
*Individually and on behalf of the*
*Estate of Juan Longoria, Deceased*

**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
Harlingen, TX 78551-1429
     Phone (956) 428-7495
Fax (956) 428-2954

By:_____
     **CRAIG H. VITTITOE**
**Date:**_____
*Attorney in charge for Defendant,*
*Cameron County, Texas*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

MARIA LONGORIA, and MARIA
IDALIA GUTIERREZ, Individually and         }
on behalf of the Estate of                 }        CIVIL ACTION NO. B-01-062
JUAN LONGORIA, Deceased                    }
                                           }        **EXHIBIT LIST**
VS.                                        }
                                           }        Case Manager: Stella Cavazos
CAMERON COUNTY, TEXAS,                     }        Court Reporter: _____
THE CITY OF BROWNSVILLE,                   }
TEXAS, and JOHN DOES 1-10                  }        Proceeding: _____ Date: _____

List of the Plaintiffs

| No. | Description | Adm | Exd |
|-----|-------------|-----|-----|
| 1. | **Defendant Cameron County, Texas response to request for production concerning *Shift Activities Log* and *Medical Log (Observation Checklist for Crisis Management, Psychological Observation, Seclusion, Restraint or Medical).*** | | |
| 2. | **The Cameron County Sheriff's Department Operations Manual** | | |
| 3. | **The Health Services Plan for the Camaron County Sheriff's Department** | | |
| 4. | **The autopsy medical reports and photos that were a part of the report** | | |
| 5. | **The pictures of the jail cell** | | |
| 6. | **The Medical Release which states that Mr. Longoria may return to jail** | | |
| 7. | **The medical records of Juan Longoria during the time period that he was in custody at the City of Brownsville Jail and the Cameron County Jail.** | | |
| 8. | **The Commitment papers transferring Juan Longoria to the County Jail.** | | |

**EXHIBIT**

**"A"**

EXHIBIT

"B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | : : : : | |
| VS. | : : | CIVIL ACTION NO. B-01-062 **(JURY DEMANDED)** |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS XAVIER LEE HERNANDEZ, and JOHN DOES 1-10 | : : : : : | |

---

## DEFENDANT, CAMERON COUNTY TEXAS ' EXHIBIT LIST

---

| No. | Description | Admitted | Exd |
|---|---|---|---|
| | | | |
| 1. | Statement of Brownsville Police Officer Falcon Rivera, Jr. | | |
| 2. | Brownsville Police Department Memoranda dated April 30, 2001 addressed to Chief Ben Reyna | | |
| 3. | Statement of Brownsville Police Officer, Mark Cheremie | | |
| 4. | Tropical Texas Center for Mental and Mental Retardation Records | | |
| 5. | City of Brownsville EMS Records | | |
| 6. | Brownsville Medical Center E.R. Records | | |
| 7. | Medical Release | | |
| 8. | Commitment Order | | |
| 9. | Sylvia Rivas, LVN nursing notes | | |

| No. | Description | Admitted | Exd |
|-----|-------------|----------|-----|
|     |             |          |     |
| 10. | Statement of Francisco Lerma, Jr., Cameron County Detention Officer | | |
| 11. | Statement of Felipe Silva, Cameron County Detention Officer | | |
| 12. | Statement of Armando Tenorio, Cameron County Detention Officer | | |
| 13. | Statement of Xavier Lee Hernandez, Cameron County Detention Officer | | |
| 14. | Statement of Julian Garza, Cameron County Detention Officer | | |
| 15. | Statement of Manuel Cortinas, Jr., Cameron County Detention Officer | | |
| 16. | Statement of Jerry Sanchez, Cameron County Detention Officer | | |
| 17. | Statement of Jorge Ibarra, Cameron County Detention Officer | | |
| 18. | Statement of Sylvia N. Santillana, Cameron County Detention Officer | | |
| 19. | Statement of Hugo Galicia, Cameron County Detention Officer | | |
| 20. | Statement of Randy Dierlam, Cameron County Detention Officer | | |
| 21. | Statement of Luis Alberto Mendieta, Cameron County Detention Officer | | |
| 22. | Statement of Hector Galicia, Cameron County Detention Officer | | |
| 23. | Cameron County Jail Department Jail Division Operations Plan | | |
| 24. | The Health Services of Cameron County Jail Protocols | | |
| 25. | Felipe Esquivel Nurse Statement | | |
| 26. | Final Autopsy Report prepared by Larry Dahm, M.D. | | |

| No. | Description | Admitted | Exd |
|-----|-------------|----------|-----|
|     |             |          |     |
| 27. | Expert report prepared by Robert Bux, M.D. |  |  |
| 28. | Cameron County Sheriffs Department Criminal Case Report prepared by Investigator, Jose A. Zambrano with supporting documentation (items 1-45) |  |  |
| 29. | City of Brownsville prior arrest records pertaining to Juan Longoria |  |  |
| 30. | TCJS/TCLEOSE Educational Record - Joe Elizarde |  |  |
| 31. | TCJS/TCLEOSE Educational Record - Felipe Silva |  |  |
| 32. | TCJS/TCLEOSE Educational Record - Armando Tenorio |  |  |
| 33. | TCJS/TCLEOSE Educational Record - Luis A. Mendieta |  |  |
| 34. | TCJS/TCLEOSE Educational Records - other detention officers |  |  |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | } } } } | CIVIL ACTION NO. B-01-062 |
| VS. | } } } | **WITNESS LIST** Case Manager: Stella Cavazos |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS, and JOHN DOES 1-10 | } } } | Court Reporter: _____ Proceeding: _____ Date: _____ |

List of the Plaintiffs

_____

1.  **Sergio Longoria -- brother of Juan Longoria**

2.  **Maria Longoria -- Plaintiff**

3.  **Maria Idalia Gutierrez -- Plaintiff**

4.  **George Garcia**

5.  **Joe Elizarde**

6.  **Robert Lopez**

7.  **Sylvia Rivas**

8.  **Armando Guerrero**

9.  **Edward Cipollaro**

10.  **Felipe Silva, Jr.**

11.  **Jose Morales**

12.  **Armando Tenorio**

13.  **Xavier Lee Hernandez**

14.  **Michael Gene Baskin**

15.  **Luis Alberto Mendieta**

16.  **Jorge Ibarra**

17.  **Felipe Esquivel**

18.  **Jesus Eduardo Perez**

19.  **Lawrence J. Dahm, M.D.**

20.  **Alvin Cohn**

21.  **Harvey Resnick, M.D.**

**EXHIBIT**

"C"

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

|  |  |  |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | : : : : : | |
| VS. | : : | CIVIL ACTION NO. B-01-062 **(JURY DEMANDED)** |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS XAVIER LEE HERNANDEZ, and JOHN DOES 1-10 | : : : : | |

---

## DEFENDANT, CAMERON COUNTY TEXAS ' WITNESS LIST

---

|  | Name | Brief Statement of Nature of Testimony |
|---|---|---|
|  |  |  |
| 1. | Custodian of Records (TCLEOSE) 6330 U.S. Hwy. 29 East, Suite 200 Austin, Texas 78623 | TCLEOSE Training Records; Texas Commission on Law Enforcement Officers Standards and Education |
| 2. | Falcon Rivera Brownsville Police Dept. 600 East Jackson Brownsville, TX 78520 | Arresting Officer; Escorted Juan Longoria to BMC |
| 3. | Mark Cheramie Brownsville Police Dept. 600 East Jackson Brownsville, TX 78520 | Escorted Juan Longoria to BMC |

EXHIBIT
"D"

| | Name | Brief Statement of Nature of Testimony |
|---|---|---|
| | | |
| 4. | Custodian of Records<br>Brownsville Medical Center<br>1040 West Jefferson Street<br>Brownsville, TX 78520 | Emergency room records pertaining to Juan Longoria |
| 5. | Custodian of Records<br>Texas Tropical MHMR<br>P.O. Drawer 11108<br>Edinburg, Texas  78540 | Mental Health Evaluation of Juan Longoria |
| 6. | Sheriff Investigator:<br>     Jose Zambrano<br>Cameron Co. Sheriff's Dept.<br>954 East Harrison<br>Brownsville, TX 78520 | Present at autopsy; conducted investigation of death. |
| 7. | Rolando Castañeda<br>c/o Texas Department of<br>Public Safety<br>2901 Paredes Line Road<br>Brownsville, Texas 78521 | Texas Ranger who investigated. |
| 8. | Judge Kip Van Johnson<br>Hodge<br>Municipal Judge<br>600 East Jackson<br>Brownsville, Texas 78520 | Judge Hodge arraigned Juan Longoria. |
| 9. | Joe Elizardi<br>Cameron. Co. Sheriff's Dept.<br>954 East Harrison<br>Brownsville, Texas  78520 | Chief Jailer at the time of the Longoria incident; training of detention officers. |
| 10. | Larry Dahm, M.D.<br>P.O. Drawer 2588<br>Harlingen, TX 78551 | Final autopsy report. |
| 11. | Sylvia Rivas, LVN<br>Jail Infirmary<br>Carrizales-Rucker Jail<br>7100 Old Alice Road<br>Brownsville, TX 78520 | Jail nurse who treated Juan Longoria in the Cameron County jail. |

| | Name | Brief Statement of Nature of Testimony |
|---|---|---|
| 12. | Francisco Lerma, Jr.<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 7-3 shift at the Cameron County jail during Longoria incarceration. |
| 13. | Felipe Silva<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 7-3 shift at the Cameron County jail during Longoria incarceration. |
| 14. | Armando Tenorio<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 3-11 shift at the Cameron County jail during Longoria incarceration. |
| 15. | Xavier Lee Hernandez<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 3-11 shift at the Cameron County jail during Longoria incarceration. |
| 16. | Julian Garza<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 3-11 shift at the Cameron County jail during Longoria incarceration. |
| 17. | Manuel Cortinas<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 3-11 shift at the Cameron County jail during Longoria incarceration. |
| 18. | Jerry Sanchez<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 3-11 shift at the Cameron County jail during Longoria incarceration. |
| 19. | Alberto Mendieta<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 11-7 shift at the Cameron County jail during Longoria incarceration. |
| 20. | Hugo Galicia<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 11-7 shift at the Cameron County jail during Longoria incarceration. |
| 21. | Randy Dierlam<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 11-7 shift at the Cameron County jail during Longoria incarceration. |
| 22. | Jorge Ibarra<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 11-7 shift at the Cameron County jail during Longoria incarceration. |

| | Name | Brief Statement of Nature of Testimony |
|---|---|---|
| | | |
| 23. | Sylvia Ann Santillana<br>954 East Harrison<br>Brownsville, TX 78520 | Worked the 11-7 shift at the Cameron County jail during Longoria incarceration. |
| 24. | Honorable Gilberto Hinojosa,<br>County Judge<br>964 East Harrison Street<br>Brownsville, Texas  78520 | County Custom and Policy.  Training.  Hiring. Funding. |
| 25. | Omar Lucio<br>29349 Resaca Drive<br>San Benito, Texas 78586 | Former Cameron County Sheriff |
| | | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

MARIA LONGORIA, and MARIA IDALIA    :
GUTIERREZ, Individually and on behalf    :
of the Estate of JUAN LONGORIA,    :
Deceased    :
    :
VS.    :          CIVIL ACTION NO. B-01-062
    :          **(JURY DEMANDED)**
    :
CAMERON COUNTY, TEXAS, THE    :
CITY OF BROWNSVILLE, TEXAS    :
XAVIER LEE HERNANDEZ, and    :
JOHN DOES 1-10    :

---

# DEFENDANT, CAMERON COUNTY TEXAS'
# PROPOSED VOIR DIRE QUESTIONS

---

1.    Is there any member of the jury panel who knows the Plaintiffs:

    a.    Maria Longoria;
    b.    Maria Idalia Gutierrez;
    c.    Juan Longoria, deceased.

2.    Plaintiffs will call a number of witnesses in this case. I will read to you the names of those witnesses. If you know any of the them, please raise your hands. (Read the names.)

3.    Please describe the nature of your knowledge of these witnesses. Do you feel that because you know these people that you would tend to believe them, rather than someone else?

4.    Is there anything in your past dealings with Cameron County government that would cause you to have a leaning, one way or the other, as we begin this case involving the death of Juan Longoria? If so, please describe.

5.    Is there any member of the jury panel who knows or is related to anyone who works for or is employed by the Cameron County Sheriff's Department?

EXHIBIT

"F"

6.    Has any news or media coverage regarding Sheriff Cantu or the Cameron County Sheriff's office affected you such that you cannot be fair and impartial in this case?

7.    Are there any among you that have law enforcement job experience?

8.    Have any of you ever been incarcerated in a jail?

9.    Has anyone ever served as a juror or witness in a case?  If so:
    a.    What was the nature of the case?
    b.    Was the verdict for the Plaintiff or Defendant?
    d.    Is there anything about that case that would influence you in this case?

10.    Has anyone on the jury panel or a family member filed a personal injury or wrongful death case?

11.    Have you or a member of your family ever filed a lawsuit against a federal, state or local governmental agency?

12.    Is there any member of the jury panel who has been treated for alcohol abuse?

13.    Is there any among you who does not believe that alcohol abuse is a disease?

14.    How many of you have read or heard anything about the death of Juan Longoria in the Cameron County jail that occurred in April , 2001?

15.    Have any of you had any nursing or medical training?

16.    Have any of you or a member of your family been employed by Brownsville Medical Center?

17.    Have any of you or a member of your family been employed by Texas Tropical MHMR?

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

```
EXHIBIT
"H"
```

MARIA LONGORIA, and MARIA IDALIA      :
GUTIERREZ, Individually and on behalf  :
of the Estate of JUAN LONGORIA,        :
Deceased                               :
                                       :
                                       :
VS.                                    :        CIVIL ACTION NO. B-01-062
                                       :            **(JURY DEMANDED)**
                                       :
CAMERON COUNTY, TEXAS, THE             :
CITY OF BROWNSVILLE, TEXAS             :
XAVIER LEE HERNANDEZ, and              :
JOHN DOES 1-10                         :

---

### DEFENDANT'S PROPOSED COURT'S CHARGE TO THE JURY

---

MEMBER OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments in this case. Opening statements and closing arguments are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Your verdict must be unanimous and you must answer all questions from a preponderance of the evidence which means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence

in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget somethings or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an international falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witness may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence-such as testimony of an eyewitness.  The other is indirect or circumstantial evidence–the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field (he is called an expert witness) is permitted to state his opinions on those technical matters.  However, you are not required to accept that opinion.  As within any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from the evidence that he testifies regularly as an expert witness and his income form such testimony represents a significant portion of his income.

**[Fifth Circuit Pattern Jury Instructions, 3.1, 1999.]**

## FEDERAL CLAIMS

The plaintiffs claim that Cameron County, a unit of local government, is liable for the alleged constitutional deprivations. A County is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision. Therefore, if you find that plaintiffs were injured as the proximate or legal result of a Cameron County policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the County itself will be liable.

The County Sheriff is an official whose acts constitute final official policy of Cameron County. Therefore, if you find that the acts of the County Sheriff deprived the plaintiff of constitutional rights, the Cameron County is liable for such deprivations.

**[Fifth Circuit Pattern Jury Charges, § 10.3, 1999]**

For an injury to be a proximate or legal result of a Cameron County policy there must be a direct causal link between the County's policy, custom, ordinance, regulation, or decision, and the deprivation of the constitutional right. The policy, custom, ordinance, regulation, or decision must be the moving force behind the violation.

[*Monell v. Dep't of Social Service,* 436 U.S. 658, 695 (1978); *Piotrowski v. City of Houston,* 237 F.3d 567, 579-580 (5th Cir. 2001), *pet. for cert. filed.*]

Plaintiffs claim that Juan Longoria as a result of the County's failure to train its jailers on identifying detainees suffering from delirium tremens and in monitoring detainees who were placed in the padded cell in question.

To find that the any failure to train caused his death you must find:

A.     That the County's training program was inadequate to train its officers and employees to identify the medical needs of detainees or monitor them; and

B.     The need for more training or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the County policy maker can reasonably be said to have known of and been deliberately indifferent to the need for such training;

C.     Any policy not to train was so likely to result in the violation of constitutional rights, that the County's policy maker can reasonably be said to have been deliberately indifferent to the certainty that a constitutional violation would result; and

D.     The actions were a proximate cause of injury to Juan Longoria's death.

[ *Snyder v. Trepagnier,* 142 F.3d 791, 795-96 (5th Cir. 1998), *cert. dism'd,* 119 S. Ct. 1493 (1999). **Modified from Devitt, Blackmar, and Wolff, 3 FED. JURY PRAC. AND INSTRUCTIONS, § 103.11A (SUPP. 2000)]**

Plaintiffs alleged that their injuries resulted from a failure to have a policy [an express procedure] or to train concerning _____. The failure to adopt a policy or to train cannot qualify as a policy unless the failure amounts to an intentional choice and is not merely an unintentional oversight. *[City of Canton v. Harris,* **489 U.S. 378, 389 (1989);** *Doe v. Dallas I.S.D.,* **153 F.3d 211, 217 (5th Cir. 1998)]**

Deliberate indifference is a stringent test. Proof of simple or heightened negligence will not suffice. The official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and he must also draw that inference.

[*Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Piotrowski v. City of Houston,* 237 F.3d 567, 579-580 (5th Cir. 2001), *pet. for cert. filed.*]

Plaintiffs must prove deliberate indifference by showing either (1) the County policy maker consciously chose to not train officers after being on notice that its current regimen had failed to prevent misconduct and injuries; or (2) a single incident with proof of the possibility of recurring situations that presents an obvious potential for violations of constitutional rights and the need for training.

[*Conner v. Travis County,* 209 F.3d 794, 797 (5th Cir. 2000); *Gabriel v. City of Plano,* 202 F.3d 741, 745 (5th Cir. 2000), *en banc reh. denied,* 211 F.3d 127 (5th Cir. 2000). ]

For an injury to be a proximate or legal result of a County policy there must be a direct causal link between the County's policy, custom, ordinance, regulation, or decision, and the deprivation of the constitutional right. The policy, custom, ordinance, regulation, or decision must be the moving force behind the violation.

**[*Monell v. Dep't of Social Service*, 436 U.S. 658, 695 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 579-580 (5th Cir. 2001), *pet. for cert. filed.*]**

The Due Process Clause, 14th Amend. U.S. Constitution, confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual.  The Due Process Clause requires that jailors not act with deliberate indifference to the medical needs of prisoners and detainees.

Therefore, Plaintiffs must prove:

A.    The Cameron County jail employees had actual subjective awareness of a substantial risk of medical harm to Juan Longoria;

B.    Those employees with actual knowledge responded with deliberate indifference to that risk;

A.    The City officials' action must shock the conscience; and

B.    The actions must be a proximate cause of the plaintiff's injury or death.

**[*Hare v. City of Corinth, MS*, 74 F.3d 633 (5th Cir. 1996); *Cupit v. Jones*, 835 F2d 82, 84 (5th Cir. 1987) citing *Jones v. Diamond*, 636 F2d 1364, 1368 (5th Cir. 1981) (en banc), *overruled on other grds.*, 790 F2d 1174 (1986)]**

An official's act "shocks the conscience" if it is so egregious and outrageous that it shocks the contemporary conscience. Only the most egregious official abuse of powers can be said to be conscience shocking. It includes a deliberate decision to deprive a person of life or liberty. When time and circumstances permit actual deliberation to be possible, it includes deliberate indifference. It does not include negligent acts.

[*County of Sacramento v. Lewis*, 523 U.S. 833, 846-50 (1998).]

The actions must be the proximate cause of the deprivation of the life or liberty.

For the actions to be a "proximate cause," Plaintiffs must prove that:

a.      the deprivation of life or liberty must not be too remote a consequence of the County's actions;

b.      the deprivation of life liberty must be the foreseeable result of those actions; and,

c.      the deprivation of life or liberty would not have occurred but for the constitutional violation.

*Mt. Heathly City School Dist. V. Doyle*, 429 U.S. 274, 285-87 (1977); *Martinez v. California*, 444 U.S. 277, 285 (1980); *Hart v. O'Brien*, 127 F.3d 424, 446 (5th Cir. 1997), reh. denied, 154 F.3d 419 (5th Cir. 1998), cert. denied, 525 U.S. 1103 (1999); *Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 42-3 (1st Cir. 1997); *Gonzalez v. Ysletta I.S.D.*, 996 F.2d 745, 761 n. 12 (5th Cir. 1993), reh. denied, 20 F.3d 471 (5th Cir. 1994).

## STATE LAW CLAIMS

Plaintiffs claim that Cameron County was negligent.

Plaintiffs claim that negligent use of County property, the padded cell, by a County employee in the scope and course of his employment was the proximate cause of Juan Longoria's death.

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

**[Texas Pattern Jury Charges, PJC 2.1 (1998)]**

"Proximate cause" means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question and thereby becomes the immediate cause of such occurrence.

**[Texas Pattern Jury Charges, PJC 3.1 (1998)]**

## JURY INSTRUCTION

The use of tangible property does not cause injury if it does no more than furnish the condition that makes the injury possible.

*[Bossley, 968 SW2d at 341 citing Harris Co. v. Dillard, 883 SW2d 166 (Tex. 1994)].*

There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

**[Texas Pattern Jury Charges, PJC 3.2 (1998)]**

An employee is acting in the scope of his employment if he is acting in the furtherance of the business of his employer.

**[Texas Pattern Jury Charges, PJC 7.6 (1998)]**

## DAMAGES

If any plaintiff has proven his or her claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**[Fifth Circuit Pattern Jury Instruction 15.1, 1999.]**

If you find that the defendant is liable to any plaintiff, then you must determine an amount that is fair compensation for all of that plaintiff's damages. These damages are call compensatory damages. The purpose of compensatory damages is to make the plaintiff whole–that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.

If Plaintiffs Maria Longoria and Maria Gutierrez win, they are entitled to compensatory damages for loss of services and support, loss of companionship, mental anguish, medical expenses, and funeral expenses they have suffered because of the Defendant's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful custom, policy, or practice, if any. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permits.

You must use sound discretion in fixing an award of damages if you award damages drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

**[Fifth Circuit Pattern Jury Instruction, 15.2, 1999.]**

A.    Damages Accrued

If you find for a plaintiff, he or she is entitled to recover an amount that will fairly compensate him or her for any damages he or she has suffered to date.

B.    Calculation of Future Damages

If you find that a plaintiff is reasonably certain to suffer damages in the future from his or her injuries, then you should award him or her the amount you believe would fairly compensate him or her for such future damages.

C.    Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.    You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2.    If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with the loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

**[Fifth Circuit Pattern Jury Instruction, § 15.3, 1999.]**

WRONGFUL DEATH AND SURVIVOR DAMAGES FOR

PLAINTIFFS MARIA LONGORIA AND MARIA GUTIERREZ

You may award Maria Longoria and Maria Gutierrez damages they may have sustained for lost support and services, medical and funeral costs, loss of companionship, and mental anguish as follows:

1.    <u>Lost Support and Services</u>

The loss of Juan Longoria's support and services that the Plaintiffs, Maria Longoria and Maria Gutierrez have sustained because of Juan Longoria's death. You must determine the duration of any future loss by considering the joint life expectancy of Juan Longoria and the Plaintiffs, Maria Longoria and Maria Gutierrez. Joint life expectancy means the number of years that both Juan Longoria and Plaintiffs, Maria Longoria and Maria Gutierrez could have been expected to be alive together, considering the ages and life expectancy of each at the time of Juan Longoria's death.

In evaluating past and future loss of support and services, you must consider the Plaintiffs, Maria Longoria and Maria Gutierrez's relationship to Juan longoria, the amount of Juan longoria' probable net income available for distribution to the Plaintiffs Maria longoria and maria Gutierrez and the replacement value of Juan longoria' services to the Plaintiffs, Maria longoria and maria Gutierrez. "Support" includes contributions in kind as well as sums of money. "Services" means tasks that Juan longoria regularly performed that now will be a necessary expense to the Plaintiffs, Maria longoria and maria Gutierrez because of Juan longoria' death.

2.    <u>Medical and Funeral Expenses</u>

Medical and/or funeral expenses due to Juan Longoria' injury or death paid by the Plaintiffs, Maria Longoria and Maria Gutierrez.

3.    <u>Surviving Parent and Child</u>

The Plaintiffs Maria Longoria and Maria Gutierrez' mental anguish resulting from the death of their child. In determining the duration of this mental pain and suffering, you must consider the life expectancies of the Plaintiffs Maria longoria and Maria Gutierrez.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Use one of the jury note forms to advise the CSO that you have reached a verdict. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the CSO, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

You may no retire to the jury room to conduct your deliberations.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA LONGORIA, and MARIA IDALIA GUTIERREZ, Individually and on behalf of the Estate of JUAN LONGORIA, Deceased | : : : : : | |
| VS. | : : | CIVIL ACTION NO. B-01-062 **(JURY DEMANDED)** |
| CAMERON COUNTY, TEXAS, THE CITY OF BROWNSVILLE, TEXAS XAVIER LEE HERNANDEZ, and JOHN DOES 1-10 | : : : : | |

---

### DEFENDANT'S REQUESTED SPECIAL INTERROGATORIES

---

MEMBER OF THE JURY:

### QUESTION NO. 1

Do you find from the preponderance of the evidence that, as a result of a Cameron County had a policy to not train its detention officers, a County detention officer was deliberately indifferent to a substantial medical risk of harm to Juan Longoria which was the proximate cause of Juan Longoria's death?

Answer "Yes" or "No": _____

## QUESTION NO. 2

Did the negligence, if any, of those named below proximately cause the death in question?

     With respect to Cameron County, it is negligent only if a County employee in the scope of his employment negligently used the padded cell so as to proximately cause the death.

Answer "Yes" or "No" for each of the following:

    A.    Juan Longoria    _____

    B.    Cameron County    _____

    C.    The City of Brownsville    _____

If you have answered Question No. 1 or 2 "yes" as to Cameron County, then answer Question No. 4; otherwise, do not answer Question No. 3.

QUESTION NO. 3

What percentage of the wrongful actions that caused Juan Longoria's death do find attributable to each of the following persons listed below and found by you in answer to Questions 1 or 2 to have been at fault?

| | | | |
|---|---|---|---|
| A. | Juan Longoria | _____ | % |
| B. | Cameron County | _____ | % |
| C. | City of Brownsville | _____ | % |
| | Total | 100 % | |

If you have answered Question No. 1 or 2 "yes" as to Cameron County, then answer Question No. 4; otherwise, do not answer Question No. 4.

QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Maria Longoria and Maria Gutierrez for their injuries, if any, resulting from the death of Juan Longoria?

Consider the following elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element.

Answer separately, in dollars and cents, for damages, if any.

    A.    Medical and funeral expenses paid or incurred by Maria Longoria.

    Answer: _____

    B.    Maria Longoria' loss of support and services.

    Answer: _____

    C.    Maria Longoria' loss of companionship.

    Answer: _____

    D.    Maria Longoria' mental anguish in the past.

    Answer: _____

    E.    Mental anguish that, in reasonable probability, Maria Longoria will suffer in the future.

    Answer: _____

    F.    Maria Gutierrez' loss of support and services.

    Answer: _____

    G.    Maria Gutierrez' loss of companionship.

    Answer: _____

Respectfully submitted,


By:_____

**CRAIG H. VITTITOE**
Federal Bar I.D. No. 18756
State Bar No. 20593900
**ROGER W. HUGHES**
Federal Bar I.D. No. 5950
State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
222 East Van Buren, West Tower
Harlingen, Texas 78551-1429
956-428-7495
956-428-2954 (Fax)


ATTORNEYS   FOR   DEFENDANT,
CAMERON COUNTY, TEXAS

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorneys of record, on this the ___ day of June, 2004:

Mr. Alfred R. Valdez                          *CM/RRR # 7002 2410 0001 9643 4324*
**LIN & VALDEZ, L.L.P.**
6300 Hillcroft, Suite 200
Houston, TX 77081

Mr. Ricardo J. Navarro                        *Via Hand Delivery*
Mr. Rene Gonzalez
**DENTON, NAVARRO, ROCHA & BERNAL P.C.**
222 East Van Buren, Suite 405
Harlingen, TX 78550

_____
Craig H. Vittitoe